

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 22, 2005

Michele Roberts
Akin Gump
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Stan Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C.  200004

<u>Discovery Letter #2 - Response to Request for Bill of Particulars</u>

Counsels:

      This letter addresses the letter of Mr. Weingarten dated November 1, 2005 captioned "Defendants' First Request for Particulars Regarding Allegations in the Indictment."

      It is the Government's position that it is not required to provide <u>any</u> additional "particulars." "The purpose of a bill of particulars is to 'ensure that the charges brought against a defendant are stated with enough precision' to permit the defendant to comprehend the offense, prepare his defense, and, if necessary, raise the claim of double jeopardy should the government attempt a retrial on the same charges. ... If, however, the indictment adequately details the

charges, or the information requested is otherwise available, then no bill of particulars is required." United States v. Ezquivel, 755 F. Supp. 434, 436 (D.D.C. 1990) (citing United States v. Butler, 822 F.2d 1191, 1193 (D.C.Cir.1987). The detailed Indictment in this case is more than sufficient to provide notice to the defendants of exactly the charges in this case. The Indictment provides double jeopardy protection in the event of convictions and provides ample information to permit the defendants to plan their respective defenses.

Nonetheless, though not required to, Government is willing to provide additional specific information. Furthermore, the Government is willing to pursue a dialogue and allow you the opportunity to press a claim for some additional specific information if it is not set forth in this letter. Even though this information is set forth below in response to your specific requests, we do not represent that these responses are inclusive of all "particulars" which may be responsive to your requests, or that other acts or events may emerge at trial which constitute parts of the offenses and schemes charged in the Indictment.

    A.    Identities of Unnamed Co-Conspirators or Participants

        1.    Count One. The evidence is likely to demonstrate that John Brownell (Brownell) and Paul Millstein (Millstein) were partners in crime with the three defendants, that all five men were agents for each other and Douglas Development, and that, for example, conduct by Millstein related to 4800 Addison Road was in furtherance of the conspiracy.

            The Government will not attempt to meet the "overt act" requirement on Count One by proof of an overt act committed by either Brownell or Millstein.

        2.    Count Five. Millstein was Participant #1; Brownell was Participant #2. The Indictment specifies several acts committed by the two men.

    B.    Specification of Additional Items of Value Allegedly Provided to Lorusso

        1.    In addition to the listed items, the defendants, through Douglas Development, hired Tatyana Agapova. They knew or would have believed that Michael Lorusso (Lorusso) had a romantic interest in Ms. Agapova and that hiring her was of value to Lorusso.

        2.    When Blake Esherick engaged in negotiations with Michael Lorusso and International Builders, Inc., regarding the build-out of the New Economy Act space, the men originally contemplated inflating the contract by $50,000 to provide a source of cash for Esherick and Lorusso. This never occurred in the final contract.

C.  Specification of "Official Acts" Allegedly Performed by Lorusso

We decline to specify "every act" or "every official act" by Lorusso in his role as a city official which benefitted the defendants. However, we are willing to identify the following acts performed by Lorusso of benefit to the defendants in addition to those alleged in the Indictment:

- signing documents to initiate rent payments;

- dealing with lenders for 77 P Street and signing tenant estoppels to facilitate the Morgan Stanley $67 million loan;

- preparing letters/document at Douglas Develoment's request related to such matters as loan applications and the Addison Road zoning dispute in Prince George's County.

D.  Specification of Overt Acts.

We decline to specify every overt act.

E.  Other requests.

1.  The precise amounts of cash provided to Lorusso are unknown. The United States expects the evidence to show that the cash in the summer of 2001 was in the range of $10,000, and that the cash toward the end of September or early October 2001 was of a lesser amount.

2.  The United States cannot now provide information as to the specific dates that Lorusso obtained limousine services. If the United States acquires such information, it will provide it to the defense.

3.  The dates regarding the tickets to events at the MCI Center are set forth in the Indictment. The Government cannot make representations as to the precise dates that the offers of entertainment were extended.

4.  The defendants, through Esherick, agreed to purchase more than $600,000 of furniture from Global Furniture Resources, Inc. Douglas Develoment Corporation (DDC) paid more than $300,000 toward this furniture purchase in 2003.

5.  All conduct whereby the defendants attempted to enrich themselves and Douglas Development through its lease of 77 P Street and Addison Road is in furtherance of the conspiracy, to include all claims for payment from

the District of Columbia related to 77 P Street and Addison Road, including, for example, the submission of utility bills for Addison Road in 2002, correspondence changing the dates of the rent increases for the various city leases at 77 P Street, correspondence seeking lump-sum payment because of remeasuring 77 P Street.

6. See answer to paragraph 4. The reference to International Builders, Inc., a company owned by Fernando Villegas, in the Indictment was a typographical error, and should have referred to Global Furniture Resources, Inc., also owned by Villegas.

7. The Government agrees to provide a list of checks payable to Esherick's ex-wife (though nearly all of these checks have already been copied and provided).

8. The Government will provide a list of checks payable to Esherick personally (though nearly all of these checks have already been copied and provided).

9. The Government cannot provide the date of the offer of a custom suit. If the United States acquires such information, it will provide it to the defense.

Please contact me if you have additional specific requests.

Sincerely,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *signature*

Mark H. Dubester
Assistant United States Attorney


the District of Columbia related to 77 P Street and Addison Road, including, for example, the submission of utility bills for Addison Road in 2002, correspondence changing the dates of the rent increases for the various city leases at 77 P Street, correspondence seeking lump-sum payment because of remeasuring 77 P Street.

6. See answer to paragraph 4. The reference to International Builders, Inc., a company owned by Fernando Villegas, in the Indictment was a typographical error, and should have referred to Global Furniture Resources, Inc., also owned by Villegas.

7. The Government agrees to provide a list of checks payable to Esherick's ex-wife (though nearly all of these checks have already been copied and provided).

8. The Government will provide a list of checks payable to Esherick personally (though nearly all of these checks have already been copied and provided).

9. The Government cannot provide the date of the offer of a custom suit. If the United States acquires such information, it will provide it to the defense.

Please contact me if you have additional specific requests.

Sincerely,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *[signature]*

Mark H. Dubester
Assistant United States Attorney