UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Crim. No. 05-359-01,-02, -03 (RMU) |
| : | |
| DOUGLAS JEMAL, et al   : | |

GOVERNMENT'S MOTION FOR
APPROVAL TO ISSUE RULE 17(c) SUBPOENAS

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully requests this Court approve the issuance of the below-described subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. In support of this request, the government submits:

I.  RECORDS NEEDED FOR TRIAL

Defendant Blake C. Esherick is charged with tax evasion for calendar years 2001 through 2003. The tax evasion counts charge, in part, that he received substantial compensation, in cash and in kind, from Douglas Jemal, though Douglas Development Corporation (DDC), in ways that neither he nor DDC reported to the Internal Revenue Service. The Indictment alleges that in some instances, what was in fact income was recorded in the books of DDC as loans.

The Government seeks to issue 3 subpoenas under Rule17(c) as follows:

1)      Specific transaction items from defendant Esherick's personal checking account at BB&T Bank. During the Grand Jury investigation, the Government obtained transaction items for Blake Esherick from his personal bank account at BBT. Upon review, it appears that several items were not provided, particularly a few checks less than $250 for the first months of 2002. For purposes of trial, the Government needs the remaining items to provide a complete view of his

financial circumstances in the years at issue. As examples, the records will reveal he paid no utilities expenses in connection with his residing in a house provided by Douglas and Norman Jemal and corroborate the fact that these were paid for by Douglas Development.

2) <u>Esherick's academic transcript from James Madison University</u>. Esherick graduated with an accounting degree, and for years performed accounting work in the real estate industry. His accounting background is relevant to the tax charges in that it tends to establish his financial sophistication and tends to negate a defense of ignorance.

3) <u>Records from Esherick's Bank of America credit card account</u>. In or about 2004, defendant Esherick opened a "US Airways VISA Platinum" credit card account with Bank of America. A few credit card statements were recovered in the search of his house, and a few copies of checks were recovered reflecting payments on that account. These records, though incomplete, reflect charges and payments to the credit card company in support of a life-style inconsistent with his purported salary of $70,000. In fact, this life-style (including the credit card obligations) was funded in 2004, as it was in 2003, 2002 and 2001, by payments in cash and in kind by Douglas Jemal (through DDC). Although calendar year 2004 is not a charged year of evasion, the events of 2004 reflect the perpetuation of the tax evasion scheme (and are evidence of it) and are thus relevant to the proof in this case. Moreover, the account application is likely to contain representations of Esherick as to what he understood his actual income to be at a time when he was purportedly earning $70,000 per year.

## II. RULE 17(c) AUTHORIZES THE ISSUANCE OF TRIAL SUBPOENAS TO OBTAIN THESE RECORDS IN ADVANCE OF TRIAL

Rule 17(c) of the Federal Rules of Criminal Procedure provides that a subpoena may issue to direct a person to produce books, papers, documents or other objects at trial. The rule also allows the court discretion to "direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence . . ." Fed. R. Crim. Proc. 17(c). In making a request under Rule 17(c), the moving party is entitled to request information via subpoena as long as it is an evidentiary request. Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (request for information under Rule 17(c) must be a "good-faith effort to obtain evidence"); see also United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992), cert. denied, 113 S.Ct. 597 (1992). As set forth in United States v. Nixon, 418 U.S. 683, 699-700 (1974), to obtain pre-trial inspection of books, papers and documents under Rule 17(c), the government must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

In short, the government "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

The standard articulated in Bowman Dairy, supra, and Nixon, supra, that evidence requested pre-trial under Rule 17(c) must be evidentiary, relevant, admissible, and requested with specificity, has been followed by this Circuit. See United States v. Haldeman, 559 F.2d 31, 75 (D.C. Cir. 1976), cert. denied, 431 U.S. 933 (1977); United States v. Brooks, 966 F.2d 1500, 1505 (D.C. Cir. 1992).

See, also, Fryer v. United States, 207 F.2d 134, 136 (D.C. Cir. 1953), cert. denied, 346 U.S. 885 (1953); Monroe v. United States, 234 F.2d 49, 55 (D.C. Cir. 1956), cert. denied, 352 U.S. 873 (1956). The Nixon/Bowman standards are easily met in this case: the items are relevant, admissible and the request, by its terms, the subpoenas are highly specific and by no means constitutes the forbidden "fishing expedition."

Pursuant to Rule 17(c), the United States will permit the defense to inspect the subpoenaed items when obtained.

WHEREFORE, we request the Court sign the accompanying Order approving the issuance of the proposed subpoenas.[1]

        KENNETH L. WAINSTEIN
        DC Bar No. 451058
        UNITED STATES ATTORNEY

By:   _____
      MARK H. DUBESTER
      ASSISTANT UNITED STATES ATTORNEY
      DC Bar No. 339655
      555 Fourth Street, N.W., Room 5917
      Washington, D.C. 20530
      Ph. (202) 514-7986

---

[1] The subpoenas would include substantial identifying information about Esherick and his various accounts and are not attached.

CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.
Counsel for Douglas Jemal
Akin Gump
1333 New Hampshire Avenue, NW
Washington, DC 20036

Paul Kemp, Esq.
Carol Elder Bruce
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD  20850

Reid Weingarten, Esq.
Brian M. Heberlig
Counsel for Douglas Jemal
Steptoe and Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Stan Brand, Esq.
Counsel for Norman D. Jemal
923 15th Street, NW
Washington, DC  20005

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, DC  20036

this 22nd day of December, 2005.

_____
Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986