UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNTS ONE
AND TWO OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE

I.   INTRODUCTION

The Court should dismiss Counts One and Two of the Indictment, alleging conspiracy to commit bribery and bribery, because the allegation that Defendants provided things of value to secure the services of a public official on an "as needed basis," to perform unidentified official acts in the future, fails to satisfy the specific *quid pro quo* requirement of the bribery statute, 18 U.S.C. § 201(b)(1).  The government's claim that bribery may be committed through a "course of conduct" with no proof of a nexus between the payments provided to a public official and specific official action is without merit.  The Fourth Circuit authority upon which the government exclusively relies for this theory is fundamentally inconsistent with United States v. Sun-Diamond Growers, 526 U.S. 398 (1999), and controlling D.C. Circuit authority.  The Court should dismiss Counts One and Two of the Indictment for failure to allege the specific *quid pro quo* required to state a bribery offense.

## II.   DISCUSSION

### A.   *Sun-Diamond*'s Requirement Of A Nexus Between The "Thing Of Value" And A Specific "Official Act" Applies With Even Greater Force In The Bribery Context

The government acknowledges that in a prosecution for a violation of the illegal gratuity statute, 18 U.S.C. § 201(c)(1)(A), the government "must prove a link between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given."  Government's Opposition To Defendants' Motion To Dismiss Counts One And Two For Failure To State An Offense at 10 ("Bribery Opp'n") (quoting Sun-Diamond, 526 U.S. at 414).  Nonetheless, the government maintains that in a bribery prosecution:  (1) the government "'need not show that the defendant intended for his payments to be tied to specific official acts,'" (2) "'each payment need not be correlated with a specific official act,'" and (3) "precise linkage is not required."  Bribery Opp'n at 8, 14 (quoting United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998)).  To support this conclusion, the government essentially contends that the holding in Sun-Diamond is irrelevant to a prosecution under the bribery statute.  See Bribery Opp'n at 16 n.15 (claiming that a juxtaposition of Sun-Diamond with the Fourth Circuit's bribery precedent "has no real value").  The government's position that the illegal gratuity statute requires a greater nexus between the "thing of value" and the "official act" than the bribery statute is meritless.

The bribery and illegal gratuity prohibitions are part of the same statutory section, 18 U.S.C. § 201.  The bribery section prohibits an individual from corruptly giving, offering or promising something of value to a public official with intent "to influence any official act."  18 U.S.C. § 201(b)(1)(A).  The illegal gratuity section prohibits an individual from giving, offering or promising something of value to a public official "for or because of any official act performed

or to be performed by such public official . . . ." 18 U.S.C. § 201(c)(1)(A). Both sections thus require a connection between the payment and "any official act." However, the bribery section has a higher intent standard and harsher penalties than the illegal gratuity section, as the Supreme Court made clear in Sun-Diamond:

> The distinguishing feature of each crime is its intent element. Bribery requires intent "to influence" an official act or "to be influenced" in an official act, while illegal gratuity requires only that the gratuity be given or accepted "for or because of" an official act. In other words, for bribery there must be a *quid pro quo* -- a specific intent to give or receive something of value *in exchange* for an official act. An illegal gratuity, on the other hand, may constitute merely a reward for some future act . . ., or for a past act that he has already taken. The punishments prescribed for the two offenses reflect their relative seriousness: Bribery may be punished by up to 15 years' imprisonment . . . . Violation of the illegal gratuity statute, on the other hand, may be punished by up to two years' imprisonment . . . .

526 U.S. at 404-05.

The government contends that in Sun-Diamond, the "only issue before the Court was the connection that had to be alleged and proved in a gratuities prosecution between the thing of value given to the government official and any official act performed or to be performed." Bribery Opp'n at 9. The government also contends that the Court's holding in Sun-Diamond "focused exclusively on the intent required to support a gratuities conviction." Id. at 10. The government fails to acknowledge that the intent required to support a bribery conviction is indisputably *greater* than the intent required to support an illegal gratuity conviction. Sun-Diamond, 526 U.S. at 404-05. Necessarily, therefore, the connection that must be alleged and proved in a bribery prosecution between the thing of value and the official act is also *greater*

than the connection that must be alleged and proved in an illegal gratuity prosecution.[1] It follows that the various hypothetical scenarios that the Supreme Court rejected as insufficient to satisfy the illegal gratuity prohibition also cannot violate the bribery statute.

