UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR A BILL OF PARTICULARS

I.   INTRODUCTION

The Court should order the government to disclose in a bill of particulars the specific official acts that Defendants allegedly intended to influence by providing Lorusso things of value, including all of the allegedly fraudulent invoices approved by Lorusso that form a central part of the government's case.  The government's claims that this information is mere evidentiary detail or ascertainable by Defendants in the voluminous discovery provided by the government are without merit.  Absent specification of the requested information in a bill of particulars, Defendants will be unable to prepare an adequate defense.

II.   DISCUSSION

   A.   The Court Should Order The Government To Specify The "Official "Acts" Of Lorusso That Defendants Allegedly Intended To Influence

The most basic element of the bribery charges alleged in the Indictment is the *quid pro quo*, which requires the government to prove that Defendants acted with "a specific

intent to give . . . something of value *in exchange* for an official act." United States v. Sun-Diamond Growers, 526 U.S. 398, 404-05 (1999); see also United States v. Schaffer, 183 F.3d 833, 841 (1999), vacated as moot by Presidential pardon, 240 F.3d 35 (D.C. Cir. 2001). Defendants cannot prepare to defend against the charges unless they are provided notice of the specific official acts that they allegedly intended to influence by providing Lorusso the alleged things of value. Yet the Indictment explicitly states that it does not include all of the official acts that were part of the allegedly corrupt exchange. See Indictment at 6 (¶ 16), 8 (¶ 16(g)). Moreover, the government expressly declined to specify all of the official acts at issue in response to Defendants' request for this basic information. See Letter from Mark H. Dubester to Defense Counsel (Nov. 22, 2005) at 3 (attached as Exhibit 2 to Defendants' Motion For A Bill Of Particulars).

In its Opposition, the government inexplicably contends that "no theory exists" to support Defendants' request for specification of the official acts at issue. See Government's Opposition To Defendants' Motion For A Bill Of Particulars at 3 ("BOP Opp'n"); see also id. at 5 ("there is no basis to grant the requests related to Lorusso"). However, the government completely ignores the authority cited by Defendants in which this Court and others, in the bribery, illegal gratuity, extortion and other contexts, ordered the government to specify in a bill of particulars all of the official acts at issue in public corruption cases involving payments to public officials. See United States v. Espy, 989 F. Supp. 17, 34 (D.D.C. 1997), aff'd in part and rev'd in part on other grounds, 145 F.3d 1369 (D.C. Cir. 1998); United States v. Asselin, No. CRIM. 04-3033-MAP, 2005 WL 2365326, at *2 (D. Mass. Sept. 9, 2005); United States v. Trie, 21 F. Supp. 2d 7, 22 (D.D.C. 1998); United States v. Aliperti, 867 F. Supp. 142, 149 (E.D.N.Y. 1994). The government's failure to address this persuasive authority reveals the weakness of its

position here that defendants charged with bribery are not entitled to notice of the official acts they allegedly intended to influence by payments to a public official.

The government's additional claim that "Defendants' culpability simply does not turn on Lorusso's conduct" misses the mark. See BOP Opp'n at 3-4. Whether or not the government is obligated to prove that the public official was "actually influenced in the performance of his official duties," id. at 4, is beside the point. To prove the bribery charges, the government must establish that Defendants gave things of value intending "to procure a specific official action" from Lorusso. United States v. Alfisi, 308 F.3d 144, 149 (2d Cir. 2002). Defendants cannot prepare a defense to the bribery charges without notice of the specific official acts that the government contends Defendants intended to influence by providing Lorusso things of value. Accordingly, the Court should order the government to disclose this information in a bill of particulars.

### B. The Court Should Order The Government To Specify All Overt Acts Relating To Count One, Including All Allegedly Fraudulent Invoices At Issue

The government does not dispute that a central allegation in the conspiracy to commit bribery charged in Count One is the claim that Defendants induced Lorusso to approve fraudulent invoices for payment by the D.C. government in return for the alleged bribe payments. See Indictment at 7-8 (¶ 16(e)). Yet the Indictment fails to specify all such invoices at issue. Id.

In attempting to establish that Defendants have been provided sufficient notice of the charges, the government confirms the startlingly broad scope of the bribery conspiracy that it contemplates. According to the government, the official acts of Lorusso that Defendants

allegedly sought to influence include Lorusso's approval of "all invoices or attempts to obtain revenues" sought by Defendants in connection with their dealings with the D.C. government. BOP Opp'n at 7-8. In other words, the government apparently contends that every invoice or request for payment submitted by Defendants to the D.C. government was part of an illicit *quid pro quo* with Lorusso. For the reasons stated in Defendants' Motion To Dismiss Counts One And Two For Failure To State An Offense, the government's position that a single bribery charge can involve such an amorphous and wide-ranging series of unspecified "official acts" is fundamentally inconsistent with Sun-Diamond and other controlling D.C. Circuit authority. However, under no scenario can Defendants prepare to defend the charges without specification of these invoices that the government deems part of the *quid pro quo* with Lorusso.

        The government's suggestion that Defendants can identify the invoices and other acts the government will rely on at trial from the voluminous discovery is unfounded. In a similar bribery case, ignored by the government, a court rejected the government's argument that a defendant was put on notice of the official acts at issue by the government's representation that "all contracts on which Defendant bid or in which he participated were tainted in one way or another." Asselin, 2005 WL 2365326, at *2. The court held that further specification was required in a bill of particulars, and rejected the same claim the government makes here -- that the defendant could determine for himself the requested information from the voluminous discovery. Id.; see also Trie, 21 F. Supp. 2d at 21 (a defendant "should not have to waste precious pre-trial preparation time guessing" which acts are at issue when the government could easily provide the information). The same result should apply here.[1]

---

[1] The government cites certain cases in which courts did not require the government to specify all overt acts at issue in a conspiracy case in a bill of particulars. BOP Opp'n at 6-7.
(Continued …)

III.     CONCLUSION

        For the foregoing reasons, the Court should order the government to prepare a bill of particulars setting forth the information requested in Defendants' Motion.

        Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

---

Defendants cited a number of cases in their initial memorandum of law in which courts reached the opposite conclusion. See Memorandum Of Law In Support Of Defendants' Motion For A Bill Of Particulars at 9 & n.4. Defendants respectfully submit that the Court has the discretion to order the government to disclose the overt acts it will rely upon at trial in a bill of particulars.

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated: February 1, 2006