UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| v. | ) Crim. No. 05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, *et al.*, | ) |
| Defendants. | ) |

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE SURPLUSAGE

I.   INTRODUCTION

The Court should strike the terms in the Indictment suggesting uncharged misconduct and the tax evasion allegations in Count One as prejudicial surplusage. Contrary to the government's claims, under the circumstances of this case, the repeated use of terms such as "including" and "among others" in the Indictment prejudicially insinuates that Defendants Douglas Jemal, Norman Jemal and Blake Esherick ("Defendants") committed additional acts of bribery not charged in the Indictment. In addition, the government's effort to establish the relevance of the tax evasion allegations to the bribery conspiracy charged in Count One is unpersuasive. The Court should strike these irrelevant and prejudicial terms from the Indictment.

II.     DISCUSSION

     A.     <u>**The Court Should Strike Terms Suggesting Uncharged Misconduct**</u>

As set forth in detail in Defendants' initial motion, the Indictment contains numerous terms and phrases that suggest to the jury that the Defendants engaged in uncharged criminal acts in addition to those explicitly alleged in the substantive counts of the Indictment. The Court should strike these terms because they are both prejudicial to the Defendants and unnecessary to the Indictment.  <u>See</u> <u>United States v. Whitehorn</u>, 710 F. Supp. 803, 819 (D.D.C.), <u>rev'd on other grounds</u>, 888 F.2d 1406 (D.C. Cir. 1989); <u>United States v. Poindexter</u>, 725 F. Supp. 13, 35 (D.D.C. 1989) (terms that "could improperly indicate to a jury that the defendant[] [was] charged with offenses and conduct in addition to those actually listed in the indictment" should be stricken from an indictment as irrelevant and prejudicial).

The government urges the Court to rely upon <u>United States v. Rezaq</u>, 134 F.3d 1121 (D.C. Cir. 1998), and <u>United States v. Oakar</u>, 111 F.3d 146 (D.C. Cir. 1997), "as stressing anew the principles that a district judge should exercise restraint in striking language from an indictment." Government's Opposition To Defendants' Motion To Strike Surplusage at 3 ("Surplusage Opp'n").  Those cases, however, bear little similarity to this case.  In <u>Rezaq</u>, the reference that the defendant moved to strike was to the deaths of two individuals and the attempted killing of three others. 134 F.3d at 1134.  The district court, in denying the motion to strike, observed that an element of the offense with which the defendant was charged was the use of force or intimidation; therefore, the reference was directly relevant to the charged crime. <u>Id.</u> Here, none of the terms which the Defendants have moved to strike are related to elements of the offenses with which they are charged.  <u>Oakar</u> is also inapposite.  In that case, the district court

failed to make any finding that the stricken allegations were either irrelevant or prejudicial, and the D.C. Circuit reversed and remanded on that basis. 111 F.3d at 157.

The Indictment's repeated use of terms like "among others" or "included but not limited to" is highly prejudicial to Defendants. The Indictment alleges explicitly that Defendants provided items of value to Lorusso that are not alleged in the Indictment -- an allegation that insinuates that Defendants engaged in uncharged bribery or the payment of illegal gratuities. See Indictment at 5 (¶ 15), 6 (¶ 15(l)). The government claims that these terms are "innocuous" and that other items of value were identified in a bill of particulars. Surplusage Opp'n at 5. The government fails to recognize that the critical aspect of any bribery case is the *quid pro quo*. Thus, each payment to a public official can be deemed a separate bribe. The Court should strike these prejudicial terms because they suggest that Defendants paid additional bribes that are not charged in the Indictment.

Similarly, the Indictment alleges explicitly that the enumerated official acts allegedly performed by Lorusso in exchange for the bribe payments were merely "among others," and that Lorusso took additional "numerous routine actions" that are not specified in the Indictment. Indictment at 6 (¶ 16), 15 (¶ (v)); see also id. at 8 (¶ 16(g)) (alleging that the official acts include "[o]therwise taking steps of benefit to Douglas Development" not specified in the Indictment). The government contends that these allegations do not suggest uncharged criminal acts by Defendants, but rather acts by Lorusso that are merely "examples of Lorusso's conduct which defendants sought to influence." Surplusage Opp'n at 5. The government ignores the fact that Lorusso's official acts are the "*quo*" of the *quid pro quo*. The bribery counts require the government to prove that Defendants gave things of value intending to influence specific official acts. These open-ended allegations imply that Defendants gave other items of value to Lorusso

with intent to influence unidentified official acts -- again suggesting that Defendants paid additional bribes that are not charged in the Indictment.

