UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 05-359-01, -2, -3 (RMU) |
| | : | |
| **DOUGLAS JEMAL, et al** | : | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANTS' MOTION TO RESCHEDULE TRIAL DATE**

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendants' Motion to Reschedule Trial Date.

In support of this opposition, the Government respectfully submits:

THE GOVERNMENT OPPOSES RESCHEDULING THE TRIAL DATE
TO ANY DATE PRIOR TO LATE-MAY OF THIS YEAR

At the time defendant Douglas Jemal selected present counsel to represent him, shortly prior to arraignment, defendant Douglas Jemal well-understood that his attorney would not be available for a spring trial. Indeed, at arraignment, counsels for both Douglas Jemal and Blake Esherick made it clear they were not available for spring trials. The parties thus sought a trial date in June, but that date was not available for the Court, and rather than start a trial in August – in the midst of the typical vacation period of jurors and witnesses – the parties jointly decided to set trial for the first week of September. Now that the counsels are free, the defendants return to this Court to seek an accelerated trial date – as early as February or March of this year.

First, we first note that a date in February or March is absolutely not feasible for the Government. The Government has not commenced serving trial subpoenas and reviewing potential trial testimonies with the numerous trial witnesses (some of whom have not been interviewed since 2004). It would not have been reasonable to have done so prior to now in

contemplation of a September trial. Similarly, the Government has not come close to finalizing its summary charts and other demonstrative exhibits – particularly important in connection with the tax charges – and, again, it would not have been reasonable to have attempted to finalize them (knowing that there are frequently last-minute adjustments) a full eight or nine months prior to September trial date. Further, although the Government has completed a significant volume of tasks associated with trial – mostly in the nature of discovery – numerous time-consuming tasks remain. Some of these tasks the Government has not yet commenced as it prioritized its tasks and made decisions concerning utilization of prosecutorial and law enforcement resources in anticipation of a September trial date. It is neither realistic nor fair nor inherently logical to suggest that since the Government in October claimed it could meet a February trial date, the Government should now be required in February to meet a February or March trial date.[1]

Indeed, the Speedy Trial Act specifically contemplates leeway to account for the need for accommodate the parties' pre-trial preparation. The provisions of 18 U.S.C. §3161(8)(A) permit exclusions from the 70 day requirement of the Speedy Trial Act for delays supported by a finding that the "ends of justice served by [the delay] outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(8)(B)(iv) specifically permits a Court, in considering whether the "ends of justice" are met, to consider whether failure to allow for the delay "would unreasonably deny ... the attorney for the Government the reasonable time necessary for effective preparation, taking into the exercise of due diligence." These provisions permitting adequate

---

[1] The earliest the Government could commence jury selection would be in late May, with trial to commence the Tuesday after Memorial date. In even suggesting its potential availability for this date, the Government has relied on informal representations made by the defendants, through their counsels, that they are amenable in principle to a series of stipulations regarding a variety of document collections.

trial preparation apply to cases which are not otherwise unusual, complex or otherwise raise novel questions of law – a separate stand-alone ground (18 U.S.C. 3161(B)(ii)) for excluding time from the speedy trial calculation.

We are aware that the Court has stated on the record, and through the Court's law clerk, that the Court is unavailable in the May-June time-frame. If this Court is not available, that ends the issue.[2] The defendants proposed and/or readily assented to the motions schedule. Motions have been filed within 70 days of arraignment and are pending as of this date. There is no Speedy Trial Act issue at present.

Finally, the Government is not unsympathetic to the concerns of defendant Douglas Jemal. We note, however, that the consequences he claims to be suffering as a result of Indictment – though certainly quite real to him – are certainly less objectively severe than the consequences that befall, say, an indicted mid-level Government employee or corporate employee, with few assets (other than a home), who is fired or placed on leave without pay, borrows from his family or against home to pay for an attorney, and is lucky to get a job driving a taxi or working at a fast-food establishment pending trial; it is certainly less severe than the consequences that befall numerous less privileged individuals who come before this Court with few resources and who are charged with drug offenses and must therefore remain incarcerated. Moreover, defendant Douglas Jemal would be incurring the consequences of which he complains without any plausible recourse to this Court but for the fact that his lawyer and defendant

---

[2] The defendants are quite specific that they are not seeking this case be transferred to another Judge, as they specifically request that the case be set for the "first available trial date on the Court's calendar." <u>Defendants' Motion</u>. Although we doubt that certifying the case to another judge for trial is even up for consideration, we would strenuously oppose such a step, and would welcome the opportunity to address the Court as to our concerns if so requested.

Esherick's lawyer are now freed from other conflicts this spring. Douglas Jemal is an inventive and creative businessman with substantial assets and resources, and we do not propose to suggest how he can work himself free from the financial difficulties of which he complains, but we do suggest that he was well-aware of those issues when he retained present counsel on the eve of arraignment. He certainly understood that counsel was unavailable until approximately June or July (or even later depending on the length of the Enron trial), and that his trial on the pending Indictment would necessarily commence subsequent to that date.[3]

WHEREFORE, to the extent that the Defendants' Motion to Reschedule the Trial Date contemplates any trial date prior to late-May 2006, we request that said Motion be DENIED.

> RESPECTFULLY SUBMITTED,
>
> KENNETH L. WAINSTEIN
> DC Bar No. 451058.
> UNITED STATES ATTORNEY
>
> By: _____
> MARK H. DUBESTER
> ASSISTANT UNITED STATES ATTORNEY
> DC Bar No. 339655
> 555 Fourth Street, N.W., Room 5917
> Washington, D.C. 20530
> Ph. (202) 514-7986

---

[3] The defendants' motion characterized the Enron trial as being a "four- to six-month trial" commencing January 17, 2006. Defendants' Memorandum at 3. Conceivably, that trial may not end until mid-July.

CERTIFICATE OF SERVICE

      I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.  
Counsel for Douglas Jemal  
Akin Gump  
1333 New Hampshire Avenue, NW  
Washington, DC 20036

Paul Kemp, Esq.  
Carol Elder Bruce  
Counsel for Blake C. Esherick  
Venable LLP  
One Church Street,  
Rockville, MD   20850

Reid Weingarten, Esq.  
Brian M. Heberlig  
Counsel for Douglas Jemal  
Steptoe and Johnson  
1330 Connecticut Avenue, N.W.  
Washington, D.C.  20036-1795

Stan Brand, Esq.  
Counsel for Norman D. Jemal  
923 15th Street, NW  
Washington, DC   20005

Christopher Mead, Esq.  
Counsel for Douglas Jemal  
London & Meade  
1225 19th Street, NW, Suite 320  
Washington, DC  20036

this _____ day of February, 2006.

_____  
Mark H. Dubester  
Assistant United States Attorney  
DC Bar No. 339655  
555 Fourth Street, NW  
Rm. 5917  
Washington, DC 20001  
(202) 514-7986