UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) ) | Crim. No.  05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' MOTION FOR DISCOVERY

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby move this Court for an Order requiring the government to produce certain material in its possession pursuant to its discovery obligations.  Defendants have consulted with the government but the government has declined to date to produce the materials at issue in this motion.

Defendants respectfully request oral argument on this motion at the hearing scheduled for March 20, 2006, at 9:45 a.m.  A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated: March 16, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| | ) | |
| **DOUGLAS JEMAL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR DISCOVERY**

Defendants Douglas Jemal, Normal Jemal and Blake Esherick, through counsel, respectfully request that the Court order the government to produce certain items in its possession to Defendants pursuant to the government's discovery obligations.

Since the motions hearing before the Court on March 7, 2006, counsel for Defendants have conferred with AUSA Dubester regarding outstanding discovery issues in an attempt to narrow the issues requiring resolution by the Court. Those discussions have been fruitful and the government has tentatively agreed to provide Defendants with several categories of material requested by Defendants' counsel. Although the government has not finalized its position with respect to some of these outstanding issues, Defendants are hopeful that they can be resolved without any intervention by the Court.

In the course of the discussion, however, Defense counsel and the government were unable to agree upon the discoverability of three discrete sets of materials relating to Michael Lorusso that are in the government's possession: (1) all of Mr. Lorusso's email communications from his government computer during the time period covered by the Indictment, (2) records relating to Mr. Lorusso's D.C. government credit card, and (3) transcripts

of two depositions of Mr. Lorusso taken by the Securities and Exchange Commission during an investigation of Lorusso's former employer for securities fraud. The government has informed Defendants that it declines to provide all of Mr. Lorusso's email to the defense, and instead will review the email again and provide the messages that it deems relevant to the transactions in the Indictment to the defense. The government has not yet decided whether it will provide the second and third categories of information to the defense. Given the significance of these materials, and the Court's request for notice of all outstanding discovery issues in advance of Monday's hearing, we bring these issues to the Court's attention and respectfully request that the Court order the government to produce all three sets of these materials to Defendants.

As the Court is aware, Michael Lorusso is the key witness against Defendants in this case. Mr. Lorusso is the former Deputy Director of the D.C. Office of Property Management ("OPM") and the official who the Defendants are charged with bribing. Mr. Lorusso pled guilty to public corruption charges relating in part to the Defendants and Douglas Development Corporation and in part to an unrelated scheme involving a contracting company owned by Fred Villegas (who also pled guilty). Defendants have reason to believe, in part based on conversations with the government, that Mr. Lorusso was involved in other wrongdoing not encompassed by his guilty plea. Among other things, the potential other "bad acts" by Lorusso include (1) potential misuse of off-shore bank accounts, which may be related to Lorusso's former employment by the company investigated by the SEC for securities fraud, and (2) potential credit card fraud involving Lorusso's D.C. government issued credit card.

Given Mr. Lorusso's significance as the central witness in this case, Defendants have a critical need to discover all information regarding these other activities that could serve to impeach Mr. Lorusso's credibility as a witness. Information in the SEC depositions could

establish wrongdoing by Lorusso for which he was never prosecuted, suggesting that the depositions transcripts contain <u>Brady</u> and <u>Giglio</u> material that should be disclosed promptly. At a minimum, the SEC deposition transcripts should be disclosed as part of the government's Jencks Act disclosures. Similarly, Mr. Lorusso's credit card records could also establish wrongdoing by Lorusso that Defendants could use for impeachment. Moreover, Mr. Lorusso's credit card records could also establish that Mr. Lorusso maintained a lavish lifestyle that would help Defendants establish that the alleged gifts provided to Lorusso were part of a mutual friendship and not dissimilar from items that Lorusso owned and bestowed on his friends.

Finally, Mr. Lorusso's email messages during the relevant time period are critical to the preparation of the defense. The government has already acknowledged that its case will be circumstantial and that Mr. Lorusso will not testify that he had any explicit conversations about "*quid pro quos*" with Defendants. Accordingly, the timeline of the gifts and the official acts at issue is critical. Defendants have a need to pinpoint Lorusso's actions during the important time periods to determine whether he increased his efforts on matters for Defendant's benefit after he received gifts, or whether his actions did not change. Moreover, it is difficult to understand the government's basis for objecting the disclosure of Mr. Lorusso's email records. We understand that the messages are all from his D.C. government computer and therefore should not be subject to the personal privacy issues that might attach to private home emails.

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and order the government to disclose the material at issue.

                                Respectfully submitted,

                                _____
                                Reid H. Weingarten (D.C. Bar #365893)
                                Erik L. Kitchen (D.C. Bar #292847)
                                Brian M. Heberlig (D.C. Bar #455381)
                                Steptoe & Johnson LLP
                                1330 Connecticut Avenue, N.W.
                                Washington, D.C.  20036-1795
                                (202) 429-3000

                                Michele A. Roberts
                                Akin Gump Strauss Hauer & Feld LLP
                                1333 New Hampshire Avenue, N.W.
                                Washington, D.C.  20036
                                (202) 887-4306

                                Christopher B. Mead
                                London & Mead
                                1225 19th Street, N.W.
                                Suite 320
                                Washington, D.C.  20036
                                (202) 331-3334

                                Counsel for Douglas Jemal

                                Stanley M. Brand
                                Ross Nabatoff
                                The Brand Law Group
                                923 Fifteenth Street, N.W.
                                Washington, D.C.  20005
                                (202) 662-9700

                                Counsel for Norman Jemal

- 5 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C.  20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: March 16, 2006