UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 05-359-01,-02, 0-3 (RMU) |
| | : |
| DOUGLAS JEMAL, et al | : |

GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION FOR EARLY RETURN OF SUBPOENAS UNDER RULE 17(c)

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendants' Motion for Early Return of Subpoenas under Rule 17(c) ("Defendants' Motion"). In support of this Opposition, the government submits:

Despite the seeming modesty of their language and tone of their request, the defendants propose issuing subpoenas of staggering breadth to ten District of Columbia (DC) Government agencies, requiring the agencies – under pain of contempt – to devote hours of scarce and already-stretched resources scrounging for documents of little conceivable relevance to this case so that the defendants may thereafter rummage through them for a page or two which may conceivably be useful to their defense. This is absolutely contrary to the requirements of Rule 17(c), and the Defendants' Motion should be denied.

Rule 17(c) requires that documents be described with specificity and that the subpoena(s) not be "intended as a general fishing expedition."[1] These most basic requirements are sorely lacking

---

[1] In United States v. Nixon, 418 U.S. 683, 699-700 (1974), the Court held that the required showing for issuance of a Rule 17(c) subpoena was:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

from the Defendants' Motion and their proposed subpoenas. The defendants do not identify any specific documents they seek. Rather, defendants boldly assert: "Defendants need access to documents, records, and correspondence of D.C. Government officials relating to 77 P Street, 4800 Addison Road and 438 Massachusetts Avenue during 2001 and 2002, ...." Defendants' Motion at 3. Accordingly, each of the ten subpoenas does no more than request production of "all documents relating to" these three properties. The very nature of the defendants' arguments and the near limitless breadth of the subpoenas is proof positive that the defendants: 1) do not know the specific documents they seek to obtain from the DC Government, but instead, 2) simply seek to obtain a huge collections of documents to review for potentially useful documents.

Rule 17(c) also requires the documents sought be relevant and admissible. The Defendants' Motion fails on this ground as well. The defendants claim they hope to prove the city got a good deal its dealings with Douglas Development Corporation. This of course is totally irrelevant, as it is no defense to the charge of bribery that the city was not harmed (though, in fact, it is always harmed when a government official is on the take). Just posit the following scenario: a defense contractor is on trial for giving a government contracting official $100,000 as a bribe to assist the briber's company in selling a weapons system to the government. Of what possible relevance is it at the end of the day, that the government got good value for the weapons system it procured through the corrupt contracting official? In such a trial, can the defense counsel stand up in closing and argue to the jury that the defendant should be acquitted because the Government got a good deal and

---

In short, the government "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

America is more secure as a result? The only issue is whether the defendant gave the official something of value with the corrupt intent to influence. This Court has already made clear that this trial should not be side-tracked in irrelevant issues. To the same end, the defense should not be able to invoke the Court's authority to require the city to devote its resources, under pain of contempt, to conduct a laborious search for documents that have only dubious relevance to any recognized defense.

Similarly, the defendants also argues they intend to show that Lorusso was not the sole individual in the process related to various decisions involving the leasing of space from Douglas Development and paying invoices submitted by Douglas Development. Again, of what possible relevance can it be that unbribed others had varied degrees of involvement in the decision-processes? In the hypothetical scenarios set forth in the preceding paragraph, would it be a defense if the defendant bribed just one of several government contract officials on a contract award panel or if it could be shown that the contract would have been awarded anyway?

We stress that as a general matter the Government does not oppose a properly framed and narrowly drawn Rule 17(c) subpoena,[2] and our opposition to this particular set of requests should not be taken in any way as a reflexive attempt by the Government to keep the defendants from access to evidence which would be relevant to their defense. We recognize that the defendants (and the Government) should presumptively be able to subpoena any specific person for trial and, to the same end, subpoena any _specific_ document for trial (and, if relevant, for production pre-trial). We are also cognizant that this Court would have a natural reluctance to limit the defendants from pursuing

---

[2] In the Government's Rule 17(c) pleadings, for example, the Government described the documents it sought to obtain as bank records or bank statements from specific accounts for specific years.

evidence that the defendants believe to be useful and would, as a general matter, seek to provide the defendants some reasonable latitude.

However, the pursuit of evidence pre-trial by both parties in criminal litigation is constrained by rules, including rules which set forth the criteria for issuance of Rule 17(c) subpoenas, and the defendants simply have not satisfied the accepted legal criteria. The proposed subpoenas do not call for specific documents, and indeed, it is apparent the defendants intend the very sort of "fishing expedition" the law prohibits. Although we are not the attorneys for the DC Government, it is manifestly obvious that the subpoenas are exceptionally burdensome and would interfere with the ordinary functioning of the DC Government. The subpoenas require individuals from ten DC Government agencies (and presumably their agency counsels) to conduct hours of searching (and copying and other document handling tasks). The subpoenas are far from benign and impose substantial costs upon a resource-stretched entity which is not even a party to this litigation. Finally, the needles in the haystacks which the defendants seek to search are of little or no relevance to the issues in this case.

Accordingly, the defendants' request for this particular set of subpoenas should be denied.[3]

---

[3] The Government requests argument on this issue.

WHEREFORE, we request the Defendants' Motion for Early Return Subpoenas under Rule 17(c) be DENIED.

                                            KENNETH L. WAINSTEIN
                                            DC Bar No. 451058.
                                            UNITED STATES ATTORNEY

By: _____
                                            MARK H. DUBESTER
                                            ASSISTANT UNITED STATES ATTORNEY
                                            DC Bar No. 339655
                                            555 Fourth Street, N.W., Room 5917
                                            Washington, D.C. 20530
                                            Ph. (202) 514-7986

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.
Counsel for Douglas Jemal
Akin Gump
1333 New Hampshire Avenue, NW
Washington, DC 20036

Paul Kemp, Esq.
Carol Elder Bruce
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD 20850

Reid Weingarten, Esq.
Brian M. Heberlig
Counsel for Douglas Jemal
Steptoe and Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

Stan Brand, Esq.
Ross Nabatoff, Esq.
Counsel for Norman D. Jemal
923 15th Street, NW
Washington, DC 20005

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, DC 20036

this 17th day of March, 2006.

Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986