UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :

                                              :

        v.                                 :      Crim. No. 05-359-01,-02, 0-3 (RMU)

                                              :

DOUGLAS JEMAL, et al                :

## GOVERNMENT'S OPPOSITION TO
## DEFENDANTS' MOTION FOR DISCOVERY

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendants' Motion for Discovery ("Defendants' Motion"). In support of this Opposition, the government submits:

### Introduction

The Government, to this date, has reached accommodation with the defense on nearly every discovery issue.[1] The fact that the Government has, for now, drawn the line on but three – and only three – categories of documents reflects its good faith efforts to provide discovery in this case. Each of these three categories relates to a government witness, Michael Lorusso.

The Court at the March 7 hearing could not have been more clear that it was not going to let this trial get bogged down on irrelevant issues. The defendants' discovery motion makes it clear that they are hoping to explore and put on trial the most petty and innocuous aspects of government witness Michael Lorusso's existence. They want his emails, prior deposition testimony in unrelated

---

[1] The Government has provided five discovery discs with documents numbered by exhibit sticker, containing the likely trial exhibits. The Government has made available the search documents in this case. The Government has, provisionally, agreed to several other requests subject to our review of certain of the materials prior to production. As but one example, the Government has a collection of documents seized from Fred Villegas, an individual who has pleaded guilty before this Court. We have agreed to make these available, but seek to review them once more before doing so. In the unlikely event there are documents which we conclude should not be disclosed, we shall make that known to the defense. We are hopeful that will not occur.

matters and his DC Government credit card records. Lorusso, who has pleaded to two felonies and acknowledged a third, is certainly fair game for aggressive cross-examination. Moreover, the Government will continue to pursue its Brady and Giglio obligations and will disclose appropriate impeaching materials. However, there is little doubt that the defendants have ample grounds to impeach Lorusso both as to his credibility (an admitted felon with two conspiracy convictions displaying a history of dishonest conduct) and motive (based on the defendants' contentions as to the benefits Lorusso obtained from his pleas, including references to uncharged criminal conduct).[2] Prior to trial, the Government will seek some ground-rules as to the areas of cross which will be permitted into Lorusso's conduct – including other alleged bad acts that the Government maintains to be collateral.

### Lorusso's Emails

The Government has obtained from the DC Government a collection of emails of Michael Lorusso, the vast bulk of which have nothing whatsoever to do with this case. The Government has attempted to produce to the defense all emails between Lorusso and the defendants. The emails will be searched again for that purpose. In addition, the emails will be re-searched for other grounds for production, including references to events associated with the charges in this Indictment.

---

[2]  The defendants simply are not entitled to "everything in the world" about Lorusso:

> As we have noted earlier, the jury had a clear picture of McCarthy as a government informant and his history as a major drug dealer and user. Dweck's claim that "everything in the world" that the government had regarding McCarthy and his life of drugs from 1980 through 1988 had to be provided under Brady, is incorrect as a matter of law and provides no independent basis for the reversal of his conviction.

United States v. Dweck, 913 F.2d 365, 372 (7th Cir. 1990).

The defendants are not entitled to the entirety of Mr. Lorusso's emails. These include numerous matters having no possible relevance to this case. The emails include personnel matters, personal matters (communications with his brother with whom he shared an apartment in the District of Columbia, and various female friends), matters relating to numerous other DC Government properties and other DC Government employment issues. The vast, vast bulk of the emails are not Jencks material and have no earthly relevance to this case.

Inherent in many discovery motions, as this one, is the following implicit contention: the defendants are entitled to the materials because they may be helpful and the Government would not seek to withhold the materials if they were not helpful; i.e., either they are relevant and should be turned over or they are irrelevant and there should be no objection to turning them over. However, the discovery rules are more subtle and recognize a far more sophisticated set of concerns. The Government is not required to splay open all the details of a witness's personal or professional life, even a cooperator who has pleaded guilty, where those details have no relevance. The defendants are not permitted unrestricted access to everything the Government may possess about a given witness or a given topic on the prospect that they may be able to put that information to use (by drawing time lines) or draw leads from it. The defendants' attempt to investigate Lorusso and have access to materials in the Government's possession in addition to what Giglio and Brady provides should not be granted.

### Mr. Lorusso's Depositions

Mr. Lorusso worked in various investment capacities in or about 1998 through late 2000. This was prior to his employment with the District of Columbia Government, which commenced in late 2000. In 2001, Mr. Lorusso was deposed twice by the Securities and Exchange

Commission (SEC). He was represented by an attorney in each instance. The latter deposition was in June 2001, barely overlapping with any events in this case. No aspect of the questioning involved the facts in this case. No criminal referrals were made by the SEC concerning any conduct of Lorusso. Again, the transcripts are not Jencks material for Lorusso's testimony at trial. No basis has been shown for their production, other than on the possibility that something useful may be found within them. The Government will review them again to insure there is no Brady or Giglio materials contained therein.

### Mr. Lorusso's DC Government Credit Card Records

The Government is aware that allegations were made in the summer of 2003 that Mr. Lorusso misused his District of Columbia (DC) Government issued credit card. Such misuse, if it occurred, could run the gamut of potential wrong-doing, from simply unauthorized use of the card for city business (an "administrative"-type violation) to conduct evincing more significant wrong-doing in the nature of using the credit card for personal purposes, or, indeed, misuse that falls in the middle of the spectrum which may bear some qualities of both.

The Government would like 45 days to review the credit card records. At that time, the Government will disclose the records, in whole or in part, with such information as the Government may be able to obtain which could reasonably bears on Lorusso's potential misuse of the DC Government's credit card.[3]

---

[3]   In setting forth this proposal for more time in which to make its disclosures, the Government reserves its right to object at trial to cross-examination by the defendants as to what they contend to be bad acts bearing on credibility, or may take the position that such cross-examination involves collateral materials as to which the defendants are bound by the answers.

WHEREFORE, we request the <u>Defendants' Motion for Discovery</u> be DENIED.

                                    KENNETH L. WAINSTEIN
                                    DC Bar No. 451058.
                                    UNITED STATES ATTORNEY

By:        /s/ Mark H. Dubester
                                    MARK H. DUBESTER
                                    ASSISTANT UNITED STATES ATTORNEY
                                    DC Bar No. 339655
                                    555 Fourth Street, N.W., Room 5917
                                    Washington, D.C. 20530
                                    Ph. (202) 514-7986

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.
Counsel for Douglas Jemal
Akin Gump
1333 New Hampshire Avenue, NW
Washington, DC 20036

Paul Kemp, Esq.
Carol Elder Bruce
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD   20850

Reid Weingarten, Esq.
Brian M. Heberlig
Counsel for Douglas Jemal
Steptoe and Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Stan Brand, Esq.
Ross Nabatoff, Esq.
Counsel for Norman D. Jemal
923 15th Street, NW
Washington, DC   20005

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, DC  20036

this 17th day of March, 2006.

/s/
_____
Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986