UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' RESPONSE TO THE
### GOVERNMENT'S "NOTICE" REGARDING JENCKS DISCLOSURES

On March 20, 2006, the Court ordered the government to disclose the Jencks material in this case 60 days prior to trial (the "Jencks Order"). Defendants Douglas Jemal, Norman Jemal and Blake Esherick ("Defendants") requested disclosure of the Jencks material on such a schedule to permit Defendants to file any motions *in limine* well in advance of trial, pursuant to the Court's pretrial procedures. During the discussion of this issue, the Court stated that it also wanted to be able to review the Jencks material sufficiently in advance of trial to assist the Court in the resolution of pretrial evidentiary and legal issues. In the context of this discussion, the Court and Defendants were obviously referring to all of the Jencks material -- not merely the Jencks material of two government witnesses. The government did not object when the Court granted Defendants' request. The Court should require the government to comply with the Jencks Order notwithstanding any "misunderstanding" now claimed by the government.

The Jencks Order states clearly that the government is required to disclose Jencks material 60 days prior to trial. However, the government has unilaterally decided to interpret the Jencks Order as applying only to the witness statements of Michael Lorusso and Fred Villegas. See Government's Notice of Its Interpretation of the Court's Order Relating to Jencks Materials

of March 20, 2006 at 3-4 ("Gov't Notice"). The government has further stated that it "intend[s]" to disclose the remaining Jencks material on its own schedule, providing the statements of the first seven witnesses a mere three days before jury selection and the statements of the remaining witnesses after opening statements. Id. Given that the government has not moved for reconsideration, the government has no basis to refuse to comply with the terms of the Jencks Order. Accordingly, as ordered by the Court, the government must disclose the Jencks material to Defendants 60 days prior to trial.

Even if the government in good faith did not understand that the Court and Defendants were referring to all of the Jencks material at the March 20, 2006 hearing -- a misunderstanding that is difficult to comprehend given the context of the discussion -- the Court should require the government to comply with the terms of the Jencks Order. One of the purposes of the Jencks Order is to permit Defendants to file any motions *in limine* arising out of information in the Jencks material prior to the Pretrial Conference scheduled for August 8, 2006.[1] Defendants cannot do so if the government does not produce all of the Jencks materials by the deadline set in the Jencks Order.

Moreover, the schedule proposed by the government for Jencks disclosures is unacceptable. The government proposes to disclose (1) only the witness statements of Michael Lorusso and Fred Villegas 60 days prior to trial, (2) the statements of the first seven government witnesses on September 5, 2006, a mere three days prior to jury selection, and (3) the statements of the remaining government witnesses <u>after</u> the completion of opening statements. See Gov't

---

[1] Even under the schedule the Court imposed at the March 20, 2006 hearing, Defendants will receive the Jencks material a mere two business days prior to the deadline for submission of the Joint Pretrial Statement -- eight days after the deadline for filing motions *in limine*. However, Defendants will act expeditiously to file any additional motions *in limine* based on information revealed in the Jencks materials as soon as possible thereafter, to permit the Court to resolve any evidentiary issues at the Pretrial Conference.

Notice, Attachment A at 5-6.[2]  Under this schedule, Defendants would be required to file motions *in limine* arising out of the Jencks materials after the commencement of trial.  Such an outcome would defeat the purpose of the pretrial procedures set forth in the Court's Standing Order, which require even late motions *in limine* to be filed at least eight business days prior to the date set for jury selection -- and only then for "compelling" reasons.  See Standing Order at 5.  Moreover, under the government's schedule, it is possible that the government might preview evidence in its opening statement to which Defendants would have objected if they were aware of it through timely Jencks disclosures.  Such a scenario would be unfair and could give rise to the possibility of a mistrial depending on the seriousness of the issue.

An equally compelling reason to require the government to comply with the Jencks Order is to avoid unnecessary disruption of the trial.  If the government does not produce the bulk of the Jencks materials until after the commencement of trial, Defendants will be forced to request a substantial recess of the trial to permit Defendants adequate time to prepare cross-examinations of the government's anticipated witnesses.  Indeed, the reason prosecutors typically decline to strictly adhere to the deadlines authorized by the Jencks Act is precisely to avoid such unnecessary disruptions of trial.  The government's claim that its proposed Jencks disclosure schedule is "reasonable and generous" is baseless.  Gov't Notice at 1.  In a trial of this length, significance and complexity, the notion that the government would not provide substantial pretrial Jencks disclosures smacks of gamesmanship and would serve no purpose other than to hinder Defendants' ability to effectively prepare a defense.

---

[2] To be clear, the government proposed this schedule for Jencks disclosures in an early discovery letter in the case.  See Gov't Notice (Attach. A).  Defendants certainly never agreed to the schedule.  Defendants intended to negotiate with the government for a more reasonable Jencks disclosure schedule and, if necessary, seek the intervention of the Court if the parties could not reach agreement.  When the Court raised scheduling issues at the March 20, 2006 hearing, Defendants logically took up the Jencks issue at that time.

For the foregoing reasons, the Court should require the government to comply with the clear terms of the Jencks Order and disclose all of the Jencks material in this case 60 days prior to trial. If the Court is inclined to revisit this issue, however, Defendants respectfully request a hearing on this important issue.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

- 5 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: March 23, 2006