UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., ) | |
| Defendants. ) | |

**DEFENDANT DOUGLAS JEMAL'S MOTION TO
SEVER COUNTS FOR CONSOLIDATION WITH RELATED CASE**

Defendant Douglas Jemal, through counsel, hereby moves this Court to (1) sever Counts Six through Eight (the "Tax Evasion Counts") from the rest of the charges in the Indictment, pursuant to Federal Rule of Criminal Procedure 14(a), to avoid the substantial prejudice that Mr. Jemal would incur by potentially being tried twice for substantially similar conduct, and (2) consolidate the Tax Evasion Counts with the pending indictment of United States v. John E. Brownell, Crim. No. 06-77 (RMU), pursuant to Federal Rule of Criminal Procedure 13, for a single trial on all tax evasion charges relating to the compensation of Douglas Development Corporation employees by Douglas Jemal.

Defendants Blake Esherick and Norman Jemal consent to this motion. Defendant John Brownell consents to the request to consolidate the Tax Evasion Counts with the charges in his pending indictment for a single trial.

Mr. Jemal respectfully requests oral argument on this motion. A proposed Order is attached.

                                     Respectfully submitted,

                                     _____
                                     Reid H. Weingarten (D.C. Bar #365893)
                                     Brian M. Heberlig (D.C. Bar #455381)
                                     Steptoe & Johnson LLP
                                     1330 Connecticut Avenue, N.W.
                                     Washington, D.C. 20036-1795
                                     (202) 429-3000

                                     Michele A. Roberts
                                     Akin Gump Strauss Hauer & Feld LLP
                                     1333 New Hampshire Avenue, N.W.
                                     Washington, D.C. 20036
                                     (202) 887-4306

                                     Christopher B. Mead
                                     London & Mead
                                     1225 19th Street, N.W.
                                     Suite 320
                                     Washington, D.C. 20036
                                     (202) 331-3334

                                     Counsel for Douglas Jemal

Dated: May 1, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**UNITED STATES,**                         )
                                          )
     **v.**                               )    Crim. No.  05-0359-1, -2, -3 (RMU)
                                          )
**DOUGLAS JEMAL, et al.,**           )
                                          )
               **Defendants.**      )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOUGLAS JEMAL'S MOTION TO
<u>SEVER COUNTS FOR CONSOLIDATION WITH RELATED CASE</u>**

       The government plans to have this Court preside over two or even three different criminal tax evasion trials relating to allegations of impropriety in the way Douglas Jemal compensated his employees.  First, in September 2006, the government plans to try Counts Six through Eight (the "Tax Evasion Counts") in this case, which allege that Douglas Jemal aided and abetted the evasion of income taxes by Douglas Development Corporation ("DDC") employee Blake Esherick.  Second, in February 2007, in <u>United States v. John E. Brownell</u>, Crim. No. 06-77 (RMU) (the "Brownell Indictment"), the government plans to try DDC employee John Brownell on charges of conspiring with Douglas Jemal to evade income taxes, as well as several substantive tax evasion counts based on the manner in which Mr. Jemal compensated Mr. Brownell.  Third, the government has also indicated that there is a substantial possibility that Douglas Jemal will be indicted again, either imminently or after the trial in this case, on charges of aiding and abetting the evasion of income taxes of another DDC employee (the "Construction VP").  The conduct alleged in the Brownell Indictment and expected to be alleged in the indictment of Douglas Jemal and the Construction VP is the same as the conduct

described in the government's Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b), filed in this matter on December 22, 2005 ("the 404(b) Notice").

The Court should prevent the government from separately trying such similar cases two or even three times. Instead, the Court should (1) sever the Tax Evasion Counts from the rest of the charges in the Indictment to avoid the substantial prejudice that Douglas Jemal would face by having to potentially endure two trials based on virtually identical alleged tax evasion conduct, and (2) consolidate the severed Tax Evasion Counts with the Brownell Indictment and any forthcoming indictment of Douglas Jemal and the Construction VP to hold a single trial on all tax evasion charges relating to the compensation of DDC employees by Douglas Jemal. Such a consolidation would avoid the waste of time and resources that would otherwise result from the Court having to hold two or even three separate trials based on the same core set of facts.[1]

## I.     BACKGROUND

The Tax Evasion Counts allege that Douglas Jemal aided and abetted DDC employee Blake Esherick in the evasion of income taxes by compensating him in ways that were not reported to the Internal Revenue Service ("IRS"). On March 21, 2006, the government obtained the Brownell Indictment, which charges DDC employee John Brownell with conspiring to evade taxes with unindicted "Conspirator A," who is obviously Douglas Jemal, by receiving compensation from DDC and Mr. Jemal that was not reported to the IRS.

---

[1] Defendants Blake Esherick and Norman Jemal consent to this motion. Defendant John Brownell consents to the request to consolidate the severed Tax Evasion Counts with charges pending in the Brownell Indictment for a single trial.

