UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DOUGLAS JEMAL'S MOTION TO
SEVER COUNTS FOR CONSOLIDATION WITH RELATED CASE**

In its opposition brief, the government mischaracterizes Defendant Douglas Jemal's position with respect to severance of the tax evasion charges in this case and the consolidation of those charges with <u>United States v. John E. Brownell</u>, Crim. No. 06-77 (RMU) (the "Brownell Case") for trial.  Moreover, the government has continued to refuse to take a definitive position on whether it will charge Mr. Jemal and yet another Douglas Development Corporation ("DDC") employee (the "Construction VP") with tax evasion.  Should the government do so, as it has previously represented, Mr. Jemal would be put in the patently unfair position of having to defend himself twice against tax evasion charges related to compensation of his employees.

Mr. Jemal seeks to have Counts Six through Eight (the "Tax Evasion Counts") in this case severed and consolidated for trial with the Brownell Case and any forthcoming indictment of Mr. Jemal and the Construction VP in order to (1) avoid the significant prejudice of being tried twice for substantially similar conduct and (2) eliminate the waste of time and resources that would otherwise result from the Court holding two or three separate trials based

on the same core set of facts. It is well within this Court's discretion to consolidate these related charges for trial. <u>See</u> Memorandum of Law in Support of Defendant Douglas Jemal's Motion to Sever Counts for Consolidation with Related Case at 3-4.

The government contends that this position -- seeking to avoid back-to-back trials on substantially similar facts -- is inconsistent with Mr. Jemal's previous position in Defendants' original motion to sever, in which Defendants requested that the Court sever the three sets of counts in the Indictment and hold three separate trials. The government's argument misses the point. Defendants' original motion to sever sought three separate trials, not for the sake of multiple trials themselves, but on the basis that the three sets of counts in the Indictment were improperly and prejudicially joined. Mr. Jemal's present request seeks to prevent the government from trying three separate cases involving the same core set of facts because such a process would be inefficient and unfair to Mr. Jemal. These positions are plainly not inconsistent. In both instances, Mr. Jemal's request has been based in part on the prejudice he would face by defending himself against the charges as presently joined for trial.

The government also does not acknowledge the role its actions have played in Mr. Jemal's decision to now seek a severance and consolidation of the various tax evasion charges. At the time of Defendants' original motion for severance, the government had not yet obtained an indictment of Mr. Brownell or represented that it intended to obtain yet another indictment against Mr. Jemal and the Construction VP. Consequently, Defendants could not argue at that time that severance and consolidation of the tax evasion charges was appropriate, thereby avoiding the so-called inconsistency to which the government now points.[1] Furthermore,

---

[1] The principal "inconsistency" of which the government complains is between (1) the Defendants' prior argument that the government's proposed Rule 404(b) evidence relating to the
(Continued …)

at present, the government still refuses to confirm whether it intends to seek an indictment of the Construction VP and Mr. Jemal in yet another case involving the same basic set of tax evasion allegations. The government's refusal to clarify this issue compelled Mr. Jemal to file the instant motion to attempt to avoid the substantial prejudice Mr. Jemal would face from back-to-back trials on the tax evasion claims.

In sum, in order to conserve judicial resources and obviate the need for the relevant witnesses to testify in two or three separate proceedings, as well as to avoid the substantial prejudice that Mr. Jemal would face if he is tried twice for similar tax evasion offenses, the Court should exercise its broad discretion to sever the Tax Evasion Counts and consolidate them with the Brownell Case and any future indictment of the Construction VP.

Respectfully submitted,

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

---

compensation of Brownell and the Construction VP is inadmissible in this case, and (2) Defendants' current argument that all three sets of tax evasion charges could be properly joined for a single consolidated trial after the upcoming trial on the Public Corruption Counts. However, Defendants sought to exclude the proposed tax evasion evidence relating to Mr. Brownell and the Construction VP in this case primarily based on Rule 403, on the grounds that (1) the probative value of such evidence would be substantially outweighed by the risk of unfair prejudice to Defendants, and (2) such evidence would needlessly prolong this trial and waste time and resources.

- 4 -

        Michele A. Roberts
        Akin Gump Strauss Hauer & Feld LLP
        1333 New Hampshire Avenue, N.W.
        Washington, D.C.  20036
        (202) 887-4306

        Christopher B. Mead
        London & Mead
        1225 19th Street, N.W.
        Suite 320
        Washington, D.C.  20036
        (202) 331-3334

        Counsel for Douglas Jemal

Dated:  June 12, 2006