# EXHIBIT A

# STEPTOE & JOHNSON LLP
ATTORNEYS AT LAW

Reid H. Weingarten
202.429.6238
rweingarten@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

November 1, 2005

By Hand Delivery

Mark H. Dubester, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Re:   United States v. Douglas Jemal, et al., Crim. No. 1:05-cr-0359 (RMU)
      Defendants' First Request for Discovery and *Brady* Material

Dear Mr. Dubester:

We are writing on behalf of Defendants Douglas Jemal, Norman Jemal, and Blake Esherick ("Defendants") regarding discovery in this case. It is our understanding from the government's memorandum in aid of scheduling, filed October 20, 2005, and from discussions between counsel, that the government intends to provide essentially "open file" discovery of the documents it has collected during its investigation. As part of this effort, the government has already provided one CD of discovery materials to Defendants. You have also described in the government's memorandum certain additional discovery that you intend to provide in the near future. Please let us know as soon as possible if this understanding is incorrect.

Notwithstanding this understanding, to preserve their rights and ensure that the record is complete, Defendants respectfully submit this formal request for discovery in this case. Defendants make this request pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure, Rule 16.1 of the Local Criminal Rules of the United States District Court for the District of Columbia (hereafter "Local Rules"), and the additional authority set forth below.

Defendants request that you produce and/or permit them to inspect and copy or photograph the materials specified below. This request encompasses not only documents and information in your possession, custody, or control, but also documents and information in the possession, custody, and

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
November 1, 2005
Page 2

control of any agencies of the United States involved in any way in regulating or investigating the activities alleged in the Indictment or related transactions, including but not limited to the Federal Bureau of Investigation ("FBI") or the Internal Revenue Service ("IRS"), as well as any District of Columbia or local law enforcement agencies or investigatory bodies that participated in the investigation.

Defendants request that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:[1]

Rule 16(a)(1)(E) Material

Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, Defendants request access to all material within the government's possession, custody, or control that: (1) is material to the preparation of the defense; (2) the government intends to use in its case-in-chief at trial; or (3) was obtained from, or belongs to, the Defendants. This request includes any of the above-referenced items that were obtained from or were the property of any employee, agent, or consultant of any of the Defendants and/or Douglas Development Corporation ("DDC"), Jemal's Fairfield Farms, LLC, Cayre Jemal's Gateway, LLC (a/k/a Cayre Jemal's Peoples, LLC), Cayre Jemal's Gateway Holdings, LLC, and MTD Real Estate Services, LLC. As part of this request, Defendants specifically request the following information:

1. all documents or electronic material obtained during the search of 702 H Street, N.W., Washington, D.C., as well as documents or notes of Government agents or others that reflect or refer to the precise location in 702 H Street where each document was located and retrieved by the Government;

2. all documents or electronic material obtained during the search of 6001 Nevada Avenue, N.W., Washington, D.C., as well as documents or notes of Government agents or others that reflect or refer to the precise location in 6001 Nevada Avenue where each document was located and retrieved by the Government; and

3. all documents or electronic material obtained during the search of 6151 Tuckerman Lane, Rockville, MD, as well as documents or notes of Government agents or others that reflect or refer to the precise location in 6151 Tuckerman Lane where each document was located and retrieved by the Government.

---

[1] All of these requests are continuing in nature, requiring supplementation in accordance with Rule 16(c) of the Federal Rules of Criminal Procedure.

STEPTOE & JOHNSON

Mark H. Dubester, Esq.
November 1, 2005
Page 3

*Brady* & Rule 3.8 Material

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, including Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), Kyles v. Whitney, 514 U.S. 419 (1995), Local Rules 16.1 and 57.26, and D.C. Rule of Professional Conduct 3.8, Defendants request immediate identification and disclosure of all materials that are exculpatory, would tend to negate the guilt of the Defendants or mitigate the offense, would tend to impeach witnesses, or are relevant to issues of punishment or sentencing, which are in the government's possession, custody or control, or otherwise known to the government, including but not limited to:

1. all documents or information (in whatever form) notwithstanding its nature or source, which would tend in any way to benefit Defendants, whether by way of exculpation or preparation for or presentation of their defense against the charges in the Indictment or for mitigation at a punishment stage;

2. all documents or information (in whatever form) indicating or tending to establish that any of the Defendants did not participate in any one or more of the events in which such Defendant is alleged to have participated in the Indictment;

3. all documents or information (in whatever form) indicating or tending to establish that any meeting, conversation, use of words, or practices that are the subject of the Indictment did not violate Government laws, regulations, standards or established business practices;

4. all documents or information (in whatever form) indicating or tending to establish instigation, facilitation, inducement, authorization, approval, knowledge, acquiescence, or awareness of any officer, employee, or agent of the United States, including the IRS, or the District of Columbia, including the Office of Property Management ("OPM"), regarding any of the events referred to in the Indictment;

5. all documents or information (in whatever form) indicating or tending to establish that any Defendant did not instigate, control, authorize, approve, or acquiesce in the practices that are the subject of the Indictment;

6. all documents or information (in whatever form) that may serve to impeach any government witness, including but not limited to:

    - all documents or information that shows any conviction or arrest of any government witness;

    - all documents or information relating to promises made or any consideration or inducements made to any prospective government

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
November 1, 2005
Page 4

        witness, whether directly to the witness or indirectly to the witness' attorney, friends, family or business associates. "Consideration" means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance of favorable treatment with respect to any criminal, civil, or administrative matter;

- all documents or information relating to material inconsistencies between statements given or transmitted by any person to the government or to any private person or entity, and all statements or other information which would tend to impeach the credibility of any intended witness;

- all information bearing adversely on the character or reputation of any intended government witness, including all evidence of community reputation for lack of truthfulness;

