## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.  05-0359-1, -2, -3 (RMU)** |
| | ) | |
| **DOUGLAS JEMAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
## EVIDENCE OF AMENDED TAX RETURNS OR W-2 FORMS

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick

("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rules of Evidence

403 and 407, to exclude evidence of amended tax returns or W-2 forms in support of Counts Six

through Eight of the Indictment as evidence of subsequent remedial measures that would unfairly

prejudice the Defendants and unnecessarily complicate the trial.

Defendants respectfully request oral argument on this motion.  A proposed Order

is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  July 5, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.  05-359-1, -2, -3 (RMU)** |
| | ) | |
| **DOUGLAS JEMAL**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF AMENDED TAX RETURNS OR W-2 FORMS

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick

("Defendants"), through counsel, hereby move this Court to preclude the government from

admitting into evidence any amended tax returns or W-2 forms in support of Counts Six through

Eight of the Indictment (the "Tax Evasion Counts").  The Court should exclude such evidence

pursuant to Federal Rules of Evidence 403 and 407 as evidence of subsequent remedial measures

that would unfairly prejudice the Defendants and result in needless complication of the trial.

I.      INTRODUCTION

        The Tax Evasion Counts charge Defendants Blake Esherick and Douglas Jemal

with tax evasion based on certain payments from Douglas Development Corporation ("DDC") to

Mr. Esherick or on his behalf that the government contends should have been reported as income

by Mr. Esherick.  The Indictment alleges that the unreported compensation consisted of

payments to Mr. Esherick's ex-wife, payments to Mr. Esherick, rent-free housing, payments for

an automobile and payments to credit card companies.  Many of the payments at issue were

recorded on the books and records of DDC as loans.  Defendants contend that such payments

were in fact loans, and that the other payments at issue were intended to be either loans or gifts that are not taxable compensation to Mr. Esherick.

In 2005, after learning about the nature of the government's investigation, Defendants, at the direction of their former counsel in an effort to settle this matter and convince the government not to bring charges, decided to resolve certain issues in favor of the government and file amended tax returns and W-2s. The amended tax returns and W-2s impute interest income to Mr. Esherick for the loans he received from DDC and also characterize other payments, such as housing and automobile expenses, as compensation to Mr. Esherick. In addition, DDC stopped making loans to Mr. Esherick and increased Mr. Esherick's salary. Notwithstanding these remedial measures, the government charged Defendants Esherick and Douglas Jemal with tax evasion.

The government has made clear that it intends to offer evidence of amended tax returns and/or W-2 forms at trial. The government first indicated its intent to offer such evidence in its Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) ("404(b) Notice").[1] Defendants, in their Motion *In Limine* to Exclude Evidence Alleged in the Government's Notice of Intent to Introduce Rule 404(b) Evidence ("Defendants' Motion *In Limine*"), asked the Court to exclude such evidence on the basis that, <u>inter alia</u>, it constituted evidence of subsequent

---

[1] Specifically, the government contended that the following evidence was "inextricably intertwined" with the charged offenses and therefore not subject to Rule 404(b):

- Alleged efforts to assist Defendant Esherick in the evasion of taxes in 1998 through 2000 and 2004 -- years prior and subsequent to the years covered by the Tax Evasion Counts. 404(b) Notice at 4; and

- Alleged actions to increase Defendant Esherick's reported compensation in 2005, and the payment of certain obligations by Defendant Esherick that had been paid previously by DDC -- subsequent to the last tax year covered by the Tax Evasion Counts. <u>Id.</u> at 4-5.

remedial measures, and is therefore prohibited by Rule 407.[2]  See Defendants' Motion *In Limine* at 14-18.  The government filed an opposition brief in response to Defendants' motion, claiming that amended tax returns have been "routinely" admitted in tax evasion cases.  See Government's Opposition to Defendants' Motion *In Limine* to Exclude Evidence Alleged in Government's Notice of Intent to Introduce Rule 404(b) Evidence at 8.  At the March 7, 2006 Motions Hearing before the Court, counsel for Douglas Jemal argued that the amended returns constituted subsequent remedial measures which should be excluded both for public policy reasons and because their admission would result in unnecessary complication of the trial.  Transcript of Mar. 7, 2006 Motions Hearing ("Tr.") 23.  In response, the government reiterated its intent to introduce the amended tax returns at trial, comparing the Defendants' conduct in filing the returns to "an attempt to basically return the money to [the] bank after they robbed the bank . . . ."  Tr. 32.

---

[2] Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.  This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407.

The government has included on its preliminary list of trial exhibits[3] three of Defendant Esherick's amended tax returns and three amended W-2 forms. The government has also requested, by a subpoena issued to Douglas Development Corporation on June 8, 2006, "all records which itemize and/or otherwise provide the calculations for all components of the additional income reflected in the amended W-2s for Blake Esherick issued for calendar years 2001, 2002, 2003 and 2004."[4] Thus, it is clear that the government intends to offer both the amended tax returns and W-2 forms at trial. For the reasons set forth below, the Court should exclude Government Exhibits 30 (Amended 2003 Tax Return for Blake Esherick), 32 (Amended 2002 Tax Return and W-2 Form for Blake Esherick), 33 (Amended 2001 Tax Return and W-2 Form for Blake Esherick), and 34 (Amended 2004 W-2 Form for Blake Esherick), as well as any other amended tax returns or W-2 forms offered by the government for admission at trial.[5]

## II.    ARGUMENT

The Court should preclude the government from introducing evidence regarding efforts on the part of the Defendants to take remedial measures by amending tax returns and W-2 forms after being placed on notice of the government's investigation. The amended tax returns

---

[3] Because the government has not yet disclosed its final exhibit list, Defendants do not know whether the government intends to maintain the numbering system used in its post-Indictment production of documents to Defendants. For purposes of this motion, however, Defendants will reference the exhibits at issue using the government's present numbering system.

[4] The amended W-2s were prepared at the direction of counsel in anticipation of litigation. Defendants anticipate that counsel for DDC will assert the work product doctrine over the records that itemize or provide the calculations for the additional income reflected in Mr. Esherick's amended W-2s.

[5] Defendants also continue to seek the exclusion of the evidence proffered in the government's 404(b) Notice. The Court did not rule on Defendants' Motion *In Limine* to exclude such evidence at the initial motions hearing in this case.

and W-2 forms are irrelevant to establishing Defendants' intent at the time they engaged in the

conduct alleged in the Tax Evasion Counts.  Moreover, allowing the government to introduce

such evidence creates perverse incentives and penalizes the Defendants for efforts to address the

concerns of government investigators.  Finally, even if such evidence is deemed relevant, the

minimal probative value of the evidence is far outweighed by the risk of unfair prejudice to the

Defendants and needless complication of the trial.

        An amended tax return is not admissible as proof of the defendant's purported

fraudulent intent in submitting the original tax return.  As explained by the U.S. Court of

Appeals for the Second Circuit in an analogous case, the filing of an amended tax return is "not

an admission of fraud" and is actually encouraged by the taxing authorities.  United States v.

Dyer, 922 F.2d 105, 108 (2d Cir. 1990) (rejecting government's claim that a taxpayer's filing of

an amended tax return establishes fraudulent intent with respect to the original tax return).  The

court held that "[a]t most, filing an amended return indicates that the taxpayer *now* believes he

was mistaken at the time he filed the original return; in no way does it shade that minimal

assumption toward proof of the requisite fraudulent intent" when filing the original return.  Id.

See also Santopietro v. United States, 948 F. Supp. 145, 154 (D. Conn. 1996) (stating that "the

filing of an amended return is not an admission of fraud and that it can only support an inference

of a mistake"), aff'd in part, vacated in part, 166 F.3d 88 (2d Cir. 1999), overruled in part on

other grounds by Sabri v. United States, 541 U.S. 600 (2004).  Similarly, in this case, any

evidence of amended tax returns or W-2 forms is irrelevant to proving whether the Defendants

willfully intended to evade taxes when preparing or filing the original documents.

        Even if the evidence could be deemed relevant, its minimal probative value is

substantially outweighed by the danger of unfair prejudice to Defendants because of its remedial

nature.  In an analogous civil context, "courts have held that where a person is charged with engaging in an intentional act alleged to violate the law, that person's subsequent decision to abandon the allegedly lawless conduct is a 'remedial measure' under [Federal Rule of Evidence] 407" and hence inadmissible.  23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5284 (1980) (collecting cases).  For example, in Malone v. Microdyne Corp., 26 F.3d 471, 480 (4th Cir. 1994), a securities fraud case, the Fourth Circuit held that the defendant's Form 10-K Annual Report, which was filed with the SEC after the allegedly misleading statements at issue in prior filings, was properly excluded by the district court under Rule 407.  The plaintiffs argued that the Form 10-K included a disclosure that should have been included in two previous quarterly SEC filings, and that the document was admissible "as evidence of 'an admission of a hotly contested fact'" in the case.  26 F.3d at 480.  The court disagreed, finding that "[t]he potential prejudice from introducing the Form 10-K is clear:  jurors likely would view its disclosure . . . as proof of culpable conduct, akin to a landlord's fixing a stairway after being sued by an injured tenant."  Id.  In addition, the court noted, "[t]he probative value of the Form 10-K for other purposes is dubious."  Id.  See also Krouner v. Am. Heritage Fund, Inc., 899 F. Supp. 142, 147 (S.D.N.Y. 1995) (in securities fraud case, the court declined to consider a prospectus issued by the defendant in the year subsequent to the prospectus at issue in plaintiff's complaint); SEC v. Geon Indus., Inc., 531 F.2d 39, 52 (2d Cir. 1976) (applying Rule 407).

Similarly, the Court should exclude any evidence of the amended returns or W-2 forms because the government seeks to offer such conduct as evidence of Defendants' culpable conduct in prior years, a purpose that the policy behind Rule 407 clearly prohibits.  Such evidence presents a grave danger that jurors would improperly conclude that Defendants decided

to amend the forms after being put on notice of a government investigation because they believed their prior conduct was unlawful -- much like the improper inference that could be drawn from "a landlord's fixing a stairway after being sued by an injured tenant." Microdyne, 26 F.3d at 480. In fact, Defendants could have lacked any criminal intent to evade taxes at the time the documents were prepared, but modified their conduct after receiving notice of the investigation so as to be conservative, eliminate any doubt and satisfy the concerns of the government in an effort to settle potential litigation.

Finally, as Defendants argued at the Motions Hearing, the Court should exclude this evidence pursuant to Rule 403 because the evidence would result in undue delay, complication of the issues, and the need for multiple additional witnesses at trial.[6] The Defendants decided to amend the tax returns at issue on the advice of counsel. Should the amended tax returns and W-2 forms be admitted at trial, Defendants might need to call witnesses to testify regarding that advice and the steps that led to the filing of the amended returns. This would, in effect, lead to a mini-trial on the decision to amend and the process of filing the amended returns -- all of which would take a significant amount of time and resources while distracting the jurors from the real issues in the case.

The Court has already made clear at the Motions Hearing that it is wary of the trial becoming "a kitchen-sink case." Tr. 50.[7] Evidence of acts not charged in the indictment

---

[6] In addition, the admission of extraneous tax-related documents at trial would severely prejudice Defendant Normal Jemal because he is not even charged in the Tax Evasion Counts.

[7] The Court stated:

> [T]here are any number of other reasons, as you know, contained in [Rule] 403 that give the court the authority to not permit evidence into the case.

(Continued…)

should be excluded pursuant to Rule 403 if its introduction will create a "trial within a trial,"

United States v. Aboumoussallem, 726 F.2d 906, 912 (2d Cir. 1984) (quotation marks omitted),

or if the government is likely to spend more time "dealing with alleged wrongful conduct not

covered by the indictment than . . . dealing with the incidents" for which the defendant is

charged.  United States v. Jones, 570 F.2d 765, 769 (8th Cir. 1978).  Accordingly, the Court

should exclude this evidence pursuant to Rule 403.

## III.    CONCLUSION

For the foregoing reasons, the Court should exclude any evidence of amended tax

returns or W-2 forms at trial.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

_____

(…Continued)
One of them is confusing the jury.  Another one is time.  Another one is cumulative evidence.  So I want to disabuse both sides of the notion that you are simply going to present evidence ad infinitum during the trial.  You are not. . . .

So please keep those thoughts in mind, and specifically you, Mr. Dubester.  I mean this is not going to be a kitchen-sink case.

Tr. 49-50.

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  July 5, 2006