UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-359-01, -2, -3 (RMU) |
| : | |
| DOUGLAS JEMAL, ET AL. : | |

### GOVERNMENT'S MOTION IN LIMINE TO LIMIT AND CONTROL DIRECT EXAMINATION OF ANY CHARACTER WITNESSES

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully requests pursuant to Federal Rules of Evidence 402, 403, 405(a), and 611 that the Court take appropriate steps to ensure that any defense character witnesses do not testify about specific instances of conduct.

Rule 404(a)[1] of the Federal Rules of Evidence provides that a defendant may offer "[e]vidence of a pertinent trait of character * * *." Rule 405(a),[2] which sets forth the methods of proving character, allows questions about specific instances of conduct only on cross

---

[1] Rule 404(a) provides, in relevant part:

"**(a) Character Evidence Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

    (1) **Character of Accused.** Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same * * *."

[2] Rule 405(a) provides:

"**(a) Reputation or opinion.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross examination, inquiry is allowable into relevant specific instances of conduct."

examination. Thus, other than through cross examination, or in circumstances not present here,[3] the defense may not present character evidence through direct examinations that elicit testimony recounting specific instances of conduct.

Experience has shown, however, that character witnesses often stray into testimony recounting specific instances of conduct. This is true both for character witnesses called by defendants and those called by the government in rebuttal; and it is not necessarily because such witnesses are intentionally violating the Rules or court orders. Witnesses understandably wish to explain why they hold, or the community holds, someone in high esteem; and one common and persuasive method of justifying such views outside the confines of the Rules of Evidence is to describe specific instances where the person being praised lived up to the honored trait.

The drafters of Rule 405 specifically recognized this problem in precluding specific-instance character testimony on direct examination, noting that

> "of the three methods of proving character * * *, evidence of specific instances of conduct is the most convincing. At the same time, it possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time."

Fed. R. Evid. 405, Advisory Comm. Notes to 1972 Proposed Rules.

---

[3] Rule 405(b) provides that "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that conduct." That subsection does not apply here. It applies, as its language makes clear, only in cases where character is an essential element, such as in an entrapment defense. See, e.g., United States v. Thomas, 134 F.3d 975, 980 (9th Cir. 1998); see also Shakur v. United States, 32 F. Supp.2d 651, (S.D.N.Y. 1999) ("'Evidence of specific acts is permissible to prove character when the character of a person is an essential element of a charge, claim or defense. The permissive use of evidence of specific acts is regularly misinterpreted by trial lawyers. It is allowed only when character itself is an issue under substantive law * * *. When character is used circumstantially to prove a consequential fact, proof by specific instances is not permitted for practical reasons.'") (quoting Weinstein et al., 2 Weinstein's Federal Evidence § 405.04[4], at 405-41-42 (2d. ed 1997)).

The Court has the power to ensure that character witnesses do not go beyond allowable evidence into testimony about specific instances of conduct. See McGlaughlin et al., Weinstein's Federal Evidence § 404.11[2][a], at 404-22-24 (2d ed. 2006), ("[T]he trial court retains its traditional discretion to limit the scope of the [character evidence] proof, as by <u>limiting</u> the number of witnesses, or the <u>manner in in which the proof is adduced</u>; or by controlling the order of proof.") (emphasis added) (footnotes omitted). That power is located in its inherent power and, more specifically, in Rule 611(a), which provides that "[t]he Court shall exercise reasonable control over the mode * * * of interrogating witnesses and presenting evidence * * *."[4] See Fed. R. Evid. 611(a).

The government therefore respectfully requests that the Court order defense counsel to prepare any character witnesses not to testify about specific instances of conduct and that it admonish any such witnesses outside the presence of the jury that they are not to testify about specific instances of conduct. Moreover, in the event defense counsel are not able to reign in their character witnesses, the government respectfully requests that, at the very least, the Court order that direct examination of character witnesses be conducted solely through leading questions. Such questions can be scripted to prevent witnesses from answering anything but acceptable questions; and the Rules specifically contemplate that trial courts may use their power to achieve this result. Thus, Rule 611(c) specifically contemplates that "[l]eading questions * * * may be necessary to develop the witness' testimony."

---

[4] The Court also has power under Rule 402 to exclude evidence about specific instances of conduct as legally irrelevant on direct examination. It also has power under Rule 403 to exclude such evidence as posing a danger of "unfair prejudice, confusion of the issues, or misleading the jury," or on "considerations of "undue delay [or] waste of time * * *." See Fed. R. Evid. 403.

WHEREFORE, the government's motion should be granted.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>UNITED STATES ATTORNEY

By: _____
Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney