UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01, -2, -3 (RMU) |
| | : | |
| DOUGLAS JEMAL, ET AL. | : | |

# GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AMENDED TAX RETURNS OR W-2 FORMS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendants' Motion in Limine to Exclude Evidence of Amended Tax Returns or W-2 Forms. In support of this Opposition, the Government respectfully submits:

The Indictment in this case charges that Douglas Jemal and Blake Esherick committed tax crimes, charged for calendar years 2001, 2002 and 2003. The conduct of the two men prior to 2001 and subsequent to 2003 provides strong evidence of their criminal scheme.[1]

In June 2005, Esherick made statements concerning his income for calendar years 2001, 2002, 2003, and 2004. Those statements are in the form of amended tax returns for 2001 and 2002, a late return for 2003, and a timely return (after an extension) for 2004. (Amended W-2s issued by Douglas Development accompanied the returns.) These written statements of the

---

[1] Thus, for example,

- it is relevant that from 1998 through 2004, Esherick never received a reported salary increase – but instead was paid at the steady rate of $70,200 per year – while the alleged unreported income grew at a steady rate, bringing his true compensation to a range of approximately $150,000 $200,000, and that in 2005 it was raised from $70,2000 to $300,000;

- it is relevant that the tax evasion scheme to demonstrate the roots of the tax evasion scheme by conduct that occurred prior to 2001.

defendant, signed under penalty of perjury, made with advice of counsel, are squarely admissible under Rule 801(d)(2) as admissions of a party-opponents. These statements are plainly reliable and relevant, case law squarely supports their admission, and the defendants' policy arguments are contrived.

We note at the outset that there is every reason to treat these statements as reliable: it is hard to believe that Esherick, under investigation and represented by counsel, would have at that time contemplated lying to the government. Moreover, the relevance of these statements is manifest: these were statements, under penalty of perjury, specifically addressing a critical issue in this case, namely, the amount and nature of the income Esherick actually received in 2001, 2002, and 2003 (and 2004).

It is certainly understandable that an individual facing tax investigations might do exactly what Esherick did in this case – file amended returns and pay back taxes in the hope the tax investigation would go away. The acts of Esherick in this regard are no different from the conduct of any individual under investigation who makes statements or engages in actions (such as "voluntary" pre-Indictment restitution) with the hope that by such statements or conduct he can dissuade law enforcement from charging him with a crime. However, in taking such steps, the taxpayer, like any individual under investigation, runs the risk that his statements or conduct will be used against him.

Thus, the law is overwhelmingly clear that amended returns may be used as evidence as to the existence of a prior year tax deficiency. See, e.g., United States v. Dale, 991 F.2d 819,

830-31, 851 (D.C. Cir.), cert. denied, 510 U.S. 906 (1993).[2] See, also, United States v. Dowell, 446 F.2d 145, 147 (10th Cir. 1971) (affirming tax evasion convictions where amended returns introduced at trial to prove a "a consistent pattern of underreporting large amounts of income"), cert. denied, 404 U.S. 984 (1971); United States v. Rosenblum, 176 F.2d 321, 330 (7th Cir.) (affirming tax evasion convictions where amended returns filed after commencement of investigation used to demonstrate tax deficiency), cert. denied, 338 U.S. 893 (1949); United States v. Santopietro, 948 F.Supp. 145, 154 (D.Conn. 1991) (jury permitted to consider amended return filed by defendant after commencement of investigation); United States v. Nunan, 236 F.2d 576, 589 (2d Cir. 1956) (affirming tax evasion convictions, noting that "the filing of the amended returns under the circumstances could give appellant no immunity on account of any prior wilful misstatement or omission of taxable income. It was for the jury to consider these items of proof together with all the other evidence in the case and give them such probative weight on the issues as the jury might decide upon."), cert. denied, 353 U.S. 912 (1957).[3]

---

[2] Defendants in Dale, when confronted with a criminal investigation, filed amended returns reversing two corporate deductions of $316,000 and $500,000 that had been fraudulently included on the 1986 corporate return and paying the corresponding taxes due and owing. These amended returns were used by the government at trial as proof of the inaccuracy of the original return and as proof of the amounts due and owing. The defendants in Dale attempted to portray these amended returns as evidencing their good faith. These facts are nearly identical to those of this case. The convictions were affirmed.

[3] In numerous other tax evasion prosecutions, the government's ability to admit amended returns as part of the trial proceedings is simply taken for granted. See, e.g., United States v. Neill, 964 F. Supp. 438 (D.D.C. 1997); United States v. Tucker, 133 F.3d 1208, 1212 (9th Cir. 1998) (amended returns admitted at trial); United States v. Charroux, 3 F.3d 827, 831 at n. 7 (5th Cir. 1993) (discussion of amended returns); United States v. Johnson, 893 F.2d 451, 454 (1st Cir. 1990) (defendant filed amended returns for the charged years of evasion "in an effort to bolster to bolster his defense of good faith"); United States v. Williams, 470 F.2d 915, 917 (2d Cir. 1972) ("In 1969 after he learned of the criminal investigation which ultimately resulted in his indictment, Williams filed amended returns for 1966 and 1967 and his father filed an amended

Notably, the defendants do not cite a single case for the proposition that amended returns may not be used by the government as admissions by the taxpayer in a tax evasion prosecution as to the existence of prior unreported income or tax deficiency. Even in United States v. Dyer, 922 F.2d 105 (2nd Cir. 1990), cited by the defendants, the Second Circuit did not disapprove of the admission of amended returns against the defendant in a tax evasion prosecution; it simply disapproved an inartful instruction that "permit[ted] the jury to infer willfulness solely from the filing of an amended return." Dyer, 922 F.2d at 108 (emphasis supplied). The defendants otherwise rely on a body of law having nothing to do with criminal tax prosecutions, such as the law regarding repairs to broken stairways. Arrayed against the criminal tax cases on point, the paucity of support for the defendants' position is telling.

Defendants' policy arguments are contrived and lend no basis to the suppression of evidence. The defendants would treat Esherick's filing of the returns as little more than a game to be played on law enforcement. They want the Internal Revenue Service to believe what Esherick has to say, but not a jury. They want the returns and their contents to be evidence of good faith, but not evidence of a crime.

However, the written statements of Esherick were voluntary, not coerced, not in response to government interrogation, and they were made with advice of counsel. Under these circumstances, there is no sound reason to impose on society the substantial cost of distorting the truth-seeking process by concealing such evidence from the jury. Defendants' policy arguments reduce to the proposition that Esherick should be given, in effect, a form of testimonial immunity

---

return for 1968."). The returns typically provided bases for both government and defense arguments at trial.

for his statements, even though it was Esherick who signed and filed the returns when he perceived that doing so was in his self-interest. It is not surprising the defendants can find no case on point; for there is no sound reason that the law should provide an individual under tax investigation the freedom to state whatever he pleases on an amended return, with no regard to truth or falsity.

Defendants finally observe that Esherick relied on the advice of counsel and, rather remarkably, use this as a basis to support their motion in limine. However, it is widely recognized that statements of an individual are more reliable, rather than less so, by the presence and involvement of counsel. Miranda v. Arizona, 384 U.S. 436, 470 (1966) ("counsel can mitigate the dangers of untrustworthiness"). It is hardly plausible that counsel advised Esherick not to tell the truth. The defendants nonetheless point to the role of counsel in the preparation of the returns as suggesting the possibility of complicated trial litigation arising from this issue. There is no reason to believe that such distractions are necessary or likely, or that the Court should look favorably upon this argument.[4]

* * *

---

[4] The government has profound incentives to keep the trial moving in a straight-ahead fashion, to have the jury focus on the government's case, and not have the jury distracted by side issues. The defendants have every right to defend as they see fit, but certainly, their incentives are not necessarily the same as the government's.

Thus, it is a sign of the true weakness of the defendants' position that they suggest that if the Court does not rule their way, they "might" present defenses of a nature that will necessitate a "trial within a trial." Defendants' Motion at 7, 8 (emphasis supplied). In essence, they say to the Court: if you rule the Government's way, you "might" regret it, though they say it much more diplomatically. There is substantial reason to treat with caution a defense argument along the lines that the offer of evidence by the government can only be addressed by legally and factually complicated defenses that threaten to derail the trial.

In short, the law firmly supports the admissibility of these signed statements. The returns at issue could not be more reliable, straightforward and inherently relevant. No policy arguments support the suppression of this relevant evidence. Indeed, the policy arguments suggested by the defense would impose substantial societal costs by concealing relevant evidence from the jury for the purpose of permitting individuals under tax investigation to play tactical games with the government.

WHEREFORE, the government requests defendants' motion be DENIED.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: ______________________

Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Timothy G. Lynch
Assistant United States Attorney