UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Crim. No.  05-359-1, -2, -3 (RMU) |
| | ) | |
| DOUGLAS JEMAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*
TO LIMIT AND CONTROL DIRECT EXAMINATION
OF ANY CHARACTER WITNESSES**

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby submit this opposition to the Government's Motion *In Limine* to Limit and Control Direct Examination of Any Character Witnesses ("Gov't Mot. to Limit Character Witnesses").  As an initial matter, the government's motion is premature, as it is still more than a month before trial, and Defendants have not yet determined what type of character evidence, if any, they will seek to offer.  Moreover, Federal Rule of Evidence 405 expressly allows a defendant to introduce character evidence "by testimony as to reputation or by testimony in the form of an opinion," Fed. R. Evid. 405(a), and the language of the Rule itself does not foreclose the admissibility of specific instances of conduct on direct examination.  For these reasons, which are discussed in more detail below, the government's motion should be denied.

**I.       ARGUMENT**

A criminal defendant is expressly permitted to introduce evidence regarding his character at trial.  Federal Rule of Evidence 404(a)(1) provides that a defendant may offer

"[e]vidence of a pertinent trait of character," while Rule 405(a) provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion." Character evidence is of critical importance to a defense case; in fact, a jury may base an acquittal on character evidence alone. See United States v. Lewis, 482 F.2d 632, 636 (D.C. Cir. 1973); United States v. Wooden, 420 F.2d 251, 253 (D.C. Cir. 1969). See also United States v. Lewin, 467 F.2d 1132, 1139 (7th Cir. 1972) ("an accused has the right to offer evidence of his good character . . . to show that he was unlikely to have acted in the manner and with the intent charged in the indictment"); Michelson v. United States, 335 U.S. 469, 476 (1948) (defendant may present testimony of "the general estimate of his character").

As the government acknowledges, Defendants are clearly entitled to present evidence of their good character at trial. The government's motion presumes, however, that Defendants intend to introduce character evidence that does not fit within the parameters of Rules 404 and 405. As already noted, Defendants have not yet determined what specific evidence, if any, they intend to offer. Therefore, the government's motion is premature and should be denied.[1]

---

[1] The Court will retain its discretion over the matter and can consider the scope of Defendants' presentation of evidence once the issue is ripe for decision.

With respect to the government's request that the Court to issue an order restricting defense counsel's questioning of character witnesses based on its inherent power and Federal Rule of Evidence 611, see Gov't Mot. to Limit Character Witnesses at 3, Defendants again submit that such an order would be premature at this point in the case. Furthermore, Defendants note that "[a]lthough decisions that a court makes under Rule 611 may indirectly affect whether proof is admitted, the Rule does not provide an independent ground for excluding otherwise-admissible evidence." United States v. Colomb, 419 F.3d 292, 297 (5th Cir. 2005).

- 3 -

In any event, contrary to the government's argument, Rule 405(b) does not act an as an absolute bar to the admission of specific instances of Defendants' good conduct. The advisory committee's note expressly contemplates testimony on direct examination as to "the nature and extent of observation and acquaintance upon which the [witness'] opinion is based." Fed. R. Evid. 405 advisory committee's note. Moreover, the U.S. Court of Appeals for the Second Circuit has noted a trial court's discretion to permit a defendant to present evidence of specific instances of good conduct when such conduct bears on the defendant's intent to commit the charged offense. See United States v. Nachamie, 28 Fed. Appx. 13, 21, 2002 WL 108341, at *4 (2d Cir. 2002) (noting that trial court permitted "some testimony as to specific instances of Martinez's charity toward senior citizens, enabling Martinez to argue that (contrary to the government's allegation) Martinez could not have intended 'to take advantage of the elderly'"). Similarly, in this case, testimony relating to specific instances of goodwill exhibited by the Defendants towards, for example, the District of Columbia, would bear on their purported intent to defraud the D.C. Government and its citizens, as alleged in Count Three of the Indictment.

In sum, the Court should deny the government's motion because it is premature and because the Federal Rules of Evidence do not definitively prohibit the introduction of specific instances of conduct on direct examination.

## II.    CONCLUSION

       For all of the foregoing reasons, the Court should deny the government's motion to limit Defendants' presentation of character evidence.

Respectfully submitted,

_/s/_

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

- 5 -

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  July 17, 2006

- 5 -