UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CONSOLIDATED REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTIONS *IN LIMINE* (1) TO EXCLUDE EVIDENCE OF PRIOR,
UNRELATED, SETTLED VENDOR/CONTRACTOR LAWSUITS AND (2) TO
EXCLUDE EVIDENCE OF PRIOR RELATED CIVIL LAWSUIT AND SETTLEMENT**

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby submit this reply memorandum of law in further support of their motions *in limine* to prohibit the government from introducing at trial any evidence that refers to (1) nine settled lawsuits filed by various vendors and contractors against Douglas Development Corporation ("DDC") and other entities owned by Defendant Douglas Jemal (the "vendor/contractor lawsuits"), and (2) the District of Columbia's settled civil False Claims lawsuit against Defendants Douglas Jemal and Blake Esherick (the "District lawsuit"). This evidence should be barred as irrelevant under Federal Rule of Evidence 402, unduly prejudicial under Federal Rule of Evidence 403, and inadmissible evidence of compromise negotiations under Federal Rule of Evidence 408.

I.  ARGUMENT

    A.  **The Court Should Exclude Evidence Relating To The Vendor/Contractor Lawsuits Under Rules 402 and 403**

Evidence relating to the vendor/contractor lawsuits against DDC and other Douglas Jemal entities is irrelevant and should not be admitted at trial. As discussed in more detail in Defendants' moving papers, five of the lawsuits (Government Exhibits 691, 692, 693, 697 and 698) stem from disputes involving properties that are not even referenced in the Indictment. The other four lawsuits (Government Exhibits 690, 694, 695 and 696) relate to work performed by contractors at 77 P Street or Addison Road, but the Indictment makes no allegation that any invoice relating to such work was false or inflated. Additionally, four of the lawsuits and settlements (Government Exhibits 692, 693, 694 and 698) predate Lorusso's tenure with the District. Because none of the lawsuits bear on the allegations in the Indictment, they do not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would [otherwise] be," Fed. R. Evid. 401, and should be excluded from admission at trial.

    The government contends that evidence of these unrelated, settled lawsuits is relevant to show Defendants' alleged financial distress and motive for committing the charged crimes. However, even if marginally relevant, any probative value is substantially outweighed by the unfair prejudice to Defendants and the "needless presentation of cumulative evidence." Fed. R. Evid. 403. A company's settlement of civil lawsuits does not establish financial distress, but is highly prejudicial to Defendants because jurors may make incorrect inferences from multiple suits about Defendants' business practices. Moreover, such evidence may require Defendants to introduce additional evidence about these lawsuits and settlements to provide

appropriate context. Finally, the government itself has admitted that evidence of the vendor/contractor lawsuits is unnecessary and cumulative, by conceding that "[t]here are of course other ways the government could try to make this point." Government's Opposition to (1) Defendants' Motion *In Limine* to Exclude Evidence of Prior Related Civil Lawsuit and Settlement, and (2) Defendants' Motion *In Limine* to Exclude Evidence of Prior, Unrelated, Settled Vendor/Contractor Lawsuits ("Opp'n") at 2 n.3. There is no reason or need to extend the scope of this trial to include discussion of the vendor/contractor lawsuits.

**B.    The Court Should Exclude Evidence Relating To The Vendor/Contractor Lawsuits Pursuant to Rule 408**

Evidence of the vendor/contractor lawsuits is also prohibited under Federal Rule of Evidence 408.[1] The government argues that Rule 408 does not bar admission of evidence of

---

[1] As set forth more completely in Defendants' moving papers, Defendants urge the Court to follow the *dicta* of the U.S. Court of Appeals for the District of Columbia Circuit in United States v. Graham, 91 F.3d 213 (D.C. Cir. 1996), as well as the holdings of the Fifth, Tenth and Eleventh Circuits, see United States v. Hays, 872 F.2d 582, 589 (5th Cir. 1989); United States v. Bailey, 327 F.3d 1131, 1146 (10th Cir. 2003); United States v. Arias, 431 F.3d 1327, 1338 (11th Cir. 2005), and find that Rule 408 applies to criminal cases. See Graham, 91 F.3d at 218 ("[t]he subject of [Rule 408] is the admissibility of evidence (in a civil or criminal case) of negotiations undertaken to 'compromise a claim' in a civil action . . . .") (citation omitted) (emphasis added).

The government attempts to distinguish the application of Rule 408 in Hays, Bailey and Arias by claiming that in those cases "the settlement-related evidence was direct proof of, or directly related to, the elements in one or more of the charged criminal counts." Opp'n at 10; see also id. at 10-11 ("[A]ll three Circuit Court cases applying Rule 408 to criminal cases do so where the settlement-related evidence is powerful evidence of or directly related to the charged conduct."). However, the government acknowledges that "the settlement-related evidence will be offered . . . as direct evidence of the fraudulent schemes" in the Indictment. Id. at 14. This basis is similar to that offered by the government in Hays, and rejected by the court. See Hays, 872 F.2d at 589 ("[T]he Government urges that that evidence of the settlement agreement assisted the jury in its understanding of the breadth of the conspiracy. In our view, this purpose stands at direct odds with the clear mandates of Rule 408 . . . .").

the lawsuits' existence, and does not bar evidence offered for purposes other than to prove liability for the claim. Opp'n at 2-3. But a close reading of the government's brief reveals that the government does not merely wish to rely on the fact of the lawsuits or offer the evidence for a permitted purpose. Rather, the government argues that the lawsuits are relevant because they demonstrate "the existence of significant cash problems" at DDC. Id. at 2. Such an inference is based, however, on the proposition that DDC and the other entities were in fact liable for the claims at issue -- which is exactly the purpose Rule 408 prohibits. Fed. R. Evid. 408 (settlement evidence "not admissible to prove liability for or invalidity of the claim or its amount"). The government does not cite to any case in which evidence similar to that at issue here was admitted as proof of a defendant's criminal motive. The single case relied on by the government for the proposition that the evidence it seeks to introduce is admissible as proof of Defendants' motive is a civil case in which a district court allowed evidence regarding the pre-complaint negotiations between the parties in order to demonstrate the plaintiff's motive to file a retaliatory lawsuit against the defendants. See Resolution Trust Corp. v. Blasdell, 154 F.R.D. 675, 681 (D. Ariz. 1993). Thus, it is inapposite to the present case and cannot serve as the basis for the admission of the contested evidence.

      The government also argues that none of the lawsuits involved fall within the scope of Rule 408 because the amounts at issue were not "truly in dispute." Opp'n at 14. Contrary to the government's position, however, DDC or another entity initially litigated each of these matters and thus disputed the claims. The settlement of a claim does not indicate that the amount at issue was never truly in dispute, because there are any number of reasons that a party may choose to settle a lawsuit. It may be an economic decision to settle rather than bear the

costs of litigation, or "a desire for peace rather than from any concession of weakness of position." Fed. R. Evid. 408 advisory committee note.

B.  **Evidence Relating To The District Lawsuit Should Not Be Admitted At Trial**

For similar reasons, the Court should also exclude evidence of the District lawsuit at trial. First, the government states in its opposition brief that it intends to introduce "the fact of the District of Columbia lawsuits [*sic*] against Douglas Development Corporation, including the date on which it was filed." Opp'n at 13. However, the fact that Defendants Douglas Jemal and Blake Esherick were engaged in litigation with the District and agreed to settle that lawsuit is not probative of the charges in this case. The claims and counterclaims in the District lawsuit were settled without ever being presented to a factfinder, and thus the "fact" of the lawsuit merely comprises a set of unproven allegations that can only serve to prejudice the jury against Defendants.

The government also intends to introduce a statement made by Defendant Douglas Jemal to a District of Columbia official in the course of compromise discussions about $863,000 being "in escrow." Id. at 3. The government claims that Jemal's statement is admissible because (1) the government asserts it is false and (2) "it is acknowledging that the $863,299.29 is actually owed." Id. at 17 & 17 n.11. However, as the factual context and timing of the statement clearly demonstrate -- the District lawsuit was filed in July of 2003 and the statement was made in the summer of 2003 -- Jemal spoke in the course of compromise negotiations with the District in an effort to resolve the lawsuit. Therefore, the statement falls squarely within Rule 408's prohibition and is not admissible. See Fed. R. Evid. 408 ("Evidence of conduct or statements made in compromise negotiations is likewise not admissible."); see also

- 6 -

<u>Bailey</u>, 327 F.3d at 1146 (district court erred by allowing testimony that defendant had admitted in settlement agreement to withdrawing over $1.3 million from partnership accounts and placing the funds in his account).  Moreover, a statement that funds are in escrow does not suggest that the amount is no longer in dispute.  To the contrary, funds may be placed in escrow while a dispute is being resolved.

The government contends that Jemal's statement is relevant because it demonstrates motive and is "concrete evidence of his knowledge and participation in a scheme to defraud the District of Columbia." Opp'n at 17.  Again, the government's argument is framed in terms of motive, but actually focuses on the validity of the claim.  Because this purpose is forbidden by Rule 408, however, the government should be precluded from introducing the statement at trial.  In addition, for the reasons stated above with respect to the vendor/contractor lawsuits, the government has cited no authority for the proposition that a statement made in the course of civil settlement negotiations can be admitted to prove motive without implicating Rule 408.

### III.  CONCLUSION

For the foregoing reasons, Defendants request that the Court prohibit the government from offering any evidence at trial related to the vendor/contractor lawsuits or the District lawsuit.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

- 8 -

                                        Paul Kemp
                                        Carol Elder Bruce
                                        Venable LLP
                                        575 7th Street, N.W.
                                        Washington, D.C. 20004
                                        (202) 344-4400

                                        Counsel for Blake Esherick

Dated: July 18, 2006