UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
                              :
v.                            :      Crim. No. 05-359-01,-02, -03 (RMU)
                              :
DOUGLAS JEMAL, et al          :

## GOVERNMENT'S THIRD REQUEST FOR
## APPROVAL TO ISSUE RULE 17(c) SUBPOENAS

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully requests that this Court approve the issuance of the below-described subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. In support of this request, the government submits:

### I. THE THREE RULE 17(c) SUBPOENAS SEEK A NARROW SET OF DOCUMENTS RELEVANT TO THE ISSUES AT TRIAL

The Government has issued two document subpoenas to Douglas Development Corporation (Douglas Development). The first was issued dated June 8, 2006 (served June 9, 2006), the latter on July 24, 2006 (contemporaneously with filing this Motion). In addition, on July 24, 2006, the government issued a document subpoena to Douglas Development's outside accountant, Jeffrey Hotek.[1] As it now stands, these three subpoenas require documents to be produced at trial.

The government requests that the three subpoenas be returnable prior to trial. The subpoenas require production of a small and precisely defined set of documents and will impose minimal burdens on the recipients.

---

[1]   The subpoenas were dated July 21, 2006, and were served July 24, 2006 by email on July 24, 2006.

The subpoenas consist of the following:

1) <u>Douglas Development Subpoena dated June 8, 2006</u>.[2]  The July 8, 2006 subpoena was served on counsel for Douglas Development on or about June 9, 2006.  It includes five items relating to three discrete categories of documents:

- Item 1 seeks the originals of specified documents, copies of which have previously been provided by the defendants in response to Grand Jury subpoenas;

- Item 2 seeks information concerning a single 2000 check to defendant Esherick[3]:

    | Date | Ck. No. | Account | Payee | Amount |
    |---|---|---|---|---|
    | 6/26/00 | 84900 | DDC Operating | Blake Esherick | $2,000 |

- Items 3, 4, and 5 specify documents that: a) account for the increased income reported in Esherick's amended returns; b) account for the contents of Esherick's repaid "loans;" and c) consist of Esherick's 2005 W-2.  In this regard, in 2005, Esherick filed amended tax returns for 2001 and 2002, an overdue tax return for 2003, and a tax return for 2004.  Esherick also engaged in a transaction with Douglas Development where Douglas Development paid him in June 2005 approximately $245,000, upon the receipt of which

---

[2] A copy of this subpoena without the attachments is attached to this pleading as "Attachment 1."  The attachments include Esherick's bank statements.

[3] The original subpoena sought three checks; the government hereby represents it is willing to narrow the subpoena to encompass a single check.

Esherick's wife wrote a check payable to Douglas Development in the identical amount. All these activities in 2005 are directly related to and constitute direct proof of the financial activities that constitute tax evasion conduct of Esherick for calendar years 2001 through 2003 as charged in the Indictment.

2) <u>Douglas Development Subpoena dated July 21, 2006</u>.[4] The July 21, 2006 subpoena to Douglas Development seeks discrete documents related to two topics.

- Item No. 1 seeks supporting information related to a <u>single</u> check. In November of 2003, Douglas Development wrote a check to the D.C. Government (DC Treasurer) for approximately $42,000. This check constituted a refund from Douglas Development of an overpayment by the D.C. Government in early 2002 for construction costs associated with work done at Addison Road. The underlying invoice to which this refund check is related is specifically charged in Count Three of the Indictment.

- Item No. 2 seeks certain accounting documents related to the "MTD" transaction charged in Count Five of the Indictment.[5] In particular, it seeks

---

[4]    A copy of this subpoena, without the attachments, is attached as "Attachment 2."

[5]    The essence of Count Five is that the defendants caused to be submitted to Morgan Stanley a false invoice, purportedly representing that "MTD" was entitled to a leasing commission to be paid by Morgan Stanley out of certain loan funds. The funds were sent from the control of Morgan Stanley to a bank account under the control of Douglas Jemal, and were thereby used to purchase a property for Douglas Jemal and Norman Jemal at 111 Massachusetts Avenue, Northwest, Washington, D.C.

the Douglas Development records that now account for this transaction.[6]

3) <u>Subpoena to Jeffrey Hotek dated July 21, 2006</u>.[7]  Mr. Hotek is Douglas Development's/Douglas Jemal's long-time outside tax return preparer.  This subpoena seek records related to two topics (set forth in three items):

- Item 1 seeks draft, unfiled tax returns for MTD.  (No returns for MTD have been filed.)  These returns reflect the treatment of the MTD transaction by Mr. Hotek and are relevant to the instant case, which, in Count Five, charges that the defendants intended to defraud the Internal Revenue Service;

- Item 2 seeks to obtain from Mr. Hotek the work papers and related accounting records reflecting how the "MTD transaction" was recorded in the books of the other entities involved in the transaction (and entities for which Mr. Hotek prepared tax returns): 1) the 111 Massachusetts Avenue property (which was the ultimate recipient of the funds), and 2) Douglas Development;

- Item 3 seeks Mr. Hotek's records relating to Esherick's 2005 "loan" repayment and Esherick's amended returns filed in 2005.

The three subpoenas have been drafted in somewhat technical terms to be as precise and narrow as possible.  The relative "length" of the subpoenas reflects the government's attempts to define the documents as specifically as possible.  The subpoenas will impose minimal compliance

---

[6]  The defendants, in the <u>Joint Pretrial Statement</u>, have informed the Court and government that they intend on calling expert testimony concerning the tax accounting for this transaction. Accordingly, the relevance of the internal documents of Douglas Development and its outside accountant, Jeffrey Hotek (described below) as to this transaction is obvious.

[7]  A copy of this subpoena is attached as "Attachment 3."

burdens on the recipients.[8]

To appreciate the legal soundness (and reasonableness) of these subpoenas, the government notes that this Court previously granted defendants' motion to issue far more expansively drafted Rule 17(c) subpoenas to five D.C. Government agencies, over objection by the government as to the breadth of the subpoenas and the burdens associated with production. The defense subpoenas demanded production of "all email, memoranda, reports, letters and transaction files relating to [77 P Street,] [4800 Addison Road,] and the potential sale of 438 Massachusetts Avenue * * *." After weeks of searching for and copying responsive documents, and preparing detailed "privilege logs," the D.C. Government produced approximately 3000 pages of materials to the defendants. In contrast, the particular subpoenas at issue in this Motion are exceptionally limited. Further, as noted, there is a tight relationship between the relatively few documents sought, the charges in this Indictment, and the defendants' proposed expert testimony.

The government seeks production on Friday, August 11, 2006. This is more than two months after the first of the above-described subpoenas was issued to Douglas Development, approximately three weeks from the date of the filing of this Motion, and four weeks prior to trial. This will provide ample time for compliance and any additional pre-trial preparation by the defendants that the contents of these documents would necessitate.

Finally, there can be no objection that these subpoenas are being issued "too close" to trial. By reference, the defendants on June 27, 2006, produced to the Government over 5000 pages of

---

[8] Thus, for example, it would be far easier to draft a single-sentence command for "all records related to Blake Esherick," or "all records related to the MTD transaction" – similar to the language used by the defendants in the Rule 17(c) subpoenas they served on the D.C. Government. Such subpoenas would require production of a far greater set of documents.

materials that, on their face, should have been produced pursuant to grand jury subpoenas, and on July 19, 2006, made their initial evidentiary discovery production consisting of 4500 pages of potential trial exhibits. They can hardly be heard to complain about being required to provide a few pages of additional documents four weeks prior to trial. Moreover, the July 21, 2006 subpoenas were issued (and this Motion was filed) less than a week after the submission of the Joint Pretrial Statement, and call for the production of documents that squarely relate to one of the expert issues raised by the defendants therein.

## II. RULE 17(C) AUTHORIZES THE ISSUANCE OF TRIAL SUBPOENAS TO OBTAIN THESE RECORDS IN ADVANCE OF TRIAL

Rule 17(c) of the Federal Rules of Criminal Procedure provides that a subpoena may issue to direct a person to produce books, papers, documents or other objects at trial. The Rule also allows the court discretion to "direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence * * * ." Fed. R. Crim. Proc. 17(c). In making a request under Rule 17(c), the moving party is entitled to request information via subpoena as long as it is an evidentiary request. Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (request for information under Rule 17(c) must be a "good-faith effort to obtain evidence"); see also United States v. Haldeman, 559 F.2d 31, 75 (D.C. Cir. 1976), cert. denied, 431 U.S. 933 (1977); United States v. Brooks, 966 F.2d 1500, 1505 (D.C. Cir. 1992); Fryer v. United States, 207 F.2d 134, 136 (D.C. Cir. 1953), cert. denied, 346 U.S. 885 (1953); Monroe v. United States, 234 F.2d 49, 55 (D.C. Cir. 1956), cert. denied, 352 U.S. 873 (1956).

As set forth in United States v. Nixon, 418 U.S. 683, 699-700 (1974), to obtain pre-trial

inspection of books, papers and documents under Rule 17(c), the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

In short, the government "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."

Id. at 700.

The Nixon/Bowman standards are easily met in this case: the items are relevant and admissible, and the subpoenas are highly specific and by no means constitute a forbidden "fishing expedition."

WHEREFORE, we request the Court sign the accompanying Order approving the issuance of the proposed subpoenas.

                                           KENNETH L. WAINSTEIN
                                           DC Bar No. 451058.
                                           UNITED STATES ATTORNEY

By: _____
                                           MARK H. DUBESTER
                                           ASSISTANT UNITED STATES ATTORNEY
                                           DC Bar No. 339655
                                           Timothy G. Lynch
                                           555 Fourth Street, N.W., Room 5917
                                           Washington, D.C. 20530
                                           Ph. (202) 514-7986

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing Motion, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Mark H. Dubester
Assistant United States Attorney