# United States District Court

| | | | |
|---|---|---|---|
| FOR THE | **DISTRICT OF** | COLUMBIA | |

**UNITED STATES OF AMERICA**

*v.*

**DOUGLAS JEMAL**, *et. al.*,

**Defendants.**

# SUBPOENA IN A CRIMINAL CASE

*CASE NUMBER: 05-359 (RMU)*

**TO:**   Jeffrey Hotek

☒   YOU ARE HERE COMMANDED to appear and testify before the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM | 30 |
|---|---|---|
| **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** **United States Courthouse Third & Constitution Avenue, N.W. Washington, D.C. 20530** | | **Sixth Floor - ANNEX** |
| | DATE AND TIME | Friday September 8, 2006 @ 9:00 A.M. |

*Duces Tecum (Please bring with you/please furnish)*: YOUR PERSONAL APPEARANCE IS REQUIRED. PLEASE BRING PHOTO IDENTIFICATION AND THIS SUBPOENA.

Duces Tecum (Please bring with you/please furnish):   **SEE ATTACHMENT.**

**The Trial is scheduled to start on September 8, 2006, and may last as long as 6 weeks. You may contact the following individuals to discuss when you will be required to testify:**

**Assistant United States Attorney Mark H. Dubester   (202) 514-7986**
**Assistant United States Attorney Timothy Lynch   (202) 353-4862**
**FBI Special Agent Andrew Sekela   (202) 278-2055 (o), (202) 437-9269 (cell)**

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE | July 21, 2006 |
|---|---|---|
| NANCY MAYER-WHITTINGTON (By) Deputy Clerk | | USAO # 2005R02111 ldr /053 |
| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER | Mark Dubester, Assistant U.S. Attorney (202) 514-7986 Timothy G. Lynch, Assistant U.S. Attorney (202) 353-4862 United States Attorney's Office Fraud and Public Corruption Section 555 Fourth Street, N.W., 5th Floor Washington, D.C. 20530 | |

**ATTACHMENT**
**to Subpoena in a Criminal Case**

Subpoena to: **Jeffrey Hotek**

Subpoena Prepared by:   ldr -**053**

### Attachment to July 21, 2006 Subpoena to Jeffrey Hotek

1)      Provide all draft tax returns, including all versions of the draft returns, and all documents and work papers related to "MTD Real Estate Services" (MTD) to include, but not be limited to records such as a file directory or other internal forms used by your Office to prepare said returns, identifying the dates said returns were created and documents related to any and all communications with any Douglas Development personnel or agents of Douglas Jemal related to said return(s).

2)      To the extent not covered in Item 1), provide any and all records and/or other documents which relate to the following transactions:  the December 2002 payment of approximately $430,00 funds from proceeds of the Morgan Stanley $67 million refinance loan associated with 77 P Street to the Adams Bank MTD bank account, and 2) the subsequent transfer of approximately $400,000 from the Adams Bank MTD account to the account of the settlement company handing the settlement on Douglas Jemals purchase of 111 Massachusetts Avenue.

Said records are to include, but not be limited to: a) All itemized general ledgers for the property at 111 Massachusetts Avenue ("Darth Vader") (hereinafter the "111 Massachusetts Avenue property") for 2002 through 2005; b) Any and all records reflecting an obligation from the 111 Massachusetts Avenue property to Douglas Jemal/Douglas Development/MTD or any other person or entity related to said transfer; c) All records that account for the draw of $430,000 to MTD and/or any portion therefrom from the Morgan Stanley loan as income to Douglas Development/Douglas Jemal. (Note: This transaction may be accounted for in this manner on the accounting basis that MTD is a "straw" of the true beneficial owner, to wit Douglas Development/Douglas Jemal); d) Any and all other accounting records related to this transaction.

3)      All other records that relate to, or otherwise reflect the basis for, the following payments to Blake Esherick.

| | | |
|---|---|---|
| a) | June 6, 2005 | $245,040.16 |
| b) | May 20, 2005 | $104,908.51 |
| c) | April 22, 2005 | $ 29,047.15 |

Said documents are to include, but not be limited to, documents which itemize any loans or advances for which the listed check was intended to provide funds sufficient for Esherick to repay, records which account for the fair rental value of housing received by Esherick, and documents which set forth any amounts or expenses incurred by Esherick for which said checks were intended to be reimbursements.

4)      Provide all records which itemize and/or otherwise provide the calculations for all components of the additional income reflected in the amended W-2s for Blake Esherick issued for calendar years 2001, 2002, 2003 and 2004 (see attached).