**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 05-0359 (RMU) |
| | : | |
| DOUGLAS JEMAL, NORMAN D. JEMAL, and BLAKE C. ESHERICK | : | Document Nos.: 73, 67 |
| | : | |
| Defendants. | : | |

FILED
JUL 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM ORDER**

**DENYING DEFENDANT DOUGLAS JEMAL'S MOTION TO SEVER AND CONSOLIDATE COUNTS**

## I. INTRODUCTION

The United States has charged the defendants in a grand jury original, eight-count indictment relating to the alleged bribery of a District of Columbia city official. This case comes before the court on defendant Douglas Jemal's motion to sever counts 6-8 of the indictment and to join the severed counts with the indictment in Criminal Action No. 06-0077 (the "Brownell indictment"). Because the defendant has failed to persuade this court that he will suffer prejudice if the court does not sever the counts and because this court rules that such severance and joinder is not in the interest of judicial economy, the court denies the defendant's motions to sever and consolidate counts.

## II. BACKGROUND

The indictment charges the defendants with engaging in a conspiracy to pay bribes to Michael Lorusso, the District of Columbia's former Deputy Director of the Office of Property Management. The indictment has three sets of related counts: the conspiracy, bribery and fraud



counts (Counts 1-4), the wire fraud count (Count 5), and the tax evasion counts (Counts 6-8).

The tax evasion counts allege that defendant Douglas Jemal, owner of Douglas Development Corporation ("DDC"), gave his employee, defendant Blake Esherick, compensation that neither of them reported to the IRS. The indictment avers that the purpose of the unreported compensation was to remunerate Esherick for his participation in the bribery scheme described in the other counts.

The "Brownell indictment" charges John Brownell with one count of conspiracy to evade taxes and five individual counts of tax evasion. The conspiracy count of the Brownell indictment charges that Brownell, an employee of DDC, conspired to evade taxes with an unindicted co-conspirator. The unindicted co-conspirator in the Brownell indictment is Douglas Jemal.

## III. ANALYSIS

### A. Legal Standard for Severance Pursuant to Federal Rule of Criminal Procedure 14

Federal Rule of Criminal Procedure 14 provides that if it appears that a defendant is prejudiced by a joinder of offenses or defendants, the court may sever the offenses or defendants. FED. R. CRIM. P. 14. Courts have wide discretion in determining whether to grant severance. *United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987). In the interests of judicial economy, courts generally favor joint trials. *United States v. Nicely*, 922 F.2d 850, 855 (D.C. Cir. 1991); *United States v. Manner*, 887 F.2d 317, 324 (D.C. Cir. 1989). However, courts must balance the benefits of judicial economy against the risk of prejudice to the defendant. *E.g.*, *Nicely*, 922 F.2d at 851. Moreover, a court's denial of a motion to sever is not an abuse of

discretion "merely because a defendant 'might have a better chance of acquittal if tried separately.'" *Halliman*, 923 F.2d at 884.

Failure to sever is prejudicial if (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964).

With regard to embarrassment or confounding, as long as the nature of the crime indicates that the prosecutor can present the evidence to avoid that possibility, and a jury can treat the evidence separately, severance is not required. *United States v. Daniels*, 770 F.2d 1111, 1117 (D.C. Cir. 1985). On inference of criminal disposition, if the evidence of each offense would be admissible at a separate trial of the other offense, the defendant suffers no prejudice from a joint trial of the offenses. *E.g., Drew*, 331 F.2d at 90. As for cumulation by the jury, the greatest danger is when the government has weak evidence on both counts or weak evidence on one count and strong evidence on the other. *E.g., United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976); *United States v. Taylor*, 1991 WL 214166 at *1 (D.C. Cir. 1991) (unpublished). Moreover, jury instructions generally are sufficient to minimize any disparities in evidence. *United States v. Tarantino*, 846 F.2d 1384 , 1398 (D.C. Cir. 1988).

### B. The Court Denies the Defendant's Motion to Sever Counts

#### 1. Denial of the Motion to Sever is Not Prejudicial

As a preliminary matter, the court notes that defendant Douglas Jemal does not argue that the court should sever the counts because he may become embarrassed or confounded in presenting separate defenses, or that the jury may use the evidence of one of the crimes charged to infer a criminal disposition, or that the jury may cumulate the evidence of the various crimes charged.[1] Instead, defendant Douglas Jemal argues that severing the tax evasion counts avoids "the substantial prejudice that [he] would face by potentially being forced to endure two, back-to-back trials based on the same core set of facts." Def. D. Jemal's Mot. to Sever at 5. Citing no legal authority, the defendant further states that "it would be profoundly unfair to require Mr. Jemal to prove his innocense of these interrelated tax evasion allegations at two separate trials."[2] *Id.* As a result, the defendant requests that the court sever the tax evasion counts and join them in the Brownell indictment.

While the defendant is correct in stating that a court may order that, pursuant to Rule 13, separate cases be tried together,[3] his arguments evince a fundamental misunderstanding of the

---

[1] At the motions hearing for the present case, the defendant argued that the court should not admit evidence of Brownell's uncharged tax evasion because it would cause substantial prejudice. Mot. Hr'g Tr. at 26-28. Inexplicably, the defendant now seeks, by his motion to consolidate the tax counts, that which he previously claimed would cause prejudice.

[2] The court notes that it is not the defendant's duty to prove his innocence, but the government's duty to prove the elements of each charge beyond a reasonable doubt. *Zafiro v. United States*, 506 U.S. 534, 543 (1993) (Stevens, J., concurring) (stating that "[t]he burden of overcoming any individual defendant's presumption of innocence, by proving guilt beyond a reasonable doubt, rests solely on the shoulders of the prosecutor").

[3] Federal Rule 13 of Criminal Procedure states: "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." FED. R. CRIM. P. 13.

very relief he seeks. The defendant here seeks to join the tax evasion counts in the present indictment with the counts in the Brownell indictment. "[C]onsolidated indictments are in legal effect separate counts of one indictment." *Dunaway v. United States*, 205 F.2d 23, 24 n.4 (D.C. Cir. 1953). Should the court grant the motion to consolidate the tax evasion counts with the tax evasion counts in the Brownell indictment, defendant Jemal would still be required to prepare a defense to each count. Thus, the defendant's arguments that it would be unfair to require him to prepare for two trials alleging separate instances of tax evasion, as opposed to one trial alleging multiple instances of tax evasion, are meritless. Moreover, the defendant has not been indicted in the Brownell action, making any joinder of counts with that trial premature.

**2. The Interests of Judicial Economy Weigh Against Severance**

The defendant also argues that it is in the interest of judicial economy to sever the tax evasion counts. Def.'s Mot. at 6. According to the defendant, "the presentation of all the evidence relating to the tax evasion allegations at a single trial would also conserve judicial resources and obviate the need for the relevant witnesses to testify in two or three separate proceedings." *Id.* at 7. The court, however, is unpersuaded by the defendant's assertion that it favors judicial economy to sever the tax evasion counts from one indictment and join them with the counts in another indictment. In particular, the defendant proposes to turn one three-defendant trial and one single-defendant trial into two three-defendant trials. No reasoned extrapolation of this premise supports the notion of judicial economy. Furthermore, this court has previously ruled that the tax evasion counts are properly joined with the other counts. Specifically, the court held that the tax counts were properly joined because they explained how Esherick was compensated for his participation in the conspiracy. Mot. Hr'g Tr. at 6-8 (stating

that "payments among conspirators can constitute overt acts made in furtherance of a conspiracy"); *see also United States v. Dynalectric*, 859 F.2d 1559, 1565 (11th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989).

Accordingly, it is this 28th day of July, 2006 hereby

**ORDERED** that the defendant Douglas Jemal's motion to sever and consolidate is **DENIED**, and it is

**FURTHER ORDERED** that the joint renewed motion to sever and consolidate[4] is also **DENIED**.

**SO ORDERED.**

Ricardo M. Urbina
United States District Judge

---

4 Pending the court's ruling on the current motion to sever, defendants Douglas Jemal and Blake Esherick filed a joint motion to sever the tax evasion counts. In the joint motion, the defendants argue that the court should sever the tax evasion counts because the government has produced a draft, rather than a final, expert witness report calculating the amount of tax allegedly owed by defendant Esherick. Defs. Esherick & D. Jemal's Renewed Mot. to Sever at 1. The defendants' only argument in support of their motion is that they will be "greatly prejudiced by having to provide a description of their expert witnesses' expert testimony in the Joint Pretrial Statement based on a draft version of the revenue agent's report." *Id.* at 3. In opposition, the government states that it expects that the expert witness report is final, "though it may become necessary to fine-tune or make minor corrections to" the report. Gov't's Opp'n at 3. Because the defendants were able to provide a summary of their expert witnesses' reports in the Pretrial Statement, and because the defendants do not contest that the government has provided discovery materials that allows them to calculate the amount of tax allegedly owed by Esherick independent of the expert witness report, the court concludes that the motion is without merit.