UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01, -2, -3 (RMU) |
| | : | |
| DOUGLAS JEMAL ET AL. | : | |

## DECLARATION OF DOUGLAS JEMAL

I, Douglas Jemal, a defendant in the above-captioned case, declare as follows:

### I.   CONSULTATION WITH OUTSIDE COUNSEL

1.   I have had an adequate opportunity to consult with [_____], Esquire, an attorney selected for me by the Court because [s/he] has no personal, professional, or financial relationship with any of the attorneys or law firms involved in any way in this case, the facts it may potentially involve, or the legal, legislative, investigative, or administrative proceedings that preceded it.[1]

2.   I have had an adequate opportunity to review the Government's Request for Hearing to Address Potential Conflict-of-Interest Issue, and any responses and replies thereto; and I have discussed those documents and any attachments in detail with [_____], Esquire.

3.   I am satisfied with the representation of _____, Esquire and hereby knowingly and voluntarily waive any affirmative, collateral, or other claim or defense arising under any civil, criminal, administrative, ethical, or other statute, rule, regulation, or practice that _____ provided inadequate representation to me on this conflict-of-interest issue.

---

[1]   [_____], Esquire, a partner at [law firm], is a member in good standing of this Court and the District of Columbia Bar. I declare that I have paid for _____'s services in connection with [his/her] representation of me on this issue.

## II. REPRESENTATION IN THIS CASE

4. I am now represented in this case by Reid H. Weingarten, Esquire, Erik L. Kitchen, Esquire, and Brian M. Heberlig, Esquire, of Steptoe & Johnson, LLP; Christopher B. Mead, Esquire, of London & Mead; and Michele A. Roberts, Esquire, of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). Other partners and associates at those firms currently represent me but have not entered their appearance in this case. I have also been represented in connection with this case, and the legal, legislative, investigative, or administrative proceedings that preceded it, by John M. Dowd, Esquire, of Akin Gump, and other partners and associates of that firm.

## III. UNDERSTANDING OF RULES OF PROFESSIONAL CONDUCT

5. [_____], Esquire has explained to me various provisions in the D.C. Rules of Professional Conduct, particularly Rule 1.3 (which requires lawyers to represent clients zealously and to avoid prejudicing a client during the course of a representation); Rule 1.6 (which governs client confidences); Rule 1.7 (which sets forth the general rules on conflicts-of-interest); Rule 1.9 (which requires lawyers not to undertake representations that conflict with former clients); and Rule 1.10 (which imputes the ethical responsibilities of any particular lawyer in a firm to all the lawyers in that firm). [_____], Esquire has also explained to me the relevant comments to those Rules. [S/he] has also explained case law interpreting the Rules, including but not limited to United States v. Davis, 780 F. Supp. 21 (D.D.C. 1991); Wheat v. United States, 486 U.S. 153, 164 (1988); and United States v. McKissick, Case No F-6040-90, 120 Daily Wash. L. Rep. 633 (D.C. Sup. Ct. Jan. 30, 1992) (Mem. Op.). Although I am not a lawyer, I have, through the assistance and advice of [_____], Esquire, come to

understand the principles in these Rules, comments, and cases and how they might apply to this case.

6. As of the date of my signing this Declaration, I am satisfied with the representation provided to me by my current and former attorneys thus far in this case and in the legal, legislative, investigative, or administrative proceedings that preceded it; and I hereby knowingly and voluntarily waive any affirmative, collateral, or other claim or defense arising under any civil, criminal, administrative, ethical, or other rule, regulation, or practice that they (individually or collectively), or their law firms provided inadequate representation to me because they violated or were concerned about violating Rules 1.3, 1.6, 1.7, 1.9, or 1.10 of the District of Columbia Rules of Professional Conduct because of Akin Gump's prior representation of Fernando Villegas, a potential cooperating witness in the case against me.

### IV. ONGOING DUTY OF SECRECY TO MR. VILLEGAS

7. I understand that it is highly likely that Mr. Villegas shared client confidences or secrets with his Akin Gump attorneys.

8. I understand that Akin Gump's attorneys, including Michele Roberts, Esquire, have a continuing duty of secrecy to Mr. Villegas, and that none of its attorneys may reveal any client confidences he shared with any Akin Gump attorney; and that none of its attorneys may use any such confidences in this case. I further understand that trials are unpredictable, and that I cannot know in advance of trial how or why a client confidence shared by Mr. Villegas with one of his Akin Gump attorneys could be relevant or even helpful to my defense or helpful to the government's case.

9.      I further understand that, if any attorney affiliated with Akin Gump, or any member of the defense team who has become privy to a client confidence of Mr. Villegas, reveals or uses a confidence of Mr. Villegas, or has already revealed or used a client confidence of Mr. Villegas, that attorney could be subject to disciplinary and other adverse proceedings; and that that attorney may suffer significant adverse personal, professional, and financial consequences if such findings were made.  I also understand that Ms. Roberts and Akin Gump (and, indeed, any defense team member) may find themselves in a position where they have strong personal and institutional incentives to avoid taking certain steps in my behalf out of concern that such actions would be seen as a violation of Akin Gump's duty of secrecy to Mr. Villegas.  I also understand and appreciate that there may be information that is available to the defense team both through client confidences shared by Mr. Villegas and through independent sources; and that defense team members may be inclined not to reveal or use such information in my defense to avoid the appearance that they are violating the duty of secrecy to Mr. Villegas.

## V.    ONGOING DUTY OF LOYALTY TO MR. VILLEGAS

10.     I further understand that it may be subsequently determined that Ms. Roberts and Akin Gump may possess continuing duties of loyalty to Mr. Villegas.  Indeed, I understand that it may be determined that Ms. Roberts and Akin Gump have an unwaiveable duty of loyalty to Mr. Villegas.  I further understand that trials are unpredictable, and that there is no absolute way of determining in advance of trial whether Ms. Roberts or Akin Gump or both might violate, or be called upon to violate, their continuing duty of loyalty to Mr. Villegas.

11.     I thus understand that Ms. Roberts personally and Akin Gump collectively may be found to have violated their continuing duties to Mr. Villegas by representing me; and that

they may suffer significant adverse personal, professional, and financial consequences if such findings were made. I also understand that Ms. Roberts and Akin Gump may find themselves in a position where they have strong personal and institutional incentives to avoid taking certain steps in my behalf out of concern that such actions would be seen as a violation of their duty of loyalty to Mr. Villegas.

## VI. FACT OF PRIOR REPRESENTATION

12. Finally, I understand that there may be developments at trial that make Mr. Villegas's prior representation by Akin Gump relevant, and that such evidence could be detrimental to my defense at trial.

## VII. WAIVER

13. I fully understand and appreciate that, if I were convicted, I might be able to argue in a motion for new trial, appeal, collateral attack, or any other legal proceeding that my attorneys did not provide me adequate representation because they were concerned about their ongoing duties of secrecy and loyalty to Mr. Villegas, or because Akin Gump's representation of Mr. Villegas became evidence at trial. I hereby declare that I knowingly and voluntarily waive any affirmative, collateral, or other claim or defense arising under any civil, criminal, administrative, ethical, or other rule, regulation, or practice that my attorneys or their law firms provided inadequate representation to me because of acts or omissions that are or could be related to their continuing duties of secrecy and loyalty to Mr. Villegas, because evidence is elicited at trial regarding Mr. Villegas's prior representation by Akin Gump, or because of my attorneys' concerns for their partners or law firms in conjunction with those issues.

14. I sign this Declaration of my own free will. I have not been pressured or coerced into signing it; nor have any promises been made to me to in connection with, or as an inducement to, signing it.

15. I declare under penalty of perjury that the foregoing is true and correct. Executed on August __, 2006.

_____
Douglas Jemal
Defendant