IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Crim. No. 1:05-359 (RMU) |
| DOUGLAS JEMAL, et al. : | |
| Defendant. : | |

**DEFENDANT DOUGLAS JEMAL'S RESPONSE TO
GOVERNMENT'S REQUEST FOR HEARING TO
ADDRESS POTENTIAL CONFLICT-OF-INTEREST-RULE**

Defendant DOUGLAS JEMAL, through undersigned counsel, respectfully submits the following Response to Government's Request for Hearing to Address Potential Conflict-of-Interest Rules:

**Background**

1. In June of 2003, the City Council of the District of Columbia held oversight hearings to address alleged improprieties involving the District's Office of Property Management. Over the course of several days, Fernando Villegas provided testimony at those hearings regarding his relationship with the then Deputy Director of the Office of Property Management, Michael

Lorusso. At the time of his testimony in June of 2003, Mr. Villegas was represented by one Dickson Young, Esquire.[1]

2. In July of 2003, Mr. Villegas changed counsel. He retained Mark MacDougal, a partner at the law firm of Akin Gump Strauss Hauer & Feld LLP ["Akin Gump"].[2] A short time after being retained by Mr. Villegas, Akin Gump, through another of its partners - John Dowd, Esquire -- was approached by Defendant Douglas Jemal to assist in the representation of both he and his company Douglas Development Corporation in connection with the City Council inquiry and related investigations. Fernando Villegas, after being advised by both Akin Gump counsel and independent counsel of the potential conflicts posed by the Firm's representation of both he and Douglas Jemal, executed a written waiver of conflict.[3] Mr. Jemal also executed a waiver. [Attached Exhibit A].

3. On November 9, 2004, Fernando Villegas, pursuant to a cooperation agreement with the government, entered a plea of guilty to one count of Conspiracy. At the time of the negotiation of his plea agreement and eventual entry of a plea, Mr. Villegas was no longer represented by Akin Gump. Rather, Mr. Villegas had retained David Schertler and Danny Onorato of the law firm Schertler & Onorato LLP.

4. Akin Gump continued it's representation of Douglas Jemal from its initial retention in July of 2003 up through the period of his indictment. During that time period, Akin Gump attorneys engaged in numerous discussions and attended multiple meetings with counsel for the

---

[1] Of the law firm Whitestone Brent Young & Merrill LLP.
[2] Assisting in Mr. Villegas representation was one Anthony Swisher, an associate at Akin Gump.
[3] The July 16, 2003 letter appendixed to the Government's Motion is a copy of the waiver executed by Mr. Villegas.

United States. At no time, (including at the time Villegas entered his guilty plea) did government counsel suggest or declare *any* concerns regarding Akin Gump's continued representation of Douglas Jemal and its prior representation of Fernando Villegas.

5. On September 27, 2005, the instant Indictment was returned against Douglas Jemal. Shortly thereafter, undersigned counsel Michele A. Roberts entered her appearance as co-counsel for Douglas Jemal [4] and attended the arraignment. Here again, counsel for the United States lodged no objection or voiced any concern regarding Ms. Roberts' or Akin Gump's continued representation of Mr. Jemal. Indeed, it was only last month -- just two (2) months prior to the scheduled trial in this case -- that government counsel *for the first time* raised its concerns regarding a potential conflict.

**Discussion**

6. Defendant submits that the waivers previously executed by Douglas Jemal and Fernando Villegas resolved any existing or potential conflict.[5] Notwithstanding the government's suggestion otherwise, the Villegas waiver clearly contemplated that, should it develop that his interests became adverse to those of Douglas Jemal, one potential consequence would be that Akin Gump would withdraw from further representation of him and remain counsel for Douglas Jemal.[6] Finally, should the Court determine that the waiver previously executed by Douglas Jemal requires further amplification, Mr. Jemal is prepared to do so.

---

[4] Together with Steptoe & Johnson LLP.

[5] For reasons discussed *infra*, Defendant does not concede that a conflict as contemplated by applicable Rules of Professional Responsibility exists in this case.

[6] "As we have discussed, however, facts could later emerge to suggest . . that a conflict of interest exists with regard to the representation of both yourself and Mr. Jemal by Akin Gump. We have explained to you that in the event of such a development, our professional responsibilities could require us to withdraw as counsel to Mr. Jemal, yourself *or* both." July 13, 2003 Villegas Waiver, page 1 [*emphasis added*

Duty of Secrecy

7. Government counsel correctly concedes that it has no basis to suggest that Ms. Roberts has obtained access to client confidences of Mr. Villegas. She has not. Ms. Roberts has not engaged in any conversation with Mark MacDougal or Anthony Swisher regarding their prior representation of Fernando Villegas. Indeed, Akin Gump has taken great care to utilize the assistance of in-house ethics counsel to assist in the gathering of any facts necessary for the preparation of the instant pleading. Accordingly, potential violation of client confidences is not an issue in this case.

Duty of Loyalty

8. Rule 1.7(b) of the District of Columbia Rules of Professional Conduct permits a lawyer to take a position adverse to a former client if s/he receives a knowing waiver from all affected clients. Similarly, Rule 1.9 permits a lawyer to represent a client in a matter substantially related to a prior representation of a former client with the former client's consent As discussed *supra*, the waivers previously executed by Douglas Jemal and Fernando Villegas where knowing waivers. Indeed, Mr. Villegas had the benefit of independent counsel unaffiliated with Akin Gump to consult with prior to execution of the waiver.

9. Further, it does not appear that there is an actual conflict between Douglas Jemal and Antonio Villegas in this case. Indeed, review of the Jencks material recently produced by the United States would suggest that, despite his cooperation agreement, Antonio Villegas has no relevant testimony to offer at the upcoming trial – certainly no testimony *adverse* to Douglas Jemal. As is apparent from public filings and detailed in the Jencks material, Mr. Villegas was engaged in criminal misconduct with Michael Lorusso. Villegas does not claim to have had any

4

direct involvement with or knowledge of any misconduct by Douglas Jemal or any other of the Defendants charged in this case. Hence, should the government identify a theory of relevance regarding Villegas' potential testimony, it would not constitute testimony harmful or adverse to Douglas Jemal. Rather, to the extent Villegas would provide testimony of criminal misconduct by Michael Lorusso separate from and independent of that alleged to have involved the Defendants in the instant case, Mr. Villegas' testimony would be helpful.

10. Douglas Jemal does not dispute that this Court has an interest in ensuring that trials be conducted "within the ethical standards of the profession." *United States v. Davis, 780 F. Supp. 21, 23 (D.D.C. 1991),*quoting *Wheat v. United States, 486 U.S. 153, 160.* Ms. Roberts and Akin Gump have, throughout their representation of Douglas Jemal and Fernando Villegas strove to and succeeded in satisfying their ethical obligations to both individuals. They intend to continue to do so. This Court should, however, as it addresses these issues be mindful of yet another right and interest of consequence in this case - Douglas Jemal's Sixth Amendment Right to counsel of choice. As recently affirmed by the Supreme Court in *Gonzalez-Lopez v. United States, 548 U.S. ___ 2006 (No, 05-353, Decided June 26, 2006)* the right to be assisted by counsel of one's own choice is regarded as the root meaning of that constitutional guarantee.

                Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Michele Roberts, D.C. Bar No. 337998
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036
Phone: (202) 887-4000
Facsimile: (202) 887-4288

5

# AKIN GUMP
## STRAUSS HAUER & FELD LLP

▬▬▬▬▬▬▬▬ Attorneys at Law

John M. Dowd
(202) 887-4386/Fax: (202) 833-2292
jdowd@akingump.com

July 14, 2003

Mr. Douglas Jemal
Douglas Development
702 H Street, NW
Suite 400
Washington, DC 20001

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

Dear Douglas:

Our ethics advisor asked me to make this addendum to your retainer letter with respect to our representation of Fernando Villegas. You acknowledge that I have advised you that a conflict may develop in the future. If the government proceeds against both you and Villegas, this firm may be subjected to a motion to disqualify, and if such motion were granted by the Court one of you may have to retain new counsel. You have told me that you understand these possibilities and have no objection to our representation of Villegas.

Sincerely,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: _____
John M. Dowd

AGREED AND ACCEPTED
this __7__ day of __July__, 2003.

By: _____
Douglas Jemal

Robert S. Strauss Building / 1333 New Hampshire Avenue, N.W. / Washington, D.C. 20036-1564 / 202.887.4000 / fax: 202.887.4288 / www.akingump.com