UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES ) <br> ) <br> v. ) <br> ) <br> DOUGLAS JEMAL, *et al.*, ) <br> ) <br> Defendants. ) | Crim. No.  05-359-1, -2, -3 (RMU) |

DEFENDANTS' OBJECTIONS TO THE
GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
SELF-AUTHENTICATING DOCUMENTS PURSUANT TO RULE 902(11)

Defendants Douglas Jemal, Norman D. Jemal and Blake Esherick ("Defendants"), through counsel, hereby submit these objections to the Government's Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11) ("Government's 902(11) Notice").  The Court should decline to admit any of the documents at this time because the conclusory custodian declarations submitted by the government fail to contain sufficient factual information to comply with the foundational requirements of Federal Rules of Evidence 803(6) and 902(11).  Moreover, many of the exhibits at issue are not business records of the declarants' companies or are otherwise objectionable as set forth below.

I.  INTRODUCTION

Rule 902(11) allows the government to admit business records that are otherwise admissible pursuant to Rule 803(6) without extrinsic evidence of authenticity if the records are accompanied by "a written declaration of its custodian or other qualified person . . . certifying that the record—

>   (A)   was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
>   (B)   was kept in the course of the regularly conducted activity; and
>
>   (C)   was made by the regularly conducted activity as a regular practice."

Fed. R. Evid. 902(11).

>   As a Court in this District has stated:
>
>   Rule 902(11) is intended to set forth "a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness." Advisory Committee Note, Fed.R.Evid. 902. Similarly, the Advisory Committee Notes to Rule 803 state that Rule 902(11) "provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." Advisory Committee Note, Fed.R.Evid. 803. These comments to each Rule make clear that they were intended to go "hand in hand." Rambus, Inc. v. Infineon Technologies AG, 348 F.Supp.2d 698, 701 (E.D. Va. 2004) ("Rule 902(11) is ⋯ the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6)").

United States v. Safavian, __ F. Supp. 2d __, Crim. No. 05-0370 (PLF), 2006 WL 1409120, at *2 (D.D.C. May 23, 2006). In other words, Rule 902(11) allows the government to admit business records that would otherwise qualify for admission under Federal Rule of Evidence 803(6), without having to produce a document custodian to provide foundational testimony at trial. To do so, however, the government must submit adequate declarations from document custodians that satisfy both the requirements of Rule 902(11) and the substantive criteria for admission pursuant to Rule 803(6). Rambus, Inc. v. Infineon Technologies AG, 348 F.Supp.2d 698, 701 (E.D. Va. 2004).

   In Rambus, the court held that purported Rule 902(11) declarations that "fail[ed] to make any reference to the declarant's knowledge, or even awareness, of the record-keeping

practices of the company that produced the documents" were insufficient to satisfy Rule 902(11). Rambus, 348 F. Supp. 2d at 703. The same court rejected declarations that also failed to provide sufficient factual detail to satisfy the other requirements of Rule 902(11) and Rule 803(6). Id. at 704-07.

Here, the custodian declarations submitted by the government similarly fall far short of satisfying the requirements of Rule 902(11). In fact, all of the declarations are identical and simply parrot the language of Rule 902(11) without providing any factual information sufficient to demonstrate that the declarant is in fact a qualified custodian of records with the relevant foundational knowledge.[1] The declarations provide nowhere near the information that the government would be required to elicit from a document custodian to establish a proper foundation at trial. Indeed, for virtually all of the purported custodians at issue, Defendants know nothing more than the custodian's name. Under these circumstances, the government has failed to satisfy the foundational requirements of Rules 803(6) and 902(11), and the Court should decline to admit the records at issue until such time as the government submits proper declarations providing sufficient factual information to allow a determination of whether the requirements of the business records exception to the hearsay rule are met.

In addition, many of the documents identified in the government's notice are third party documents that are not business records of the declarant's company and can not be introduced pursuant to Rules 803(6) and 902(11) under any scenario. "[I]f the source of the information is an outsider, Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall within another hearsay exception to be admissible . . .

---

[1] The government has not yet provided custodian declarations for Government Exhibits 38(f), 91-95, 218-222, 224, 227 and 228. However, the declarations all appear to be the same form document and these declarations will presumably be similarly deficient.

." <u>United States v. Baker</u>, 693 F.2d 183, 188 ( D.C. Cir. 1982); <u>see also</u> <u>New York v. Microsoft Corp.</u>, No. Civ. A. 98-1233 (CKK), 2002 WL 649951, at * 4 (D.D.C. Apr. 12, 2002).  In <u>Rambus</u>, the court excluded similar evidence that was proffered under Rules 902(11) and 803(6), where there were "no declarations from the outside entities and none of the proffered declarations otherwise recite any fact that shows qualification by the participant in the chain who actually supplied the information." 348 F. Supp. 2d at 707.

  Here, Government Exhibits 5, 8 and 525 all contain records prepared by third parties that are not business records of the declarants' companies.  For example, although Government Exhibit 525 is described as "[m]iscellaneous refinance records" of Morgan Stanley, it in fact contains various documents from Douglas Development Corporation, MTD Real Estate Services, LLC, The Staubach Company, Hickok Warner Fox and James G. Davis Construction Corporation, as well as an email chain ending with an email from an unidentified individual to Kevin Clark, of Davis Construction.  The government has not submitted any declaration from these outside entities or any other information sufficient to qualify these "outsider" documents as business records of Morgan Stanley.  Government Exhibits 5 and 8 contain similar records of third parties that are not admissible pursuant to the business records exception to the hearsay rule.

  Defendants also submit the following miscellaneous objections to other exhibits contained in the government's notice: [2]

- Government Exhibit 7:  Defendants object to Government Exhibits 7.22-7.38 because these documents (Douglas Development Corporation 2004 W-2s) fall outside the time frame covered by the tax evasion counts and are irrelevant;

---

[2] For purposes of responding to Government's 902(11) Notice, Defendants assume that the government exhibit numbers listed include all sub-parts and Defendant's objections to those exhibit numbers are intended to address those sub-parts accordingly.

- Government Exhibit 16:  Defendants object to the portion of this exhibit that constitutes a cover letter accompanying the document production because it is not a business record;

- Government Exhibit 57:  Defendants object to the admission of this document in its current form because it contains only a portion of Mr. Esherick's academic transcript from college rather than the entire document;

- Government Exhibits 4, 10, 13, and 14:  Defendants object to the admission of these documents because they contain handwritten notations that do not appear to be part of the original business records.  The government should redact the handwriting or replace the documents with clean copies;

- Government Exhibit 35:  Defendants object to the admission of this exhibit because the government has not yet produced a complete copy of the exhibit to Defendants to permit a proper evaluation of its admissibility.

**II.    CONCLUSION**

For the foregoing reasons, the Court should preclude the government from introducing the evidence described in its Notice because the government has failed to comply with Federal Rules of Evidence 902(11) and 803(6).  Alternatively, the Court should exclude the specific government exhibits discussed above for the reasons set forth in this memorandum.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated: August 4, 2006