UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| | ) | |
| DOUGLAS JEMAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT
TO PRODUCE A WITNESS LIST AND ALL JENCKS MATERIAL IMMEDIATELY**

Despite good faith negotiations by Defendants to reach stipulations with the government in exchange for timely disclosure of a witness list and Jencks material, the government has terminated the parties' negotiations and refused to produce this critical information to Defendants in a timely manner.  The government currently plans on producing a witness statement to Defendants by close of business on August 29, 2006 -- a mere nine days prior to jury selection.  The government further plans on producing Jencks materials for twenty-five government witnesses by close of business that same day.  Thus, Defendants will have little more than one week to analyze this portion of the Jencks material to prepare for trial.  Moreover, the government plans to withhold Jencks material for all current and former Douglas Development employees, consultants and business partners until <u>after</u> opening statements.

Defendants complied with the Court's suggestion and attempted to reach an agreement with the government on these matters.  On August 14, 2006, defense counsel sent the government a list of items the defense hoped to obtain, including immediate production of a witness list and all Jencks material, in exchange for considering any reasonable stipulations.  <u>See</u> Exhibit A (email from Brian Heberlig to AUSAs Dubester and Lynch).  Later that afternoon, the

government provided defense counsel with a draft proposed stipulation to consider, and proposed producing a witness list on August 21, 2006, and Jencks material for thirty witnesses on September 4, 2006 -- four days prior to jury selection. See Exhibit B (email from AUSA Dubester to Brian Heberlig with attachments).

On August 15, 2006, counsel for Defendant Douglas Jemal met with government counsel in an attempt to reach agreement on these issues. Following the meeting, defense counsel sent the government a letter memorializing our discussion and Defendants' position with respect to the government's proposed stipulations. See Exhibit C (letter from Brian Heberlig to AUSAs Dubester and Lynch). After further negotiations, on August 17, 2006 defense counsel sent the government additional information on Defendants' position regarding the government's proposed stipulation. See Exhibit D (email from Brian Heberlig to AUSA Lynch). On August 18, 2006, the government sent defense counsel a letter terminating the negotiations and providing its unilateral schedule for the disclosure of Jencks materials, as described above. See Exhibit E (letter from AUSA Dubester to Defense Counsel). On August 18, 2006, defense counsel replied to the government's letter. See Exhibit F (letter from Brian Heberlig to AUSAs Dubester and Lynch).

As a review of this correspondence reveals, in exchange for a reasonable schedule for disclosure of a witness list and Jencks materials, Defendants are willing to stipulate to the authenticity of virtually all of the records for which the government sought stipulations, and agree not to object on hearsay grounds to a substantial number of the documents the government contends are business records. Such a stipulation would obviate the need for the government to call a substantial number of records custodians and greatly streamline the trial. The Defendants only decline to stipulate as to the admissibility of documents prior to trial. At this stage of the

- 3 -

proceedings, prior to the disclosure of a witness list and the Jencks materials, Defendants still have substantial questions about the government's theory of the case and simply cannot stipulate to the pretrial admissibility of government exhibits without this critical information. However, Defendants remain willing to stipulate to the issues described in the attached correspondence in return for immediate disclosure of a witness list and Jencks materials.

Defendants respectfully urge the Court to exercise its inherent trial management authority to compel the government to disclose a witness list to the Defendants immediately. Defendants face substantial difficulty preparing for trial without this basic information. The government has no legitimate basis to withhold a witness list at this late stage of the proceedings.

Defendants further respectfully request that the Court order the government to produce Jencks materials for <u>all</u> government witnesses immediately. The government's proposal to disclose only a portion of the Jencks materials a mere nine days prior to jury selection is unacceptable in a trial of this length. Further, given that witness safety is not at issue in this case, there is absolutely no basis for the government to refuse to produce all of the Jencks material prior to trial. The government's decision to withhold production of the Jencks material for all current and former Douglas Development employees, consultants and partners until after opening statements appears to be based on nothing more than tactical maneuvering.

In sum, Defendants respectfully request that the Court order the government to disclose a witness list and the Jencks material for all government witnesses immediately.

>Respectfully submitted,
>
>_____
>Reid H. Weingarten (D.C. Bar #365893)
>Brian M. Heberlig (D.C. Bar #455381)
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036-1795
>(202) 429-3000
>
>Michele A. Roberts
>Akin Gump Strauss Hauer & Feld LLP
>1333 New Hampshire Avenue, N.W.
>Washington, D.C. 20036
>(202) 887-4306
>
>Christopher B. Mead
>London & Mead
>1225 19th Street, N.W.
>Suite 320
>Washington, D.C. 20036
>(202) 331-3334
>
>Counsel for Douglas Jemal
>
>
>Stanley M. Brand
>Ross Nabatoff
>The Brand Law Group
>923 Fifteenth Street, N.W.
>Washington, D.C. 20005
>(202) 662-9700
>
>Counsel for Norman Jemal

- 5 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C.  20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: August 18, 2006