# EXHIBIT

# D

Follow up to meeting

**Heberlig, Brian**

| | |
|---|---|
| **From:** | Heberlig, Brian |
| **Sent:** | Thursday, August 17, 2006 11:08 AM |
| **To:** | 'Lynch, Timothy (USADC)' |
| **Cc:** | 'mroberts@akingump.com'; 'Dubester, Mark (USADC)' |
| **Subject:** | RE: Follow up to meeting |

**Tim:**

**Based on our conversation yesterday in which you indicated that the government is willing to consider disclosure of all of the Jencks material prior to September 4, I will attempt to respond further to your requests below.**

**First, with respect to the DDC records, you have asked us to indicate the exhibits for which we would like to preserve potential hearsay objections at trial. I have gone through this significant volume of records in a short time. Where in doubt, I have put an exhibit in the "preserve" column so as not to waive any objection. For those exhibits for which we have not sought to preserve hearsay objections, please be advised that we do not necessarily agree that the records at issue constitute DDC business records. However, we are willing to stipulate that we will not raise hearsay objections to those records at trial. In addition, in some cases, only a small portion of a government exhibit is objectionable. Given the sheer number of exhibits at issue, however, it is impossible for us to identify in a timely manner the particular pages to which we object. Of course, if you have any questions about our position on any specific exhibit, feel free to ask. Of the approximately 150 government exhibits derived from DDC records at issue in the proposed stipulation, we would like to preserve business record / hearsay objections to the following exhibits: 96-99, 101, 103, 105, 106, 108, 110, 112, 116, 117, 121, 123, 124, 125 (which is not yet marked), 126, 129, 133, 134, 135 (which we do not have yet), 137, 138-149 (which are not yet marked), 150-159, 161, 163-69, 174-175 (which we do not have yet), 194, 195, 197, 198, 451, 460-473, and 477-493.**

**Second, with respect to your request for us to identify any documents about which we have no objections to admissibility, we reiterate that the Defendants are not comfortable stipulating as to the admissibility of documents prior to the commencement of trial and the receipt of Jencks material, at a time when we still have significant questions about the government's theory of the case. As we stated at the meeting, we intend to be reasonable with our relevance objections as the evidence comes in and have no intention of fighting over the relevance of every government exhibit. By way of example only, we do not anticipate raising any relevance objections to government exhibits 13 (the page that relates to the watch given to Lorusso), 14 (the Boot Barn records), 16 (minus the cover page) and 55. For the reasons stated during our meeting, however, the Defendants are not willing to stipulate to the admissibility of specific documents prior to trial.**

**Third, we still decline to stipulate regarding the District of Columbia documents.**

**Fourth, as indicated, we are willing to stipulate as to the particular computers found in each room of DDC during the search.**

Finally, with respect to the Boot Barn stipulation, we believe only the first sentence is necessary and are willing to stipulate to it. The second sentence would likely suggest to the jury that Mr. Jemal did not serve in the military -- an irrelevant topic that should not be part of the trial.

Please let us know as soon as possible whether we will be able to reach an agreement on these matters. Thank you.

Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-8134 (phone)
(202) 261-0558 (fax)
bheberlig@steptoe.com
www.steptoe.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is attorney-client privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

---

**From:** Heberlig, Brian
**Sent:** Tuesday, August 15, 2006 6:24 PM
**To:** 'Lynch, Timothy (USADC)'; mroberts@akingump.com
**Cc:** Dubester, Mark (USADC)
**Subject:** RE: Follow up to meeting

Our emails must have crossed in cyberspace. Hopefully, you have received our letter by now. As we discussed in the meeting today, before we go down the time consuming road of identifying the records described in items one and two of your email, we need to know the parameters of your revised proposal on the Jencks disclosures. It seemed as if you might not be willing under any circumstances to provide all of the Jencks prior to trial, and that at most you would be willing to push the disclosure deadline back only a couple of days (from the four days before jury selection at which it currently stands). If that is the case, we think we will reluctantly need to have Judge Urbina resolve our differences and do not want to waste precious pretrial preparation time on the issues described in your letter. Therefore, please let us know what revised Jencks disclosure schedule you are willing to consider. If it is something that is acceptable, we will endeavor in good faith to respond to your requests below.

As to the two items designated "four" in your email, we are willing to stipulate to the computer information, subject to seeing your proposal, and are probably willing to agree to the revised Boot Barn stip (although I need to speak with my colleagues). I doubt that we will reconsider our position on the District of Columbia records but will discuss it with the group.

**Regards,**