# EXHIBIT

# E



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 18, 2006

Reid H. Weingarten, Esquire
Brian M. Heberlig, Esquire
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036

Stanley M. Brand, Esquire
Ross A. Nabatoff, Esquire
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005

Paul F. Kemp, Esquire
Carol Elder Bruce, Esquire
Venable LLP
575 7th Street, N.W.
Washington D.C. 20004

Discovery Letter #13
Jencks

Dear Counsel:

We are disappointed that, after the parties spent so much precious time negotiating, the defendants remain unwilling to agree to stipulations that only would serve to streamline the trial while not prejudicing the defendants in any meaningful way. For example, you insist on your right to raise relevance objections to records from the Bellagio Hotel showing that the defendants paid for Mike Lorruso's accommodations in Las Vegas. Moreover, even after the government made clear that the issue was significant, you insist on refusing to concede the authenticity of

District of Columbia government records—even though the documents were in many cases (a) marked "original," and (b) the actual documents prepared by Douglas Development Corporation and submitted to the District.

As you know, the government originally promised to provide Jencks materials for its first seven witnesses on September 5, 2006, with the balance of the Jencks materials to be provided immediately following opening statements. Nevertheless, the government will—even in the absence of any defense stipulations—provide a complete witness list and Jencks materials for twenty-five of the government's witnesses by close of business on Tuesday, August 29, 2006. This is two weeks before the anticipated testimony of the first witness. The government will produce the balance of the Jencks materials, to consist primarily of certain present and former Douglas Development employees, consultants and partners, immediately following opening statements. The witnesses in that subset of the government's witnesses will not be among the first seven witnesses called at trial, so there can be no doubt about the defense team's ability to prepare for cross examination.

We urge the defendants to reconsider their position on the government's proposed stipulations. The government will likewise consider proposed defense stipulations in good faith. The sooner you can identify the documents as to which you would seek stipulations, the sooner the government would consider such stipulations.

Sincerely,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

Mark H. Dubester
Timothy G. Lynch
Assistant United States Attorneys

2