# EXHIBIT F

# STEPTOE & JOHNSON LLP
ATTORNEYS AT LAW

Brian M. Heberlig
202.429.8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

August 18, 2006

By Electronic Mail

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
Assistant United States Attorneys
U.S. Attorney's Office for the
  District of Columbia
555 Fourth Street, NW, Room 5917
Washington, D.C. 20001

Re:   United States v. Douglas Jemal, et al., Crim. No. 1:05-cr-0359 (RMU)

Dear Counsel:

I am writing in response to your letter dated August 18, 2006 regarding the Jencks material. Defendants are also disappointed that we have been unable to reach agreement despite the significant time that we spent negotiating and reviewing the voluminous exhibits covered by the government's proposed stipulation. We are surprised that the government has abruptly terminated these negotiations. We understood from our last conversation that the government was willing to consider pretrial disclosure of all of the Jencks material if the Defendants reviewed the approximately 150 government exhibits from the Douglas Development Corporation grand jury production to identify those documents for which we would agree not to raise any hearsay objections. We did so and notified the government that Defendants wanted to preserve hearsay objections to only approximately half of these exhibits. Despite this good faith effort to reach a stipulation, the government has terminated these negotiations.

You are wrong in stating that "defendants remain unwilling to agree to stipulations . . . ." To the contrary, as our prior correspondence makes clear, Defendants are willing to agree to broad stipulations as to the authenticity of virtually every government exhibit in your proposed stipulation, and to agree not to raise hearsay objections to a substantial number of government exhibits covered by the proposed stipulation. These stipulations would streamline the trial and obviate the government's need to call a great number of document custodians. All the Defendants are unwilling to do prior to trial is stipulate to the admissibility of government exhibits. This position is entirely reasonable given that the government has refused to produce the Jencks material in a timely manner and the Defendants still have substantial questions about the government's theory of the case. Under these circumstances, Defendants could not possibly stipulate to the pre-trial admissibility of government exhibits.

I would also like to address the two specific examples raised in your letter of areas where you apparently believe the Defendants have been unreasonable. First, you state that the Defendants have

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
August 18, 2006
Page 2

insisted on the right to raise relevance objections to records from the Bellagio Hotel showing that the Defendants paid for Mr. Lorusso's accommodations in Las Vegas. That is incorrect. The records at issue are currently marked as government exhibits 10 and 11. Had you contacted me to determine the Defendants' position on these exhibits, I would have told you that we do not object to the relevance of the portion of those exhibits that relate to Mr. Lorusso's expenses. However, government exhibits 10 and 11 contain hotel records for every member of the Douglas Development Corporation party, most of which do not relate to Mr. Lorusso in any respect. For instance, you appear to have marked receipts for t-shirts and other souvenir gift items that, at least on their face, appear to have nothing to do with Mr. Lorusso. See GX 10.19 and 10.21. Defendants also contend that the amounts that the Defendants and others in the Douglas Development party spent for meals, in-room movies and other miscellaneous expenses, to the extent they are unrelated to Mr. Lorusso, are irrelevant and inadmissible. Indeed, these government exhibits are similar to many other government exhibits for which the government has sought stipulations -- they contain a couple of pages of relevant information but also include a significant amount of information with no possible relevance to the case. As we have informed you, the Defendants intend to act in good faith and not raise unnecessary relevance objections at trial. However, the government exhibits are so overbroad as marked that the Defendants cannot stipulate to their pretrial admissibility even though there are portions of many of the exhibits to which we will not object if they are properly marked.

Second, you express disappointment that the Defendants are unwilling to stipulate to the authenticity of certain documents produced by the District of Columbia government. I would note that this is the only category of documents in the government's entire lengthy stipulation to which the Defendants are unwilling to stipulate on authenticity grounds. As we explained to you, the reason is straightforward. The Defendants want the opportunity to question a records custodian or other District of Columbia official about these records. Many of the documents at issue are records reflecting payment of Douglas Development invoices by the District of Columbia. The government has contended that one of the official acts that Mr. Lorusso performed in return for alleged bribe payments was to expedite the payment of Douglas Development invoices. The Defendants have legitimate questions about these payment records that they wish to ask of a District of Columbia employee. There is nothing unreasonable about this position, and the Defendants should not be coerced into giving up the opportunity to question relevant witnesses to get the Jencks materials to which they are entitled and which the government should have already produced.

Please contact me if you are willing to reconsider your position and continue these negotiations.

Sincerely,

Brian M. Heberlig

cc:    Counsel of Record