UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| | ) | |
| DOUGLAS JEMAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S
MOTION FOR CLARIFICATION OF COURT ORDER OF AUGUST 8, 2006**

In an apparent attempt to re-litigate issues already decided by the Court, the government seeks "clarification" of whether it may introduce (1) Blake Esherick's 2003 income tax return in its case-in-chief, and (2) evidence regarding the amended W-2s and tax returns that the Court excluded from the government's case-in-chief in rebuttal or if Defendants somehow "open the door." The Court should deny both requests.

First, Defendant Esherick's 2003 tax return falls squarely into the category of evidence that the Court excluded from the government's case-in-chief on August 8, 2006. The evidence covered by the Defendant's Motion *In Limine* that the Court granted, as least with respect to the government's case-in-chief, was all evidence related to the amended W-2s filed in 2005 and the tax returns that were filed reflecting the information contained in the amended W-2s. In 2005, in connection with the filing of the amended W-2s, Mr. Esherick also filed amended tax returns for 2001 and 2002 (as well as 1999 and 2000) and an original tax return for 2003 that was overdue. Although the 2003 tax return was not amended, it reflected wage and income information from the amended W-2s. Admitting the 2003 return would be no different than

- 2 -

admitting the amended tax returns and would punish Mr. Esherick for his subsequent remedial measures to address issues raised by the government's investigation.

Count Eight alleges that the Defendants' tax evasion for calendar year 2003 was complete by April 15, 2004, when Defendant Esherick failed to file a tax return or pay taxes to the IRS for calendar year 2003. While Counts Six and Seven allege that Defendant Esherick's tax returns for 2001 and 2002 were false, Count Eight does not depend on the 2003 tax return in any respect. Accordingly, Defendant Esherick's 2003 tax return is no more relevant to Count Eight than his amended tax returns for 2001 and 2002 were relevant to Counts Six and Seven. The Court should follow its prior ruling and exclude Defendant Esherick's 2003 tax return from the government's case-in-chief.

Second, the Court should also adhere to its original ruling that evidence relating to these amended W-2s and tax returns "may not be used in the government's case-in-chief but may be reserved for appropriate impeachment purposes." Transcript of August 8, 2006 Hearing at 18. The government asks the Court to clarify if such evidence is admissible in rebuttal or if the Defendants were to "open the door" to such evidence. The government does not suggest any hypothetical scenario that would "open the door," making it difficult to respond meaningfully to this request. However, under no scenario would argument or evidence by the Defendants that Defendant Esherick's originally reported income was accurate, or that the Defendants acted in good faith and did not intend to evade taxes, open the door to this evidence. Similarly, if the government is not able to use this evidence for impeachment purposes -- i.e. if no defense witness testifies who may be properly impeached by this evidence -- the Court should not permit the government to admit such evidence in rebuttal. Any attempt to do so would simply be an end run around the Court's ruling.

For the foregoing reasons, the Court should deny the government's request for clarification of the August 8, 2006 Order.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

- 4 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: August 22, 2006