## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.  05-0359-1, -2, -3 (RMU)** |
| | ) | |
| **DOUGLAS JEMAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' REQUEST FOR A JURY INSTRUCTION
## REQUIRING SPECIFIC UNANIMITY AS TO THE MAILING OR
## WIRE IN FURTHERANCE OF THE MAIL AND WIRE FRUD CHARGES

In its August 24, 2006 Order, the Court asked the parties to submit briefs addressing the issue of whether, in light of Redbook Instruction 2.72, the Court should instruct the jury that it needs to be unanimous as to the particular mailing or wire in furtherance of the mail and wire fraud charges in the Indictment.  Defendants respectfully submit that such a specific unanimity instruction is required under the circumstances of this case.

Redbook Instruction 2.72 provides for a special unanimity instruction in cases in which there is evidence of more than one act or incident upon which a conviction on a single count may be based.  As the comment to the instruction states:

> [T]he D.C. Court of Appeals has held that when the evidence shows that one count of the indictment or information encompasses separate acts or incidents or separate defenses are raised, the Sixth Amendment right to a unanimous jury requires that the jurors be unanimous as to at least one specific act or incident.  Where such separate incidents are included in one count, this instruction should be given after the general unanimity instruction.

Redbook Instruction 2.72 (Comment) (collecting cases).  The D.C. Circuit has held that this

"District of Columbia rule is sensible and appropriate -- and we urge trial courts to employ the

instruction without request in cases like this one."  United States v. Mangieri, 694 F.2d 1270,

1281 (D.C. Cir. 1982) (holding that a specific unanimity instruction is appropriate in a false

statements case where a single charge alleges multiple false statements).

        In the specific context of the mail fraud statute, the Second Circuit has held that a

single count of mail fraud may be based on multiple mailings, but that a defendant may be

entitled to a special verdict form or interrogatory requiring the jurors to identify the mailing or

mailings upon which they unanimously agree.  United States v. Margiotta, 646 F.2d 729, 733 (2d

Cir. 1981).

        In this case, the mail and wire fraud counts in the Indictment are based on

multiple mailings or wires.  Count Three, the mail fraud count, alleges sixteen distinct mailings

in furtherance of the scheme to defraud.  Indictment at 17-18 (¶ 5).  Count Five, the wire fraud

count, alleges three distinct wires in furtherance of the scheme to defraud.  Id. at 27-28 (¶¶ 1-3).

Each of these mailings or wires is a separate act upon which the jury could convict if it found all

other elements to be present.  Without a specific unanimity instruction, there is a substantial risk

that the jury could convict the Defendants if it was not unanimous as to the mailing or wire at

issue -- an essential element of these offenses.  For instance, with respect to Count Five, it is

possible that four jurors could agree that the November 18, 2002 telefax occurred, four jurors

could agree that the December 10, 2002 telefax occurred, and four jurors could agree that the

December 12, 2002 wire transfer occurred.  Absent a specific unanimity instruction, the jury

could improperly convict the Defendants under this scenario even if the jurors did not all agree

on the same mailing or wire at issue.  Accordingly, Defendants respectfully submit that a specific

unanimity instruction is necessary in this case and authorized by controlling precedent.

Finally, it bears noting that the government agrees that the jury should be

specifically instructed that it needs to be unanimous as to the mailing or wire at issue.  As the

government stated in its opposition to Defendants' proposed jury instruction 34:

> The government agrees that the jury should be instructed on
> unanimity.  But it believes that there are two necessary
> components to this:  (1) the jury should be instructed on being
> unanimous on at least one theory; and (2) the jury should be
> instructed on being unanimous on at least one mailing.

Joint Pretrial Statement at 299.

For the foregoing reasons, the Court should specifically instruct the jury that it

must be unanimous as to at least one mailing or wire in furtherance of Counts Three and Five.

Respectfully submitted,

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  August 28, 2006