UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| | ) | |
| **DOUGLAS JEMAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR AMENDMENTS TO COURT'S ORDER REGARDING PROCEDURE FOR FILING MOTIONS *IN LIMINE* DURING TRIAL

Defendant's respectfully oppose the government's motion to deviate from the Court's standard trial procedures for handling evidentiary issues that arise during trial.  The Court has ordered the parties to meet and confer after trial proceedings every day to anticipate any evidentiary issues likely to arise the following trial day.  The Court has further ordered the parties to notify each other of any intent to file motions *in limine* by 11:00 p.m. that night, file any such motions by 7:00 a.m., oppose such motions by 7:45 a.m., and submit any reply memoranda by 8:15 a.m.  The Court should deny the government's motion to deviate from these fair and reasonable procedures.

First, the government requests that any party filing a motion *in limine* certify that it has met and conferred with the other side but was not able to obtain relief.  Defendants have no objection in principle to this requirement but believe that it is already contemplated by the Court's standard procedures.  The parties are currently required to meet and confer at the close of trial each day to identify potential evidentiary issues.  Thereafter, by 11:00 p.m., the parties must notify each other of any intent to file a motion *in limine* the following day.  Defendants certainly

hope the government would notify them if it is willing to consent to the relief sought by Defendants' anticipated motions *in limine*. Defendants intend to notify the government if they are willing to consent to any relief sought by the government's proposed motions *in limine*. Thus, the government's request that the parties include a "meet and confer" certification in their motions appears to be superfluous and already contemplated by the Court's standard procedures.

Second, Defendants respectfully oppose the government's request to change the time by which the parties are required to notify each other of any intent to file a motion *in limine* from 11:00 p.m. to 9:00 p.m. The Court heard argument from the parties on this very issue at the August 24, 2006 hearing and ruled that 11:00 p.m. was sufficient notice both to allow the moving parties to formulate their thoughts on potential motions *in limine* and to permit the opposing parties to prepare a response. The government provides no reason for the Court to revisit this issue. Defendants respectfully submit that they need until 11:00 p.m. to make final decisions on any motions *in limine*. The parties will have ample time to research the law between 11:00 p.m. and 7:45 a.m., when oppositions to motions are due. Nonetheless, as a matter of courtesy, Defendants will notify the government earlier in the evening if they decide to file a motion *in limine* prior to the 11:00 p.m. deadline. As officers of the Court, neither side is going to abuse the Court's trial procedures.

Finally, Defendants feel obligated to respond to the government's claim that Defendants "understand the government's case and the evidentiary issues it will likely present" because they have received "tens of thousands of pages of discovery" and the Jencks materials and a witness list prior to trial. Gov't Motion at 2. Defendants just received the Jencks material and a witness list approximately one week prior to trial over vigorous objection from the

government.  The government's witness list consists of seventy-six (76) individuals.  See Exhibit A.[1]  Defendants did not anticipate that the government intended to call so many witnesses and cannot imagine the relevance of many of these individuals.  In a few instances, Defendants cannot even identify the individuals listed (and for whom the government provided no Jencks material).  Moreover, the government's exhibit list consists of over 27,000 pages of documents.  Many of these exhibits are disorganized and a collection of seemingly unrelated documents.  In other cases, the relevance of the exhibits is not clear from the face of the documents.  In sum, Defendants do not "understand" the government's case and need significant leeway to raise legitimate evidentiary objections to the government's evidence during trial.

      For the foregoing reasons, the Court should deny the government's motion.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

---

[1] Defendants anticipate that many of these witnesses will consume a substantial amount of trial time on both direct and cross-examination.  If the government truly intends to call all 76 of the individuals on its witness list, Defendants believe that the government's case alone will likely take at least six weeks.  The Court should ask the government to confirm that this is a good faith witness list.  If so, the Court may need to advise the prospective jurors during voir dire that the trial could take longer than originally anticipated.

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated: September 4, 2006