UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 05-359 (RMU) |
| | : | |
| DOUGLAS JEMAL ET AL. | : | |

### REPLY IN SUPPORT OF GOVERNMENT'S MOTION
### FOR AMENDMENTS TO COURT'S ORDER
### REGARDING PROCEDURE FOR FILING MOTIONS *IN LIMINE* DURING TRIAL

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its motion for amendments to the Court's Order regarding the procedure for filing motions in limine during trial.

### DISCUSSION

Defendants oppose the government's motion on the ground that the government "will have ample time to research the law between 11:00 p.m. and 7:45 a.m." Defs. Opp. at 2 (emphasis added). Litigation, particularly trial litigation, is an adversarial process. But seeking the right to require opposing counsel to begin research at 11:01 p.m. on complex legal issues crosses a line. In the interests of fairness and efficiency, if not a modicum of sleep, the government respectfully requests that the Court grant the government's motion.

As to the remainder of the opposition, defendants' complaints about the government's witness list are not well taken. The government has strived to anticipate the way the trial is likely to play out, but the government knows it could expect defense objections if it seeks to call at trial previously undisclosed witnesses. Thus, the government has if anything erred on the side of disclosure, listing even those witnesses who stand a less than fifty percent chance of being called.

Moreover, although the defendants complain about receiving too much information—an unusual claim that is difficult to credit given that defense counsel have been reviewing the vast bulk of the trial exhibits since 2005—the government notes that it labors under the opposite problem: the defendants have not disclosed the identify of even one defense witness (other than their experts). Accordingly, the government's witness list may need to be amended to address factual issues raised by the defendants in their opening statements or through cross examination. That said, the government has every incentive to move the trial as efficiently as possible.

## CONCLUSION

The government's motion should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Mark H. Dubester
Assistant United States Attorney