UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No. 05-359 (RMU) |
| : | |
| DOUGLAS JEMAL <u>ET AL</u>. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION <u>IN LIMINE</u> TO PRECLUDE THE GOVERNMENT FROM ASSERTING THAT BLAKE ESHERICK CREATED AND SUBMITTED THE $38,000 INVOICE

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Blake C. Esherick's motion <u>in limine</u> to preclude the government from asserting during opening statements that Mr. Esherick created the $38,000 invoice charged in count four of the Indictment. As shown below, the government respectfully submits that the motion should be denied as moot. Moreover, the government respectfully submits that this motion demonstrates the virtues in the government's request that parties should be required to meet and confer before filing motions <u>in limine</u>.

## DISCUSSION

Defendant's motion should be denied as moot because the government does not intend to assert during its opening statement that Mr. Esherick personally created the $38,000 invoice charged in count four. The government will assert in its opening, and will prove through competent evidence (above and beyond the computer records discussed in defendant's motion), that Mr. Esherick caused the invoice to be created by others. Given that the Indictment alleges, among other things, that Mr. Esherick "<u>cause[d]</u> to be created and submitted" the fraudulent invoice, see Indictment, Count Four, at ¶ 2 (emphasis added), the government is not required to

prove that he <u>personally</u> created the invoice.[1] It is enough that he had someone prepare it for him—and that is what the government's evidence will show. The government is required in opening statements to give a jury a preview of what it intends to prove, and the government respectfully submits that it will be able to prove that Mr. Esherick is criminally responsible for having "caused to be created" the $38,000 invoice.

If defense counsel had met and conferred with government counsel on this issue, it is possible that the motion might not have to have been filed; for the government would have let counsel know that it had no intent to assert that Mr. Esherick personally created the invoice.

## CONCLUSION

Defendant's motion should be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

---

[1] Mr. Esherick is a senior executive. There are many occasions where he did not do his own typing but had others prepare documents at his request.

CERTIFICATE OF SERVICE

  I hereby certify that, on this 6th day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Mark H. Dubester
Assistant United States Attorney