UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Action No. 05-359 (RMU) |
| | : |
| DOUGLAS JEMAL ET AL. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT
FROM MENTIONING CERTAIN THINGS OF VALUE THAT
MICHAEL LORUSSO RECEIVED FROM FERNANDO VILLEGAS
IN THE GOVERNMENT'S OPENING STATEMENT**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendants' motion in limine to preclude the government from mentioning certain things of value that Michael Lorusso received from Fernando Villegas in the government's opening statement. As shown below, the motion should be denied because the government is entitled to blunt the impact of attacks on Mr. Lorusso in the defense openings by acknowledging his criminal conduct with respect to Mr. Villegas. In any event, the motion should also be denied because the government agrees to limit its description of the things of value provided by Mr. Villegas to Mr. Lorusso as "money, luxury goods, and lifestyle items."

## DISCUSSION

The government has the right to take the sting out of any opening statements attacking Mr. Lorusso by acknowledging that Mr. Lorusso is also guilty of conspiring to commit the offense of bribery based on his receipt of things of value from Mr. Villegas. See, e.g., United States v. Delgado, 401 F.3d 290, 300 (5th Cir. 2005) (citing United States v. Fleetwood, 528 F.2d 528 (5th Cir. 1976) (affirming convictions in rejecting claim that trial court erred in allowing

government to reveal co-conspirators' guilty pleas, for government was allowed to blunt impact of attacks on its witnesses and avoid perception by jury that it was hiding bad facts).

Moreover, the government respectfully submits that—to avoid any claims of prejudice to the defendants—it will not attempt to make a clear linkage in its opening statements to the similar things of value given to Lorusso by the defendants and by Mr. Villegas. Instead, in discussing in its opening the things of value provided by Mr. Villegas, the government will refer to such things in strictly general terms—"money, luxury goods, and luxury items." That will avoid any risk of prejudice to the defendants.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

CERTIFICATE OF SERVICE

    I hereby certify that, on this 7th day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_/s/ Mark H. Dubester_
Mark H. Dubester
Assistant United States Attorney