UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT DOUGLAS JEMAL'S MOTION *IN LIMINE*
TO PRECLUDE THE GOVERNMENT FROM INTRODUCING CERTAIN
STATEMENTS OF DEFENDANT ESHERICK RELATING TO HIS INCOME**

Defendant Douglas Jemal, through counsel, respectfully requests that the Court preclude the government from introducing certain statements of Defendant Blake Esherick relating to Mr. Esherick's income because allowing such evidence would violate the rule of Bruton v. United States and deny Mr. Jemal his Sixth Amendment right to confront a witness against him.[1]

In Bruton, the Supreme Court held that certain "incriminating extrajudicial statements" of a defendant are so prejudicial that they cannot be admitted against a co-defendant at a joint trial when the defendant who made the statement does not testify, even if the jury is given a limiting instruction to consider the evidence only against that defendant.  391 U.S. 123, 126 (1968).  The reason for this rule is that the defendant who is inculpated by the out-of-court

---

[1] The documents at issue are Government Exhibits 39, 44, 47 and 553  See Attachment A (excerpts of relevant documents).  Government Exhibit 47 is a sworn financial statement dated August 25, 2003, signed by Defendant Esherick as part of his divorce proceedings in which he stated that his "total monthly income (before taxes)" was $12,500.  Government Exhibits 39, 44 and 553 are credit applications in which Mr. Esherick stated that his gross income was $6,666.67 per month (GX 39) and his annual gross income was $115,000 (GX 44) and $150,000 (GX 553).

statement is unable to cross-examine his co-defendant and therefore denied his Sixth Amendment right to confrontation.[2]  In so finding, the Court noted:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.  Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial.

Id. at 135-36 (citations omitted).

This case is comparable to the situation in Bruton, where the Court found that the extrajudicial statement "added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination," and therefore denied the defendant his constitutional right of confrontation.  Id. at 128.  In this case, Defendant Esherick's statements, contained in Government Exhibits 39, 44, 47 and 553, are unfairly prejudicial to Defendant Douglas Jemal because they purport to identify the compensation Mr. Esherick received from his employer -- Mr. Jemal.  The fact that the documents do not actually name Defendant Douglas Jemal is immaterial.  The statements are incriminating on their face because there is no doubt in the mind of the jury that Mr. Jemal employs Mr. Esherick.  Cf. Richardson v. Marsh, 481 U.S. 200, 208 (1987) (extrajudicial statement did not violate Bruton because it "was not incriminating

---

[2] The Confrontation Clause of the United States Constitution provides a defendant with "the right to be confronted with the witnesses against him." U.S. Const. amend. VI.  It is well-established that this right of confrontation includes the right to cross-examination. Richardson v. Marsh, 481 U.S. 200, 206 (1987); Pointer v. Texas, 380 U.S. 400, 404 (1965).  For this reason, out-of-court statements may be admitted against criminal defendants only in certain limited circumstances.  See Crawford v. Washington, 541 U.S. 36 (2004).

on its face, and became so only when linked with evidence introduced later at trial"). Mr. Esherick's statements would incriminate Defendant Douglas Jemal directly, rendering a limiting instruction insufficient to cure the undue prejudice to Mr. Jemal. See Bruton, 391 U.S. at 138 ("A basic premise of the Confrontation Clause . . . is that certain kinds of hearsay are at once so damaging, so suspect, and yet so difficult to discount, that jurors cannot be trusted to give such evidence the minimal weight it logically deserves, whatever instructions the trial judge might give.") (Stewart, J. concurring) (citations omitted)); United States v. Glass, 128 F.3d 1398, 1403 (10th Cir. 1997) (court's limiting instruction could not cure Sixth Amendment violation).

Furthermore, by their very nature, the statements at issue cannot be redacted to eliminate their obvious reference to Defendant Douglas Jemal. Although he is not named outright, the statements point directly to him as Mr. Esherick's employer. In this respect, this case is analogous to those in which the government unsuccessfully attempts to redact the extrajudicial statements in order to avoid a Bruton violation. See Gray v. Maryland, 523 U.S. 185, 196 (1998) (the rule of Bruton is violated by statements that, "despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the [statement] the very first item introduced at trial"). For example, in United States v. Brodie, 326 F. Supp. 2d 83 (D.D.C. 2004), the court found that the government's proposal to replace the defendants' names with aliases based on their occupations would "incriminate [those defendants] through inferences a jury could make immediately upon hearing the substituted term, not those that require linkage with other evidence introduced later at trial." 326 F. Supp. 2d at 96 (citing Gray, 523 U.S. at 196). As in this case, because the statements amounted to "obvious pointers" to the defendants even without naming

them directly, the court held that their use at trial would violate Bruton. Id. (citing United States v. Hoover, 246 F.3d 1054, 1059 (7th Cir. 2001) (finding that because government's suggested redactions did not "avoid[ ] a one-to-one correspondence between the [statement] and easily identified figures sitting at the defense table," statement was not admissible under Gray)).[3]

In sum, because Defendant Esherick's out-of-court statements regarding his income directly implicate Defendant Douglas Jemal, and Defendant Esherick does not anticipate testifying, the admission of these statements would violate Bruton and deny Mr. Jemal his Sixth Amendment right to cross-examination. For these reasons, the Court should preclude the government from introducing Government Exhibits 39, 44,[4] 47 and 553.

> Respectfully submitted,
>
> _____
> Reid H. Weingarten (D.C. Bar #365893)
> Brian M. Heberlig (D.C. Bar #455381)
> Steptoe & Johnson LLP
> 1330 Connecticut Avenue, N.W.
> Washington, D.C. 20036-1795
> (202) 429-3000

---

[3] If the government intends to offer the testimonial sworn statement in GX 47 or the excerpts from Defendant Esherick's deposition transcript or trial testimony in his divorce case against Defendant Douglas Jemal directly, a different analysis applies. Separate and apart from any Bruton issue, the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), bars completely the admission of testimonial statements by a non-testifying co-defendant. In this regard, Crawford introduced "a *per se* bar on the admission of out-of-court testimonial statements that were not subject to prior cross-examination." United States v. Saget, 377 F.3d 223, 226 (2d Cir. 2004); see also United States v. McClain, 377 F.3d 219, 221 (2d Cir. 2004); United States v. Jones, 371 F.3d 363, 369 (7th Cir. 2004).

[4] The Court pre-admitted GX 39 and GX 44. However, the documents have yet to be shown to the jury. Mr. Jemal respectfully requests that the Court order the government to redact Mr. Esherick's statements in GX 39 and GX 44 that relate to his income.

          Michele A. Roberts (D.C. Bar #337998)
          Jeffrey M. King (D.C. Bar #461644)
          Akin Gump Strauss Hauer & Feld LLP
          1333 New Hampshire Avenue, N.W.
          Washington, D.C.  20036
          (202) 887-4306

          Christopher B. Mead
          London & Mead
          1225 19th Street, N.W., Suite 320
          Washington, D.C.  20036
          (202) 331-3334

          Counsel for Douglas Jemal

Dated:  September 15, 2006