UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) | |
| v. | ) ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| **DOUGLAS JEMAL, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT DOUGLAS JEMAL'S MOTION *IN LIMINE*
TO PRECLUDE THE GOVERNMENT FROM INTRODUCING CERTAIN
STATEMENTS OF DEFENDANT ESHERICK RELATING TO HIS INCOME**

The Court should exclude the statements at issue because they violate the rule of Bruton v. United States and Defendant Douglas Jemal's Sixth Amendment right to confront a witness against him.

The government's claim that Mr. Jemal's motion is untimely can be swiftly rejected.  Mr. Jemal did not file a motion *in limine* before trial because the government specifically confirmed to counsel for Mr. Jemal that it would not attempt to admit testimony of Mr. Esherick from his divorce proceeding without giving advance notice and permitting the parties to brief the Bruton issues to the Court.  See Exhibit A.  Mr. Jemal reasonably concluded that the government's representation extended to Mr. Esherick's testimonial financial affidavit from that same proceeding.  The government's claim that it should be permitted to introduce this evidence because it made reference to it in opening statement is similarly unpersuasive.  The Court certainly should not let the government's comment about inadmissible evidence in opening statement serve as a bootstrap to the admission of such evidence at trial.

The government argues in its opposition that the statements of Mr. Esherick at issue are "profoundly relevant" and "powerful evidence." Opposition at 2, 6. That is precisely why no limiting instruction would cure the obvious prejudice to Douglas Jemal that would result from the admission of these statements with Mr. Jemal having no opportunity to cross-examine Mr. Esherick. Indeed, the government observes that "an applicant to a credit card company might have an incentive to overstate his income." Opposition at 4 n.3. Although that is the likely reason why Mr. Esherick made the statements at issue, Mr. Jemal has no opportunity to cross-examine Mr. Esherick to mitigate this, to use the government's term, "powerful" evidence.

The government's claim that Mr. Esherick's statements say nothing about Douglas Jemal's belief or understanding about Mr. Esherick's gross income misses the mark. See Opposition at 4-5. In the typical Bruton case, one defendant has confessed to having committed a crime with a co-defendant. Obviously, such a confession says nothing about the co-defendant's belief or understanding as to whether the co-defendant also committed the crime. Nonetheless, the Supreme Court has held that the potential prejudice to the co-defendant from the admission of his defendant's confession is so severe that it cannot be cured by a limiting instruction. Bruton v. United States, U.S. 123, 135-36 (1968). Similarly, Mr. Esherick's statements regarding his income could be viewed as a confession. The government clearly thinks so, contending that "[t]hey constitute statements whereby the jury could conclude that Mr. Esherick understood his true income to be an amount other than the amount he reported to the United States." Opposition at 2.

Finally, the Court should reject the government's claim that statements at issue are merely inferentially incriminating to Douglas Jemal and therefore outside the scope of Bruton.

The Supreme Court addressed this very issue in <u>Gray v. Maryland</u>, where it stated that "inference pure and simple cannot make the critical difference," and held that the following statements fall within the rule of <u>Bruton</u>:

> [S]tatements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial.

523 U.S. 185, 196 (1998).

The statements at issue here obviously refer to Douglas Jemal as Mr. Esherick's employer. The jury will immediately infer upon hearing Mr. Esherick's statements that Douglas Jemal was the source of Mr. Esherick's purported "income" or "salary" in excess of what was reported to the IRS. Moreover, redacting any reference to Douglas Development would not remedy the obvious reference to Douglas Jemal. The jury knows that Douglas Development is Mr. Esherick's employer. Redacting any reference to Douglas Development is tantamount to leaving a blank or the word "delete" in a confession -- redactions that the Supreme Court has held are insufficient to cure the <u>Bruton</u> problem associated with such obviously incriminating statements. <u>Gray</u>, 523 U.S. at 194.

For these reasons, the Court should preclude the government from introducing Government Exhibits 39, 44, 47 and 553.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts (D.C. Bar #337998)
Jeffrey M. King (D.C. Bar #461644)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Dated: September 18, 2006