UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No.: 05-0359 (RMU) |
| : | |
| DOUGLAS JEMAL, : | Doc. No.: 153 |
| NORMAN D. JEMAL, and : | |
| BLAKE C. ESHERICK, : | |
| : | |
| Defendants. : | |

FILED
SEP 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

On September 15, 2006, defendant Douglas Jemal (the "defendant") filed a motion to preclude the government from introducing some of defendant Esherick's statements relating to his income. Specifically, the defendant moved to preclude the government from introducing its exhibits 39, 44, 47, and 553, which consist of Esherick's written representations of his income to third parties. The defendant argues that Esherick's statements are "unfairly prejudicial" and violate the rule of *Bruton v. United States*, 391 U.S. 123 (1968), because they purport to identify the compensation that Esherick received from the defendant. Def. Douglas Jemal's Mot. at 2.

The *Bruton* Court held that "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant," are introduced at trial, an instruction informing the jury that it cannot consider the statements against the defendant is not "an adequate substitute for [the defendant's] constitutional right of cross-examination." *Bruton*, 391 U.S. at 135-137. The *Bruton* case constitutes a "narrow exception" to the principle that "jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 207 (1987). Indeed, "statements that incriminate only inferentially are outside the scope of *Bruton*." *United States v. Wilson*, 160 F.3d 732, 740 n.5 (D.C. Cir. 1998). That is, a statement that becomes incriminating

only when "linked with evidence introduced later at trial" does not violate the principles articulated in by the *Bruton* Court. *Richardson*, 481 U.S. at 208.

The government exhibits at issue do not incriminate the defendant on their face because they are statements about Esherick's total household income, not just the income that he received from the defendant. That is, these statements generate no more than an inference that the defendant was involved in the alleged tax evasion offense. *Richardson*, 481 U.S. at 208. The court accordingly concludes that government exhibits 44, 47, and 553 are properly admitted against defendant Esherick. Out of an abundance of caution, however, the court precludes the government from introducing exhibit 39, so as to eliminate the presence of an inference which may unduly prejudice the defendant.

Accordingly, it is this 18th day of September 2006, hereby

**ORDERED** that the defendants' motion is granted in part and denied in part,[1] and it is

**FURTHER ORDERED** that the government is precluded from introducing exhibit 39.[2]

**SO ORDERED.**

Ricardo M. Urbina
United States District Judge

---

[1] The court invites defendant Douglas Jemal to propose a limiting instruction informing the jury that the statements in exhibits 44, 47, and 553 are admitted only against defendant Esherick.

[2] The court recommends, but does not require, that the government redact any mention of defendant Esherick's place of employment in the exhibits.