UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.  05-0359-1, -2, -3 (RMU)** |
| | ) | |
| **DOUGLAS JEMAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INTRODUCING
EVIDENCE REGARDING DOUGLAS JEMAL'S PERSONAL FINANCES**

The Court should grant the Defendants' motion to exclude evidence regarding (1) Defendant Douglas Jemal's pattern of weekly cash withdrawals, and (2) payments from Douglas Development Corporation to Douglas Jemal.

First, with respect to Douglas Jemal's weekly cash withdrawals, the government essentially concedes that Douglas Jemal's cash withdrawals remained exactly the same during the relevant time period in which the government contends Mr. Lorusso obtained cash payments as they were for years before and years after those dates.  The government has access to Mr. Jemal's bank records and knows this to be the case.  Douglas Jemal took the cash from these cashed checks every week with him to New York and gave the majority of the funds to his wife for her expenses.  These withdrawals have nothing to do with this case.  The government knows it cannot prove that Douglas Jemal provided any of this cash to Blake Esherick to give to Mr. Lorusso.  The inference that the government wants the jury to draw is so weak as to be meaningless.  The Court should exclude this irrelevant evidence.

Second, the evidence of Douglas Development payments to Douglas Jemal is also irrelevant and highly prejudicial. The government contends that this evidence is relevant to its "motive" theory on which the government has focused most of its evidence in this case. Indeed, the jury has heard far more evidence about bounced checks, insufficient fund fees and bank charges than it has about the actual bribery allegations at issue in this case. The government began its opening statement with a focus on this so-called "motive" evidence and did not even address the alleged corruption charges until near the end of its opening. The reason for this is obvious: the government is trying to compensate for a weak bribery case with evidence of "motive" that is no more than a pretext to admit inflammatory evidence of the nature at issue here.

Defendants have refrained from objecting to the cumulative, time-consuming and minimally relevant evidence relating to this "motive" theory to date. However, the government is now attempting to bootstrap the admission of prejudicial evidence regarding Douglas Jemal's spending habits and lifestyle under the guise of this "motive" theory. The Court should put an end to this misguided effort.

The government's motive theory -- that Douglas Development was in "trying financial circumstances" in 2001 and therefore needed to bribe Michael Lorusso -- is frivolous. The evidence has already shown that the bounced checks and insufficient funds fees on which the government exclusively bases this "motive" theory were a constant at Douglas Development in years prior to the allegations at issue in this case and in years after. For whatever reason, Douglas Development has chosen to manage its cash in this fashion and incur these bank charges rather than sell properties or open additional lines of credit from which it could have

obtained more cash.  As Mr. Medding put it, these banking practices amount to no more than an

unofficial "line of credit" by the Company.  Tr. 917.  The fact is, and we expect the evidence to

show as this trial continues, that Douglas Development and Douglas Jemal personally, had tens

of millions of dollars (or more) in available equity.  Douglas Jemal was not desperate for cash in

2001 or 2002.  The Court should not permit the government to introduce evidence regarding the

amounts of money that Douglas Jemal paid himself from the Company under the guise that it is

relevant to this preposterous motive theory.  Indeed, the suggestion that Douglas Jemal's

monthly expenditures were an "obligation" that the Company was required to pay is absurd.

For these reasons, the Court should exclude any evidence of cash cashing by

Douglas Jemal and payments from Douglas Development Corporation to Douglas Jemal..

Respectfully submitted,

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts (D.C. Bar #337998)
Jeffrey M. King (D.C. Bar #461644)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Dated:  September 22, 2006