# LONDON & MEAD
### ATTORNEYS AT LAW

1225 19TH STREET, N.W.  
SUITE 320  
WASHINGTON, D.C. 20036

TELEPHONE (202) 331-3334  
TELEFAX (202) 785-4280

March 16, 2006

Mark H. Dubester, Esquire  
Assistant U.S. Attorney  
U.S. Attorney's Office for the District of Columbia  
555 Fourth St., N.W.  
Washington, D.C. 20530  
(By email to mark.dubester@usdoj.gov; regular mail to follow)

     Re:    <u>United States v. Douglas Jemal, et al., Crim. No. 1:05-cr-0359 (RMU)</u>

Dear Mark:

    At the last motions hearing, Judge Urbina asked whether there were any other disclosures that the defense thought the government should have made. Upon reflection, defense counsel ask the government to disclose to them, and to the Court, that the following facts are true:

    1.    The government's cooperating witness, Michael Lorusso, does not believe that he performed or failed to perform any of the official acts listed in the Indictment or in any Bill of Particulars for the benefit of Defendants in exchange for the things of value described in the Indictment;

    2.    The Defendants and Lorusso never discussed any official acts that Lorusso would perform or fail to perform in exchange for any of the things of value described in the Indictment;

    3.    Lorusso did not intend to perform or fail to perform any specific official acts to benefit the Defendants when he accepted any of the things of value described in the Indictment;

    4.    Lorusso did not know of any official acts that Defendants expected him to perform or fail to perform in exchange for any of the things of value described in the Indictment;

    5.    Lorusso did not consider the payment of certain expenses for him in Las Vegas in May, 2001 to be in exchange for Lorusso's performance of, or failure to perform, any official acts;

    6.    Lorusso provided things of value to some or all of the Defendants before Defendants provided any things of value to him (we ask for disclosure of the details related to the circumstances and value of Lorusso's gifts to Defendants);

**LONDON & MEAD**
ATTORNEYS AT LAW

Mark H. Dubester, Esquire
March 16, 2006
Page 2

      7.     the real estate transactions between the Defendants and/or DDC and the District of Columbia, as alleged in the Indictment, were at fair market value or otherwise contained fair and customary terms.

      The defense requests this information, it is material to the defense, and its use is "reasonably feasible" in Defendants' trial preparation. The information is readily available to the Government, because Lorusso has signed a cooperation agreement with your Office, and has doubtless provided this information to your Office already. To the extent he has not provided this information to your Office, Lorusso has an obligation to provide this information at your request. This information clearly would tend "to negate the guilt of the accused," and would assist the Court in determining whether the Indictment actually alleges crimes, or contains surplusage.

      In addition, this information, if true, would constitute D.C. Rule of Professional Conduct 3.8 materials that tend to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. Local Criminal Rule 57.26 provides that the D.C. Rules of Professional Conduct apply to attorneys practicing in the United States District Court for the District of Columbia. The local rule is consistent with 28 U.S.C. 530B(a), which provides that "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."

      The District of Columbia has adopted Rule of Professional Conduct 3.8, entitled "Special responsibilities of a prosecutor." Rule 3.8(e) provides that a prosecutor shall not:

> intentionally fail to disclose to the defense, upon request and at a time when use by the defense is reasonably feasible, any evidence or information that the prosecutor knows or reasonably should know tends to negate the guilt of the accused or mitigates the offense . . .

      The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963):

> *[Brady]* requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate. See ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to

**LONDON & MEAD**
ATTORNEYS AT LAW

Mark H. Dubester, Esquire
March 16, 2006
Page 3

      reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense").

*Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

      We contend that the categories of information requested above would constitute Rule 3.8(e) material, and would allow the defense to demonstrate to the Court that the Indictment fails to allege violations of the bribery, mail fraud, and wire fraud statutes.

      If you do not intend to search for and produce such information, evidence, or materials in the possession of the Government (including inquiries to all appropriate agencies or departments of the United States), please let us know. In the event that good faith discussions fail to resolve any differences of opinion between prosecution and defense about what constitutes Rule 3.8 material, the Court will need to resolve those differences under its authority to supervise the attorneys engaged in practice before it.

      On a personal level, this letter is not intended as a pompous lecture about ethics. I have always respected your work and integrity. The adversary system causes advocates on each side to view a case from very different perspectives. This letter is intended to assist you in complying with your ethical obligations; it is not an accusation against you in any way.

      Please let me know at your earliest convenience whether, and when, you will disclose the Rule 3.8 materials described in this letter.

                      Very truly yours,

                        Christopher B. Mead

cc:    All defense counsel