**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Crim. No. 05-359-01, -2, -3 (RMU) |
| : | |
| **DOUGLAS JEMAL, ET AL.** : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL THE GOVERNMENT TO COMPLY WITH ITS OBLIGATIONS UNDER *BRADY*, *GIGLIO*, AND D.C. RULE OF PROFESSIONAL CONDUCT 3.8**

The Government has been aware of Michael Lorusso's involvement in the Resource F and Dexter Wadsworth investment scams since at least July of 2006; it referred to these two schemes in its Discovery Letter #11 dated July 10, 2006. That same letter referred to an indictment in Massachusetts of at least one individual connected with Resource F.[1] Unbelievably, Government Counsel waited until Friday, September 26, 2006 – the eve of Michael Lorusso's testimony in this case -- to request material from the U.S. Attorney's Office for the Eastern District of Massachusetts and the SEC related to Michael Lorusso's bad acts "that should be disclosed under the government's due process obligations."[2] Even this last-minute request did not come until after the Defendants had filed their Motion to Compel the Government to Comply with its Obligations Under *Brady, Giglio,* and D.C. Rule of Professional Conduct 3.8.    Apparently, rather than investigating Lorusso's involvement in these schemes, or contacting the AUSA in Massachusetts, the Government simply relied on a

---

[1] Discovery Letter #11, attached as Exhibit 1 to Defendants' Motion to Compel the Government to Comply With Its Obligations Under *Brady, Giglio,* and D.C. Rule of Professional Conduct 3.8.

[2] Opposition at 4-5.

"conference call" with Lorusso and his attorneys.[3]  Whether or not that is sufficient preparation for this case, it is certainly not sufficient to meet the Government's plain obligations under *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972).  The law is clear that the prosecutors in this case had an affirmative duty to ask the Massachusetts U.S. Attorneys Office and the SEC if they had any material that would shed light on the conduct of Michael Lorusso – the key witness in their case against Douglas and Norman Jemal and Blake Esherick -- and they had an obligation to do so before September 26.   *United States v. Brooks,* 966 F.2d 1500, 1502 (D.C. Cir. 1992); *United States v. Safavian,* 233 F.R.D. 12, 17 (D.D.C. 2005); *United States v. Auten,* 632 F.2d 478, 481 (5th Cir. 1980); *Carey v. Duckworth,* 738 F.2d 875, 878 (7th Cir. 1984).  As the Court wrote in *Safavian:*

> Under *Brady,* the prosecutors have an affirmative duty to search possible sources of exculpatory information, including a duty to learn of favorable evidence known to others acting on the prosecution's behalf . . . and to cause files to be searched that are not only maintained by the prosecutor's or investigative agency's office, but also by other branches of government "closely aligned with the prosecution."

The Government cannot avoid this obligation by willful blindness.  *Carey,* 738 F.2d at 878 ("a prosecutor's office cannot get itself around *Brady* by keeping itself in ignorance, or compartmentalizing information about different aspects of a case.") Nor can it blame Defendants for its failure to search for information that it is required to produce under *Brady* and *Giglio.*

Defendants appreciate the Government's last-minute effort to comply with its Constitutional obligations by requesting information from the US Attorney's Office for the Eastern District of Massachusetts and the SEC.  They request that this Court order the Government to produce any material relating to Michael Lorusso that it receives from the United

---

[3]Opposition at 3.

States Attorneys Office from the Eastern District of Massachusetts or the SEC before Lorusso takes the stand on Tuesday, October 3.

In addition, Defendants are confused by the Government's argument with respect to its Plea Agreement with Michael Lorusso.  At Lorusso's guilty plea proceeding, Government counsel told the Court that "level 25 represents a principled compromise of many guideline issues."  In its Opposition, however, the Government states that

> the agreement as to the ultimate guidelines range is part and parcel of the resolution of all the terms, not only guideline terms, embodied in the plea agreement – with the intent of achieving a fair level of incarceration in light of the facts known to the government at the time. . . the agreement as to the ultimate guidelines range reflects the resolution of a host of disputed legal and factually complex guidelines issue (including such practical issues as to what conduct is "readily provable" at the time of the plea), and not necessarily an attempt to agree on a specific guideline calculation.

This resolution appears less "principled" and certainly suggests that the Government conferred a substantial, if unquantifiable, benefit on Michael Lorusso in the form of his plea agreement.  Such a benefit, like a Government request for a downward departure in the guidelines, "falls squarely within the ambit of *Giglio*."  *United States v. Beckford,* 962 F. Supp. 780, 802 (E.D. Va. 1997).

More importantly, if the Government concluded, in weighing the "host of disputed legal and factually complex guidelines issues" that it had no proof that the Defendants in this case received any benefits from the payments allegedly made to Lorusso, then this conclusion is directly exculpatory and the Defendants are entitled to this information.  Defendants request that the Court order the Government to provide information regarding the concessions that it made to Michael Lorusso in reaching an agreement to a sentence within the range for a final offense level of 25, before consideration of any cooperation departures.

With respect to the other categories of information sought in Defendants' Motion to Compel, Defendants understand that the Government has agreed to produce:

1. All grand jury testimony and FBI 302s relating to other individuals who invested in Resource F or the Dexter Wadsworth scheme because of Lorusso on Monday, October 2, 2006.

2. Pre-2001 financial information for Michael Lorusso. Although the Government did not specifically respond to Defendants' request for information regarding ROI International, Global ROI International, and ROI 4032063, the Government's Opposition states that it will produce pre-2001 financial information "as requested by the defendants." Absent a contrary statement by the Government, Defendants understand that the Government will provide information regarding these accounts on October 2, 2006.

Defendants also understand from the Government's Opposition that the Government has not received "a full and complete accounting of all assets" from Michael Lorusso and that it does not have any notes of conversations or interviews with Lorusso other than those that it has already produced to Defendants. (This includes any notes from trial preparation meetings or phone calls.)

                                          Respectfully submitted,

                                          _____/s/_____

                                          Reid H. Weingarten (D.C. Bar #365893)
                                          Brian M. Heberlig (D.C. Bar #455381)
                                          Steptoe & Johnson, LLP
                                          1330 Connecticut Ave., N.W.
                                          Washington, D.C. 20036-1795
                                          (202) 429-3000

                                          Michele A. Roberts
                                          Akin Gump Strauss Hauer & Feld, LLP
                                          1333 New Hampshire Ave., N.W.
                                          Washington, D.C. 20036
                                          (202) 887-4306

Christopher B. Mead
London and Mead
1225 19th Street
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Brand Law Group
923 Fifteenth St., N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Venable, LLP
One Church Street, Fifth Floor
Rockville, MD 20850
(202) 344-4400

Counsel for Blake Esherick

Dated: October 2, 2006