UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
            v.                    :        Criminal Action No.: 05-0359 (RMU)
                                  :
DOUGLAS JEMAL,                    :        Document No.:      195
NORMAN D. JEMAL, and              :
BLAKE C. ESHERICK,                :
                                  :
            Defendants.           :

**FILED**

OCT 2 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

### DENYING THE DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT TO PRODUCE ADDITIONAL EVIDENCE

On September 29, 2006, the defendants filed a motion to compel the government to

produce a number of discovery items pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and

*Giglio v. United States*, 405 U.S. 150 (1972).[1] First, the defendants ask the court to compel the

government to produce allegedly missing notes from government interviews with Michael

Lorusso. Defs.' Mot. at 4. The government, however, represents that it is "unaware of any notes

of interviews of Mr. Lorusso that have not been produced." Gov't's Opp'n at 3.

Second, the defendants move to compel production of testimony or witness statements

regarding Lorusso's participation in investment programs in the years 1999 and 2000. Defs.'

---

[1]     The defendants also make their requests pursuant to District of Columbia Rule of
Professional Conduct 3.8, which states that a prosecutor shall not "[i]ntentionally fail to disclose to the
defense, upon request and at a time when use by the defense is reasonably feasible, any evidence or
information that the prosecutor knows or reasonably should know tends to negate the guilt of the accused
or to mitigate the offense." This rule, "however, is not intended either to restrict or to expand the
obligations of prosecutors derived from the United States Constitution." D.C. Bar. R. 3.8(e) cmt. 1; *see
also Boyd v. United States*, — A.2d. —, 2006 WL 2769550, at *16 n.1 (D.C. Ct. App. Sept. 28, 2006).
Accordingly, the court analyzes the defendants' motion pursuant to *Brady v. Maryland*, 373 U.S. 83
(1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

( ᴎ )

Mot. at 5.  In response, the government has agreed to provide "grand jury testimony and FBI

302s associated with individuals who invested because of or through Lorusso." Gov't's Opp'n at

4.  Additionally, the government has contacted the U.S. Attorney's Office for the Eastern District

of Massachusetts and the Securities and Exchange Commission and requested additional

materials related to Lorusso.

Third, the defendants request the "full and complete accounting of all assets" required by

Lorusso's plea agreement.  Defs.' Mot. at 6.  The government's response to the defendants'

request states that Lorusso is only required to disclose such assets for purposes of sentencing, and

that Lorusso has not yet been referred for a pre-sentence report.  Gov't's Opp'n at 5.

Fourth, the defendants ask this court to compel government counsel to produce a

statement describing how the government calculated Lorusso's offense level in the plea

agreement.  Defs.' Mot. at 7.  The government opposes producing such a statement, arguing that

"no grounds exist[] for permitting the exploration into the intents of the prosecutors as to why

and how the United States reached agreement on the Guidelines calculation in this case."

Gov't's Opp'n at 6.  The government also contends that "the only relevant issue for cross-

examination is not what the government may have calculated as to the various guidelines

scenarios, but what the witness may have understood or believed to be his exposure if he went to

trial." *Id.*

Fifth, the defendants ask that the court compel the government to produce expense

account statements submitted by Lorusso to the D.C. government, as well as bank statements for

accounts that Lorusso set up as part of his participation in an investment program prior to joining

the D.C. government.  Defs.' Mot. at 8.  The government represents that it "has inquired of the

2

D.C. Government whether there were any 'expense account' type payments for Mr. Lorusso."
Gov't's Opp'n at 6. According to the government, the D.C. government has stated that "there
were no additional expense accounts." *Id.* The government also states that it will provide the
bank statements for accounts that Lorusso set up as part of his participation in an investment
program prior to joining the D.C. government. *Id.*

Last, the defendants ask for a government statement that the defendants and Lorusso did
not engage in a *quid pro quo*. Defs.' Mot. at 6. The government opposes the defendants'
requests, arguing that "Lorusso cannot testify as to the defendants' intent." Govt's Opp'n at 6.

Based on the government's representations that it has produced all the required discovery
materials and that some materials are not available, and on its representations that it will provide
the defendants with additional materials as requested, the court denies the defendants' motion to
produce the allegedly missing notes, testimony or witness statements regarding Lorusso's
conduct, the "full and complete accounting of [Lorusso's] assets," and additional financial
information regarding Lorusso. The court denies the defendants' request to compel government
counsel to produce a statement describing how the government calculated Lorusso's offense
level in the plea agreement because the only relevant issue for cross-examination is what Lorusso
believed his exposure was, not what the government may have calculated as to various
Guidelines scenarios. Finally, because Lorusso cannot testify as to the defendants' intent, the
court denies the defendants' request that the government produce a statement that the defendants
and Lorusso did not engage in a *quid pro quo*. Accordingly, it is this 2nd day of October, 2006,
hereby

3

**ORDERED** that the defendants' motion is **DENIED**.

**SO ORDERED**.


Ricardo M. Urbina
United States District Judge