UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 05-359 (RMU) |
| | : | |
| DOUGLAS JEMAL ET AL. | : | |

GOVERNMENT'S MOTION IN LIMINE
TO PRECLUDE DEFENDANTS FROM QUESTIONING ONE
WITNESS AS TO THE TESTIMONY OF ANOTHER WITNESS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court to preclude the defendants from questioning witnesses on cross examination about the testimony of other witnesses. The Court should reject defendants' attempt to impeach witnesses with otherwise inadmissible hearsay.

## BACKGROUND

On Tuesday, October 2, 2006, defense counsel indicated their intent to ask Mr. Lorusso some form of the following question: "isn't it true that witness X has testified in the grand jury contrary to or inconsistent with your testimony?" Defense counsel also suggested that they would seek to ask Mr. Lorusso about his understanding of how the government reconciled any inconsistency between Mr. Lorusso and other witnesses (although this is a matter that Mr. Lorusso cannot possibly address).[1]

---

[1] The defense specifically mentioned their intent to pursue this line of examination with respect to Grace Carr. In this regard, in the government's July 10, 2006, discovery letter, the government noted that "Grace Carr contradicted Mr. Lorusso as to the amount of money he paid her in 2001. Ms. Carr states she received an amount materially less than the amount Lorusso has stated he provided to her." The government made this disclosure so the defendants would have ample opportunity to explore this matter with Ms. Carr and make an informed decision as to whether to call her as a witness.
    On September 7, 2006, counsel for Mr. Jemal announced during voir dire that Grace Carr was a likely defense witness. See Tr. at 15 ("A young woman named Grace Carr.").

## DISCUSSION

To impeach Witness A's version of events through the account of Witness B, the cross-examiner must actually call Witness B as a witness. A cross-examiner may not simply ask Witness A: "you say this, but isn't it true that Witness B said this?", or, "you say this, but did you know that Witness B said that?" Nor may such testimony be brought before the jury by the question "how can you maintain that you have complied with your obligation to tell the truth under oath when you are contradicted by Witness B (or Witness C) (or nearly anybody who has contradicted the witness on a material fact)?" A witness cannot testify as to the intent of the attorneys who called him as a witness.

These principles are basic. Litigants must prove their case with competent evidence, not hearsay. Nonetheless, the defendants have clearly stated their wish to impeach Mr. Lorusso simply by asking him about what other witnesses have said—without ever having to call those witnesses (who may also have significant damaging testimony concerning the defendants).

Moreover, the evidence at issue–the out of court statement of the witness–cannot possibly be evaluated by the jury. Even if the witnesses were ready, willing and available to testify, it is improper to confront Mr. Lorusso with what another witness has said. In effect, this requires him to comment on other witnesses' credibility. As bad as this would be if the jury could actually hear and see the other witnesses, it is particularly unfair when the defense has no intent actually to call them as defense witnesses. See, e.g., United States v. Thomas, 453 F.3d 838, 846 (7th Cir. 2006) ("Because the evaluation of witness credibility is the province of the jury, 'it is improper to ask one witness to comment on the veracity of the testimony of another witness.'") (quoting United States v. McKee, 389 F.3d 697, 699 (7th Cir. 2004)).

This proscription against asking witnesses to testify about the expected testimony of other witnesses is set forth in the Court's Standing Order. There, the Court orders that "[o]n * * * cross examination of a witness, counsel must not * * * testify by improperly incorporating facts into questions so as to put before the jury information that has not been received into evidence." Standing Order ¶ 10.g.i. Here, the expected testimony has not been received into evidence, and the defense may not "put it into evidence" by asking a question that contains unadmitted testimony as a premise.[2]

Finally, defendants may not do an end-run around the rule by contending that it is relevant to the witness's understanding of the government's understanding of the inconsistency. Mr. Lorusso has no understanding, nor could he have any understanding, of how or if the government has resolved the inconsistency between his account and that of any other witness. Nor can Mr. Lorusso have <u>any</u> first-hand knowledge of what any other witness told the government.

---

[2] Moreover, as to Ms. Carr, the defendants have known about her potential testimony for nearly three months and went so far as to inform the Court and the venire that she was a likely defense witness. If defendants seek to contradict Mr. Lorusso with other competent evidence, they should be required to call Ms. Carr as a witness to prove up any inconsistency between her testimony and that of Mr. Lorusso, rather than simply confronting Mr. Lorusso with what she said–rank hearsay.

## CONCLUSION

The government's motion should be granted.

                                    Respectfully submitted,

                                    JEFFERY A. TAYLOR
                                  UNITED STATES ATTORNEY

By: _____
      Mark H. Dubester, D.C. Bar No. 339655
      Timothy G. Lynch, D.C. Bar No. 456506
      Assistant United States Attorneys
      555 4th Street, NW
      Room 5233
      Washington, D.C. 20530
      (202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of October, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Mark H. Dubester
Assistant United States Attorney