Specifically, the bribery section, just like the illegal gratuity section, does not apply to:

- a payment to a public official "to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future,"

- "'any effort to buy favor or generalized goodwill from an official who either has been, is, or may at some unknown, unspecified later time, be *in a position to act* favorably to the giver's interests,'" or

- a gratuity that was "'motivated, at least in part, by the recipient's *capacity to exercise governmental power or influence* in the donor's favor' without necessarily . . . [being] connected to a particular official act."

Id. at 405-06.

Significantly, the Supreme Court also strongly suggested that an indictment must identify the specific official act for or because of which the thing of value was given and is insufficient if it merely relies upon a series of potential official matters before the public official. In Sun-Diamond, the district court rejected defendant's motion to dismiss the indictment for failure to allege a nexus between the thing of value and a specific official act, stating: "[i]t is sufficient for the indictment to allege that Sun-Diamond provided things of value to Secretary Espy because of his position." United States v. Sun-Diamond Growers, 941 F. Supp. 1262, 1265

---

[1] At a minimum, even if the "nexus" issue is viewed as an element separate from the intent standard, the identical "any official act" language in the two statutory sections demonstrates that the requisite nexus between the payment and the official act cannot be any lower in a bribery prosecution than in an illegal gratuity prosecution.

(D.D.C. 1996).  On appeal, the D.C. Circuit reversed the conviction based on improper jury instructions but rejected the defendant's challenge to the indictment, stating:  "[t]hat an official has an abundance of relevant matters on his plate should not insulate him or his benefactors from the gratuity statute -- as long as the jury is required to find the requisite intent to reward past favorable acts or to make future ones more likely."  United States v. Sun-Diamond Growers, 138 F.3d 961, 969 (D.C. Cir. 1998).

The Supreme Court characterized the D.C. Circuit's ruling regarding the sufficiency of the indictment as follows:  "the court stated that the Government need not show that a gratuity was given 'for or because of' any particular act or acts."  Sun-Diamond, 526 U.S. at 403 (citing Sun-Diamond, 138 F.3d at 969).  Of course, the Supreme Court reached a different conclusion and held that to establish an illegal gratuity violation, "the Government must prove a link between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given."  Id. at 414.  The Court also stated:  "Our decision today casts doubt upon the lower courts' resolution of respondent's challenge to the sufficiency of the indictment on Count One -- an issue on which certiorari was neither sought nor granted."  Id.  In other words, the Supreme Court strongly suggested that an indictment charging a violation of the illegal gratuity statute must allege a direct nexus between the thing of value provided to the public official and specific official action.  Again, given its higher intent standard and penalties, it follows that an indictment charging a violation of the bribery statute must also allege a nexus between the thing of value and specific official action that is at least as great or greater than the requisite nexus in an illegal gratuity indictment.

Measured against these standards, the Indictment fails to allege a bribery offense.  The payments described in the conspiracy and bribery charges in the Indictment are

indistinguishable from the types of gifts deemed insufficient to satisfy even the lesser requirements of the illegal gratuity statute by the Supreme Court in Sun-Diamond. Specifically, the Indictment alleges that the Defendants provided things of value to Lorusso to obtain his services "on an 'as needed' basis, so that when the opportunity presented itself," Lorusso would take official action on Defendants' behalf. Indictment at 6 (¶ 16). The government does not dispute that this allegation makes clear that the specific opportunity or official act *had not* presented itself at the time of any particular alleged gift. Nor does the government dispute that the Indictment does not allege, and the government does not intend to prove, that any particular thing of value given to Lorusso was linked to any specific official act or acts. The government apparently intends to prove that Defendants provided multiple items of value to Lorusso and that Lorusso had a variety of relevant matters on his plate that Defendants could have intended to influence. This is precisely the interpretation of the illegal gratuity statute that the Supreme Court rejected in Sun-Diamond. See Sun-Diamond, 526 U.S. at 403-04, 414 (rejecting the D.C. Circuit's "abundance of relevant matters on his plate" theory of liability). Just like in the illegal gratuity context, in a bribery case, the government must allege and prove a nexus between the bribe payment at issue and a specific official act or acts.[2]

---

[2] The government overstates the import of United States v. Alfisi, 308 F.3d 144 (2d Cir. 2002), when it contends that the Second Circuit "rejected any notion that Sun-Diamond impacted settled bribery law." Bribery Opp'n at 14. The court in Alfisi considered whether the "corrupt" intent requirement of the bribery statute required the government to prove that the defendant intended to "procure a violation of the public official's duty." 308 F.3d at 150. On that point, the Second Circuit correctly noted that the Supreme Court did not directly interpret the meaning of "corruptly" in Sun-Diamond. Id. at 151 n.4. However, the Alfisi court did not consider the degree of nexus required under the bribery statute between the thing of value and the corresponding official act. Nonetheless, the Second Circuit made clear that "bribery involves the giving of value to procure a specific official action from a public official." Id. at 149 (emphasis added).

> **B.      The Fourth Circuit Is The Only Jurisdiction That Has Endorsed The Government's "Course of Conduct" Bribery Theory In Authority That Cannot Be Reconciled With *Sun-Diamond* And D.C. Circuit Precedent**

The government incorrectly suggests that numerous federal courts in a variety of contexts have accepted the government's "course of conduct" bribery theory -- in which a defendant provides a series of things of value to a public official and the official performs a series of official acts that benefit the defendant but there is no linkage between specific payments and specific official acts.  See Bribery Opp'n at 2-7.  As set forth below, the cases cited by the government for this broad proposition are unpersuasive because they involved (1) readily distinguishable statutes with no official act requirements, (2) plea agreements in which the sufficiency of the indictment or the government's theory of prosecution was not at issue, or (3) factual scenarios bearing no resemblance to this case.  In reality, the only authority supporting the government's "course of conduct" theory is the Fourth Circuit's decision in Jennings, 160 F.3d at 1014, which the same court reaffirmed in United States v. Quinn, 359 F.3d 666, 673-74 (4th Cir. 2004).  As set forth in Defendants' opening memorandum of law and below, the Court should reject the Fourth Circuit authority cited by the government as fundamentally inconsistent with Sun-Diamond and controlling D.C. Circuit precedent.  See Memorandum Of Law In Support Of Defendants' Motion To Dismiss Counts One And Two Of The Indictment For Failure To State An Offense at 7-10 ("Defs.' Mem.").

At the outset, the government mischaracterizes Defendants' legal position throughout its memorandum.  The government contends that "defendants' interpretation of the law contemplates a rigid 'one payment for one act' rule." Bribery Opp'n at 1; see also id. at 15 (claiming that the Defendants seek to "establish a sweeping 'one and only one bribe for one and only one act' rule").  Defendants made no such claim in their opening memorandum and acknowledge that the *quid pro quo* element of a bribery prosecution can be established by a

- 7 -

showing that: (a) an item of value is given to a public official in exchange for several specific official acts, see United States v. Edwards, 324 F. Supp. 2d 10, 11 (D.D.C. 2004); or (b) several things of value are given to a public official in return for one specific official act, see United States v. Pankhurst, 118 F.3d 345, 347-48 (5th Cir. 1997). Under the appropriate factual circumstances, it is even possible for a single bribery charge to encompass multiple payments to a public official in return for multiple specific official acts. For instance, an individual could conceivably be charged with a single count of bribery if he agreed to provide a public official with several installment payments in return for specific, identifiable official acts to be performed in the future, such as renewing a government contract on an annual basis. See, e.g., United States v. Carman, 577 F.2d 556, 559 (9th Cir. 1978) (official agreed to provide favorable treatment with respect to financial aid applications to be submitted by defendants on a regular basis, in return for $1,000 per month). In sum, Defendants do not contend that bribery contemplates only a "one for one" scenario. Rather, Defendants contend simply that in a bribery prosecution, just as in an illegal gratuity prosecution, the government must allege and prove a direct nexus between the item or items of value provided to the public official and the specific official act or acts performed in exchange. See Sun-Diamond, 526 U.S. at 414; United States v. Schaffer, 183 F.3d 833, 841 (D.C. Cir. 1999), vacated as moot by Presidential pardon, 240 F.3d 35 (D.C. Cir. 2001).

        The government's effort to establish that the "course of conduct" bribery theory has been widely accepted by the federal courts is wholly unpersuasive. The government's reliance upon United States v. Campbell, 684 F.2d 141 (D.C. Cir. 1982), is misplaced. See Bribery Opp'n at 2-3. Although the defendant in that case was *charged* with bribery, the defendant was *acquitted* on that charge and the appeal related to the intent required to establish

an illegal gratuity violation. Campbell, 684 F.2d at 145. Moreover, to the extent Campbell stood for the proposition that an illegal gratuity charge involving multiple items of value and multiple official acts did not require the government to link any payment to a specific official act, Campbell was effectively overruled by the Supreme Court in Sun-Diamond. Indeed, the D.C. Circuit in Sun-Diamond explicitly relied on Campbell for the proposition that the government need not prove that a gratuity was given for or because of a particular act or acts, but rather need merely establish that "an official has an abundance of relevant matters on his plate." Sun-Diamond, 138 F.3d at 969 (citing Campbell, 684 F.2d at 149-50). By squarely rejecting this interpretation, the Supreme Court made clear that Campbell is no longer good law in the illegal gratuity context, let alone in the bribery context to which the government seeks to apply it here. Sun-Diamond, 526 U.S. at 1406, 1411.[3]

       The remaining out-of-circuit cases cited by the government do not support its claim that the bribery statute prohibits "a course of conduct scheme encompassing a series of payments for series of acts." Bribery Opp'n at 7. Although not squarely addressing the issue, one of the cases involved factual allegations sufficient to satisfy the nexus requirement. See United States v. Dixon, 658 F.2d 181, 190 (3d Cir. 1981) (agreement to pay a legislative aide a fixed percentage of government contract proceeds in return for efforts to secure the contract).

---

[3] The other D.C. Circuit cases cited by the government are simply inapposite. Neither case addressed the requisite nexus between the items of value and official acts at issue. In United States v. Kelley, 36 F.3d 1118 (D.C. Cir. 1994), the court did not describe the bribery charges in sufficient detail to determine the nexus alleged between the item or items of value and the official acts, although the bribery scheme was not "charged in a single count," as suggested by the government, Bribery Opp'n at 3 n.4, but rather in two counts. 36 F.3d at 1120, 1123. The bribery scheme described in United States v. Leggett, 81 F.3d 220, 222-23 (D.C. Cir. 1996), involved a specific agreement to pay the defendant's girlfriend in regular installment payments in exchange for a public official's agreement not to enforce the terms of a contract -- a specific nexus that in no way suggests that bribery can involve payments for unspecified future official acts.

Other cases cited by the government involved the application of U.S.S.G. § 2C1.1(b)(1), a sentencing enhancement applicable if the offense conduct "involved more than one bribe," in cases involving plea agreements where the sufficiency of the indictment was obviously not at issue. In one of these cases, the court explicitly stated that "[t]he government probably could have divided the scheme into multiple [bribery] counts, but the form of the indictment has never been an issue in this case." United States v. Morales, 11 F.3d 915, 918 (9th Cir. 1993). The other plea agreement case cited by the government does not indicate whether the multiple payments at issue were alleged in the single bribery charge or merely considered for purposes of sentencing as "relevant conduct." See United States v. Arshad, 239 F.3d 276, 278-79 (2d Cir. 2001). Moreover, these cases stand for the proposition that "different payments . . . intended to elicit different [acts] . . . warrant treating the payments as multiple bribes," id. at 281, which supports Defendants' contention that the bribery statute requires a nexus between the payment at issue and specific official action.

   Finally, the government's reliance upon cases interpreting different statutes is unpersuasive in light of the significant differences between those statutes and the federal bribery statute, 18 U.S.C. § 201(b)(1). For instance, the Hobbs Act extortion statute prohibits the "obtaining of property from another . . . under color of official right" with no requirement of an official act in the statute. See 18 U.S.C. § 1951(b)(2) (2000). Similarly, in the Travel Act case cited by the government, a statute which prohibits interstate travel with intent to promote certain unlawful activity including bribery under State law, it is not clear from the opinion whether the Mississippi commercial bribery statute at issue included any official act element. See United

States v. Goodman, 945 F.2d 125, 127 (6th Cir. 1991).[4]  Likewise, the Meat Inspection Act prohibits the giving of gifts to inspectors with intent to influence the performance of their official duties, but does not contain the same "any official act" language as the bribery statute.  See 21 U.S.C. § 622 (2000).

In sum, other than the Fourth Circuit cases Jennings and Quinn, the government fails to cite a single case in which a court upheld a bribery charge where the government could not establish a direct link between the thing of value provided to the public official and the specific official act performed in exchange -- *i.e.* a *quid pro quo*.  Thus, the issue before the Court comes down to whether the Fourth Circuit's "course of conduct" bribery theory can be reconciled with Sun-Diamond and controlling D.C. Circuit precedent.[5]  In Sun-Diamond, the Supreme Court held that to establish a violation of the illegal gratuity statute, "the Government must prove a link between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given."  Sun-Diamond, 526 U.S. at 414.  Following Sun-Diamond, the D.C. Circuit held that "bribery requires a *quid pro quo,* and accordingly can be seen as having a two-way nexus," whereas a gratuity "requires only a one-way nexus."  Schaffer, 183 F.3d at 841.  By contrast, in Jennings, the Fourth Circuit held that to establish a violation of the bribery statute, "each payment need not be correlated with a specific official act."  Jennings, 160 F.3d at 1014.  The Fourth Circuit's interpretation simply cannot be squared with Sun-Diamond and controlling D.C. Circuit authority.  See Defs.' Mem. at 7-10.  The Court

---

[4] It is not clear from the minimal description of the charge in the other Travel Act case cited by the government that the underlying "unlawful activity" was even bribery.  See United States v. Baggett, 481 F.2d 114 (4th Cir. 1973).

[5] The government effectively concedes that it cannot establish the nexus required by Sun-Diamond by making clear that it is relying instead on the Fourth Circuit's "course of conduct" theory.  See Bribery Opp'n at 14.

must dismiss Counts One and Two because they are based exclusively on this fundamentally flawed theory of bribery.

Finally, the Court can swiftly reject the government's hyperbolic claim that individuals could escape prosecution altogether where it "is not possible to link 'a particular thing . . . in exchange for any specific official action.'" Bribery Opp'n at 1. As the Supreme Court noted in Sun-Diamond, there is "an intricate web of regulations, both administrative and criminal, governing the acceptance of gifts and other self-enriching actions by public officials." 526 U.S. at 409. If the government cannot establish a specific *quid pro quo* in which the thing of value motivated the public official to perform a specific official act, the government could conceivably prosecute an individual for an illegal gratuity if it could establish that the payment was a reward for an official act. If the government cannot establish any nexus at all between the thing of value provided to a public official and a specific official act, it could still prosecute an individual who provides items of value to a public official for (a) giving compensation to a public official for representational assistance in any matter in which the United States or the District of Columbia has a direct or substantial interest, 18 U.S.C. § 203 (2000); or (b) supplementing the salary of an employee of the executive branch of the United States or of the District of Columbia, 18 U.S.C. § 209 (2000). Thus, individuals will not escape prosecution where the government cannot establish the requisite nexus between an item of value and an official act, they simply will not be subject to the severe penalties of the federal bribery statute.[6]

---

[6] Needless to say, this case does not involve any evidence remotely similar to the exaggerated hypothetical conversation described by the government. Bribery Opp'n at 16-17. In fact, the government suggests in a footnote that it may seek to prove Defendants' intent solely through circumstantial evidence and may not prove that "defendants had specific discussions with Lorusso in which a bribe deal was hatched." Id. at 18 n.19. In any event, even in the hypothetical scenario, no specific official acts are requested in return for the payment -- only
(Continued …)

C. **Bribery Prohibits Only Payments To Influence Future Official Acts, Not The Rewards For Prior Acts Alleged In The Indictment**

"Bribery is entirely future-oriented . . . . In other words, . . . bribery involves the present giving, promise, or demand of something in return for some action in the future. . . ." Schaffer, 183 F.3d at 841; see also United States v. Brewster, 506 F.2d 62, 72 (D.C. Cir. 1974); Sun-Diamond, 138 F.3d at 966. In its opposition, the government mischaracterizes Defendants' position -- claiming that Defendants contend there can be no bribery if an item of value is provided to the public official subsequent to the corresponding official act. Bribery Opp'n at 18. On the contrary, as long as the payment is *offered* or *promised* to the public official prior to the performance of the official act, the fact that the payment is not physically *delivered* until after the fact will not preclude a bribery prosecution. See Campbell, 684 F.2d at 148 ("The statute proscribes offers and promises of bribes as well as the giving of bribes, and it is only logical that in certain situations the bribe will not actually be conveyed until the act is done.").[7]

In this case, however, the government does not contend that Defendants reached any agreement with Lorusso to pay for specific official acts in which the payment happened to be

---

unspecified acts "when the opportunity presents itself." This lack of a specific nexus precludes a bribery prosecution. However, if at some later point, the donor gave the official a reward following an official act that benefited the donor's interests, such a payment could be prosecuted as an illegal gratuity if the government could show that it was given for or because of the official act.

[7] Each of the cases cited by the government involved this precise factual scenario -- a bribe offered prior to, but physically delivered subsequent to, the official act. See Leggett, 81 F.3d at 222-23 (defendant agreed to pay official in installments for official act); United States v. Johnson, 964 F.2d 124, 126 (2d Cir. 1992) (individuals agreed to kickback 50% of improper salary increases and made payment after the fact); United States v. Umans, 368 F.2d 725, 730 (2d Cir. 1966) ("an arrangement or understanding . . . had been arrived at, with payment to follow" the official act); United States v. Jackson, 876 F. Supp. 1208, 1212-13 (D. Kan. 1994) (defendants agreed to pay improper fees if doctor referred three patients per month), aff'd, 76 F.3d 1145 (10th Cir. 1996).

physically delivered after the fact. On the contrary, the government contends that "payments to an official which may constitute a 'reward' (or the consummated bribe payment) for a past act may reasonably be intended by the payor and construed by the recipient as constituting the 'bribe' or inducement for the future." Bribery Opp'n at 19. The government's interpretation flies in the face of Schaffer and other D.C. precedent. Schaffer, 183 F.3d at 841; see also Brewster, 506 F.2d at 72; Sun-Diamond, 138 F.3d at 966.

The government appears to take the position that a reward for a prior official act -- *i.e.*, an illegal gratuity, see Schaffer, 183 F.3d at 841 -- can also be a bribe because it has the potential to influence some unidentified official act in the future. Bribery Opp'n at 19. Such an interpretation is foreclosed by Sun-Diamond, 526 U.S. at 405-06 (gratuity statute does not reach a payment to "'buy favor'" from a public official who "'has been, is, or may at some unknown, unspecified later time, be *in a position to act* favorably to the giver's interests.'").

Under this settled bribery precedent, the types of payments alleged in the Indictment do not constitute bribery because they took place well after the official acts. It defies common sense to contend that Defendants reached a *quid pro quo* agreement with Lorusso in which Lorusso agreed to cause the D.C. government to lease an impound lot from Douglas Jemal in May 2001, Indictment at 7 (¶ 16(a)), in exchange for Defendants' "offer of a custom-made suit" on an "[u]nknown date in 2002." Id. at 15. Yet that "official act" and that "thing of value" are alleged in the same single count of bribery. The Court should reject the government's strained interpretation of the bribery statute.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss Counts One and Two of the Indictment for failure to state an offense.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 662-9700

Counsel for Norman Jemal

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C.  20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated:  February 1, 2006