> B. The Court Should Strike The Irrelevant And Prejudicial Tax Evasion Allegations In The Bribery Conspiracy Charged In Count One

This Court should strike the allegations in paragraph 18 of the Manners and Means section of Count One relating to tax evasion because they are irrelevant to the alleged bribery scheme described in Count One and prejudicial to the Defendants.  See Indictment at 8-9 (¶ 18).[1]  As discussed in Defendants' Reply Memorandum in Support of their Motion to Sever Counts, the government's claim that the tax evasion allegations describe the "financial relationship" among the Defendants and should therefore be considered as part of the bribery conspiracy is deeply flawed.  The compensation received by Defendant Esherick did not constitute the "proceeds" of the bribery conspiracy, and is therefore not properly considered part of that conspiracy.

The tax evasion allegations included in paragraph 18 of Count One are merely a summary or composite of the allegations charged as substantive tax evasion counts in Counts Six through Eight,[2] and are therefore both irrelevant and prejudicial.  The government ignores a case from this District directly on point in which Judge Friedman struck a similar allegation as surplusage.  See United States v. Trie, 21 F. Supp. 2d 7, 20-21 (D.D.C. 1998) ("Since each count

---

[1] The Defendants originally moved to strike paragraphs 18 through 20 of the Overt Acts section of Count One as well, but the government has agreed to strike these allegations.  See Surplusage Opp'n at 1.

[2] The government admits as much in its opposition, stating that "the very language [of these allegations] tracks the charged tax crimes set forth in Counts Six through Eight." Surplusage Opp'n at 9.

in an indictment is regarded as if it was a separate indictment and must stand on its own, the fact that this conduct is relevant to Counts 1 and 9-11 does not matter in evaluating its relevance here. The paragraph also is prejudicial, since it suggests the inclusion of offenses which are separately charged by the government under Counts 1 and 9-11.  This paragraph therefore is both irrelevant and prejudicial and will be stricken from the indictment.") (citations and quotations omitted). The Court should follow the persuasive reasoning in Trie and strike from the conspiracy to commit bribery charge alleged in Count One the allegation that Defendants engaged in tax evasion -- the precise conduct alleged as separate offenses in Counts Six through Eight.

Significantly, the government has agreed to strike the overt acts in Count One related to the tax evasion (paragraphs 18 through 20) so as to "assure that the jury verdict is necessarily unanimous on an overt act directly linked to the object of the conspiracy . . . ." Surplusage Opp'n at 9.  In so doing, the government has implicitly acknowledged that the object of the bribery conspiracy in Count One has nothing to do with the tax evasion conduct alleged in Counts Six through Eight.  The tax evasion allegations have no place in the bribery conspiracy and should be stricken from the Indictment.

III.   CONCLUSION

For the foregoing reasons, the Court should strike as surplusage the terms in the Indictment set forth in Defendants' Motion To Strike Surplusage.

        Respectfully submitted,

        /s/
        Reid H. Weingarten (D.C. Bar #365893)
        Erik L. Kitchen (D.C. Bar #292847)
        Brian M. Heberlig (D.C. Bar #455381)
        Steptoe & Johnson LLP
        1330 Connecticut Avenue, N.W.
        Washington, D.C.  20036-1795
        (202) 429-3000

        Michele A. Roberts
        Akin Gump Strauss Hauer & Feld LLP
        1333 New Hampshire Avenue, N.W.
        Washington, D.C.  20036
        (202) 887-4306

        Christopher B. Mead
        London & Mead
        1225 19th Street, N.W.
        Suite 320
        Washington, D.C.  20036
        (202) 331-3334

        Counsel for Douglas Jemal

        Stanley M. Brand
        Ross Nabatoff
        The Brand Law Group
        923 Fifteenth Street, N.W.
        Washington, D.C.  20005
        (202) 662-9700

        Counsel for Norman Jemal

                    Paul Kemp
                    Carol Elder Bruce
                    Venable LLP
                    575 7th Street, N.W.
                    Washington, D.C.  20004
                    (202) 344-4400

                    Counsel for Blake Esherick

Dated: February 1, 2006