In mid-March 2006, around the time of the Brownell Indictment, the government informed Douglas Jemal's counsel that it intended to obtain an indictment in the immediate future charging Douglas Jemal with aiding and abetting the Construction VP in the evasion of income taxes by compensating him in ways that were not reported to the IRS. Counsel urged the government not to indict Douglas Jemal a second time prior to trial in this case to avoid the negative publicity and potential tainting of the jury pool that such an indictment would likely cause. So as not to prejudice the government's investigation, counsel proposed that if the government did not include Mr. Jemal in the Construction VP's indictment at this time, Mr. Jemal would consent to being joined by information as a co-defendant in the Construction VP's indictment at the conclusion of the trial in this matter.

Neither the Construction VP nor Mr. Jemal have been indicted yet. Despite inquiries, the government has declined to identify when it intends to indict Mr. Jemal and the Construction VP.

## II.   ARGUMENT

### A.   The Court Has Broad Discretion To Sever Counts And Consolidate Related Cases For A Single Trial

Under Rule 14, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The decision to sever counts is committed to the Court's sound discretion and subject to review only for an abuse of discretion. United States v. Applewhite, 72 F.3d 140, 144 (D.C. Cir. 1995) (per curiam).

The Court also has significant discretion to consolidate related cases for a single trial. Federal Rule of Criminal Procedure 13 provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." As the D.C. Circuit has stated, "Rule 13 permits consolidation of two indictments if the counts could properly be joined in one indictment under Rule 8(b)." United States v. McDaniel, 538 F.2d 408, 411 (D.C. Cir. 1976). Under Rule 13, "district courts have wide discretion in determining when separately filed charges are appropriately consolidated into one action." United States v. Eiland, Crim. No. 03-379 (RCL), 2005 WL 3211808, at *3 (D.D.C. Oct. 26, 2005). Consolidation is particularly appropriate where it would "prevent duplication of evidence, thereby conserving the resources of the Court." United States v. Briscoe, 798 F. Supp. 28, 33 (D.D.C. 1992); see also Turner v. United States, 222 F.2d 926, 932 (4th Cir. 1955) (In affirming decision to consolidate, the court stated: "One might also say it would have been an abuse of discretion to require separate trials as to the two defendants since it would have required unnecessary repetition of substantially the same evidence.").

In this case, as set forth below, the Court should exercise its considerable discretion to sever the Tax Evasion Counts and consolidate them for a single trial with the charges pending in the Brownell Indictment and any forthcoming indictment of Douglas Jemal and the Construction VP.

- 5 -

### B. The Court Should Sever The Tax Evasion Counts To Prevent Substantial Prejudice To Douglas Jemal

The Court should sever the Tax Evasion Counts to avoid the substantial prejudice that Douglas Jemal would face by potentially being forced to endure two, back-to-back trials based on the same core set of facts. The Tax Evasion Counts allege that Douglas Jemal compensated Blake Esherick in ways that were not reported to the IRS, including through payments from DDC to Mr. Esherick that were recorded as loans on the Company's books and records, so as to assist Mr. Esherick in the evasion of income taxes. See Indictment at 8-10 (¶ 18). The government has indicated that the tax evasion charges in the anticipated indictment of Douglas Jemal and the Construction VP would similarly allege that Douglas Jemal compensated the Construction VP in ways that were not reported to the IRS, including through payments from DDC to the Construction VP that were recorded as loans on the Company's books and records, so as to assist the Construction VP in the evasion of income taxes. The government would attempt to prove in both trials that Mr. Jemal willfully assisted his employees in evading taxes, and that the payments at issue were not bona fide loans. Among other things, Mr. Jemal expects to defend these charges by establishing that many of the payments at issue were in fact legitimate loans (and recorded as such on DDC's books), and that other payments were gifts or acts of friendship that arose out of the extremely close, familial relationship that Mr. Jemal had with his key employees.

It would be profoundly unfair to require Mr. Jemal to prove his innocence of these interrelated tax evasion allegations at two separate trials. The Court should exercise its broad discretion to sever the Tax Evasion Counts to avoid the substantial prejudice that Mr. Jemal

would face if he is tried twice for tax evasion offenses related to the compensation of his employees.

      C.      **The Court Should Consolidate All Tax Evasion Counts Involving DDC Employees For A Single Trial**

The Court should also exercise its broad discretion to consolidate the severed Tax Evasion Counts with the related Brownell Indictment and any forthcoming indictment of Douglas Jemal and the Construction VP in the interest of judicial economy. All of these tax evasion allegations revolve around the central claim that Douglas Jemal compensated his employees in ways that were not reported to the IRS, including through certain payments that were recorded as loans on DDC's books, in order to willfully assist his employees in evading income taxes. Absent a consolidation, the Court will be required to conduct two or even three separate trials at which the government will attempt to prove the same operative set of facts as applied to the individual employee at issue. By granting this motion, the Court would prevent the duplication or even triplication of evidence in separate proceedings, and thereby greatly conserve judicial resources.

The charges in the Tax Evasion Counts and the Brownell Indictment could have been joined in a single indictment by the government, which could have also included the contemplated tax evasion charges against Douglas Jemal and the Construction VP. The government acknowledged as much in its 404(b) Notice, in which the government sought to admit evidence of tax evasion by the Construction VP and Mr. Brownell (identified as the "CFO") in this case as relevant to proving Douglas Jemal's intent on the Tax Evasion Counts and

establishing a "common scheme or plan."[2] Among others, the government made the following representations about the tax evasion allegations against Messrs. Jemal, Esherick, Brownell and the Construction VP:

- "The tax fraud involving Esherick is part of a broader common scheme or plan executed by Douglas Jemal to reward his critical employees and provide them an incentive to commit dishonest acts on his behalf by compensating them in ways which were not reported to the IRS." 404(b) Notice at 22;

- "Although there were some differences among the tax schemes, common features predominate . . . ." Id.;

- "As an accounting matter, these numerous and various payments to these three men were accounted for in the books of DDC by distributing the DDC checks and payments on their behalves among many different accounts in the company books, including 'loan,' 'loan repayment,' and 'miscellaneous G&A' accounts." Id.;

- "These events all occurred in the same time period . . . ." Id. at 23;

- "[T]he scope of the tax evasion activities in which Douglas Jemal participated, and the fact that these activities encompassed several employees and persisted over several years, demonstrates that Douglas Jemal's charged conduct vis-à-vis Esherick was simply part of a broader 'common scheme or plan' and reflects his modus operandi." Id.

The presentation of all of the evidence relating to the tax evasion allegations at a single trial would also conserve judicial resources and obviate the need for the relevant witnesses to testify in two or three separate proceedings. As one court has stated in granting a defendant's

---

[2] Defendants have opposed the government's request to introduce the Construction VP and Brownell tax evasion evidence in this case principally based on Rule 403, because the probative value of such evidence is substantially outweighed by the risk of unfair prejudice to Defendants and the waste of time and delay that would result from the presentation of such evidence. See Memorandum of Law in Support of Defendants' Motion *In Limine* To Exclude Evidence Alleged in Government's Notice of Intent to Introduce 404(b) Evidence, at 19-21. If the Court denies this Motion, Defendants continue to oppose the introduction of the Construction VP and Brownell tax evasion evidence in this case pursuant to Rules 404(b) and 403.

request to consolidate related indictments for a single trial, "[t]o require substantially the same evidence to be presented twice in lengthy trials is contrary to important public goals." United States v. Gilmore, 284 F. Supp. 2d 393, 395 (W.D. Va. 2003); see also United States v. Richards, 94 F. Supp. 2d 304, 310 (E.D.N.Y. 2000) ("considerations of efficiency and judicial economy weigh heavily in favor of joinder" to consolidate two cases where "much of the evidence will come from the same sources."). Here, the government has stated that "the evidence related to the CFO [Brownell] and the Construction VP will be presented nearly entirely by the same witnesses who would testify [against Jemal and Esherick] in this case." 404(b) Notice at 26. In the interest of judicial economy, the Court should consolidate these proceedings to permit this evidence to be presented in a comprehensive fashion in a single trial.

Finally, and significantly, Defendants Esherick and Brownell consent to the relief requested in this motion. The government would suffer no prejudice if the Court grants this motion.

**III.   CONCLUSION**

Consolidating all of the tax evasion offenses involving Douglas Jemal and DDC employees Blake Esherick and John Brownell, and if necessary the Construction VP, in a single trial is fair, sensible, and an effective conservation of judicial resources. For the foregoing reasons, the Court should (1) sever the Tax Evasion Counts (Counts Six through Eight) from the remaining charges in the Indictment, and (2) consolidate the severed Tax Evasion Counts with

- 9 -

the pending indictment of <u>United States v. John E. Brownell</u>, Crim. No. 06-77 (RMU), for a single trial.

                               Respectfully submitted,

                               _____
                               Reid H. Weingarten (D.C. Bar #365893)
                               Brian M. Heberlig (D.C. Bar #455381)
                               Steptoe & Johnson LLP
                               1330 Connecticut Avenue, N.W.
                               Washington, D.C. 20036-1795
                               (202) 429-3000

                               Michele A. Roberts
                               Akin Gump Strauss Hauer & Feld LLP
                               1333 New Hampshire Avenue, N.W.
                               Washington, D.C. 20036
                               (202) 887-4306

                               Christopher B. Mead
                               London & Mead
                               1225 19th Street, N.W.
                               Suite 320
                               Washington, D.C. 20036
                               (202) 331-3334

                               Counsel for Douglas Jemal

Dated:  May 1, 2006