- each specific instance of conduct from which it could be inferred that any intended government witness is untruthful;

- all documents or information (in whatever form) relating to the disclosure of grand jury materials without obtaining a prior court order, including but not limited to disclosure to the media and/or to representatives of the FBI;

7. all transcripts of testimony before the grand jury in this case or FBI 302s containing exculpatory information;

8. all documents or information (in whatever form) indicating that Michael Lorusso provided any thing of value to any of the Defendants, including details related to the circumstances and value of such items;

9. all documents or information (in whatever form) indicating that the Defendants and Lorusso never discussed any official acts that Lorusso would perform or fail to perform in exchange for any of the things of value described in the Indictment;

10. all documents or information (in whatever form) indicating that Lorusso did not intend to perform or fail to perform any specific official acts to benefit the Defendants when he accepted any of the things of value described in the Indictment;

11. all documents or information (in whatever form) indicating that Lorusso did not know of any official acts that Defendants expected him to perform or fail to perform in exchange for any of the things of value described in the Indictment;

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
November 1, 2005
Page 5

12. all documents or information (in whatever form) indicating that Lorusso does not believe that he performed or failed to perform any of the official acts listed in the Indictment for the benefit of Defendants in exchange for the things of value described in the Indictment;

13. all documents or information (in whatever form) indicating that the official acts that Lorusso allegedly performed on behalf of the Defendants were decided on their merits and were not influenced by the receipt of any things of value from the Defendants;

14. all documents or information (in whatever form) indicating that any of the real estate transactions between the Defendants and/or DDC and the District of Columbia, as alleged in the Indictment, were at fair market value or otherwise contained fair and/or customary terms;

15. all documents or information (in whatever form) indicating that any of the invoices alleged in the Indictment were not fraudulent, excessive, duplicative, irregular or otherwise unsupported, including any evidence that the Defendants, DDC, and/or their agents performed the work described in the invoices;

16. all documents or information (in whatever form) indicating that that the Defendants and/or DDC were entitled to the payments made to MTD Real Estate Services, as alleged in Count Five of the Indictment; and

17. all documents or information (in whatever form) indicating that any of the payments from DDC to Defendant Esherick, as alleged in Counts Six through Eight, were gifts or loans.

As you are aware, the District of Columbia has adopted Rule of Professional Conduct 3.8, entitled "Special responsibilities of a prosecutor," which provides that a prosecutor shall not "intentionally fail to disclose to the defense, upon request and at a time when use by the defense is reasonably feasible, any evidence or information that the prosecutor knows or reasonably should know tends to negate the guilt of the accused or mitigates the offense . . . ." Rule 3.8(e). The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). See Kyles v. Whitley, 514 U.S. 419, 437 (1995) ("[Brady] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate. See ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense")).

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
November 1, 2005
Page 6

We contend that the foregoing categories of information constitute Rule 3.8(e) material, and that disclosure should take place no later than 30 days prior to Defendants' motions deadline (December 22, 2005) for its use to be "reasonably feasible," as contemplated by the rules. Given the volume of discovery material in this case, Defendants request that the government identify with particularity and provide copies of all materials that qualify as Brady and Rule 3.8 material, as described above.

Jencks Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure, Defendants request that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. In light of the volume of Jencks material we anticipate receiving in this case, we request that the government begin providing this material as soon as possible, or in any event no later than sixty (60) days prior to the start of trial.

Statements of Defendants

Pursuant to Rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure, Defendants request copies of any written or recorded statements made or adopted by any of the Defendants. This includes, but is not limited to:

1. all transcripts and/or recordings of conversations in which any of the Defendants or an indicted or unindicted co-conspirator was a participant;

2. all wire and oral communications made by any of the Defendants that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

3. all statements of witnesses that reiterate or incorporate the statement of any of the Defendants;

4. all transcripts and/or recordings of any District of Columbia City Council hearing in which any of the Defendants participated; and

5. all transcripts and/or recordings of any media interviews of any of the Defendants.

Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Defendants request copies of the prior criminal records, if any, of any of the Defendants or any indicted or unindicted co-conspirators.

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
November 1, 2005
Page 7

Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Defendants request documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the investigation of the charges contained in the Indictment. This includes, but is not limited to:

1. all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

2. all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

3. all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents that refer or relate to such examinations.

Expert Witnesses

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and Rules 702, 703 and 705 of the Federal Rules of Evidence, Defendants request a written summary of any testimony the government intends to use from expert witnesses, including but not limited to the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

Rules 403 and 404(b) Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b) of the Federal Rules of Evidence, Defendants request that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by any of the Defendants (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, in its case-in-chief.

Rule 801(d)(2) Evidence

Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, and the Defendants' right to a fair trial, Defendants request that the government disclose whether it intends to offer, in its case-in-chief, any evidence covered by Rule 801(d)(2) of the Federal Rules of Evidence. With respect to any such statements allegedly made by an indicted or unindicted co-conspirator during the course and in furtherance of any alleged conspiracy (Fed. R. Evid. 801(d)(2)(E)), we request that the government make its proffer at least 60 days prior to trial.

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
November 1, 2005
Page 8

Rule 1006 Evidence

Pursuant to Rule 1006 of the Federal Rules of Evidence, Defendants request that they be advised whether the government will seek to offer any chart, summary or calculation in evidence and requests that all writings, recordings, or other information on which such charts, summaries or calculations are based be made available sufficiently in advance of trial for inspection and copying.

Conclusion

Thank you for your cooperation in this matter. Please let us know at your earliest convenience whether there are any requests set forth in this letter with which you decline to comply. We are available to discuss any of the foregoing requests with you as necessary.

Sincerely,

Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Counsel for Douglas Jemal

Stan Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick