UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES,            ) | |
|                           ) | |
|     v.                    ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
|                           ) | |
| DOUGLAS JEMAL, et al.,    ) | |
|                           ) | |
|     Defendants.           ) | |

**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE***

Defendants Douglas Jemal, Norman Jemal, and Blake Esherick (collectively, "Defendants"), through counsel, hereby file this opposition to the government's motion *in limine* to preclude the Defendants from cross examining Michael Lorusso ("Mr. Lorusso") about the material inconsistency between his testimony on direct examination that he purportedly gave Grace Carr ("Ms. Carr") $4,000 in cash and Ms. Carr's statements that she received $400 from Mr. Lorusso.  In support of their response to the government's motion, the Defendants submit as follows:

**I.     ARGUMENT**

During its direct examination of Mr. Lorusso, the government directed the jury's attention to the portion of Mr. Lorrusso's plea agreement that purportedly requires him to tell the truth.  Indeed, the government specifically asked Mr. Lorusso if he could "lie to the Government" and still be eligible for a downward departure motion.  Tr. 2824.  Defendants should be permitted to cross examine Mr. Lorusso about the material inconsistency between his testimony about the cash he purportedly gave Ms. Carr and Ms. Carr's testimony about the cash

she received from Mr. Lorusso.[1]  This inconsistency is relevant as it bears directly on Mr. Lorusso's credibility and his agreement with the government.[2]

During his testimony, Mr. Lorusso testified that he gave a substantial portion of the $10,000 in cash that he claims to have received from Mr. Esherick to Ms. Carr, an intern at the Office of Property Management.  Tr. 2897.  Mr. Lorusso stated prior to trial that he gave Ms. Carr $4,000 in cash.  *See* FBI 302 report of interview of M. Lorusso, Nov. 22, 2004, at 2.  During the course of the investigation in this case, Ms. Carr testified in the grand jury (obviously under oath) that she received $400 in cash from Mr. Lorusso.  *See* grand jury testimony of G. Carr, Nov. 4, 2004, at 10; *see also* FBI 302 report of interview of G. Carr, Nov. 4, 2004.  Defendants are entitled to cross-examine Mr. Lorusso about this material inconsistency to explore Mr. Lorusso's understanding of whether he believes the government has concluded he lied in the course of his cooperation.

Under United States Sentencing Guidelines § 5K1.1, the government has an obligation to investigate whether a cooperating witness/defendant has been truthful both with the government and the Court, in determining whether to move for a downward departure for substantial assistance.  Mr. Lorusso is now fully aware of this.  His understanding of the plea agreement is central to a proper cross examination, given the scope of direct and the government's emphasis on cross.  Defendants do not seek to have Mr. Lorusso testify about the government's

---

[1] The government acknowledges that a material inconsistency exists between Mr. Lorusso's and Ms. Carr's statements.  In its July 10, 2006 letter ("Discovery Letter #11"), the government stated, "Grace Carr contradicted Mr. Lorusso as to the amount of money he paid her in 2001.  Ms. Carr stated she received an amount materially less than the amount Lorusso has stated he provided her."

[2] Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Rule 402 provides that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.

understanding of Mr. Lorusso's truthfulness. However, given the lengths to which the government went yesterday to inform the jury that Mr. Lorusso's plea agreement will be null and void if he does not tell the truth, the Defendants should be permitted to question Mr. Lorusso about whether the government has even confronted him about the material inconsistency between his version of events and Ms. Carr's testimony on an issue of central importance to the case. If the government has not even confronted Mr. Lorusso with the fact that Ms. Carr has testified under oath in the grand jury that she received approximately $400 from Mr. Lorusso (not $4,000), that fact would demonstrate that the provision of Mr. Lorusso's plea agreement that the government highlighted for the jury yesterday is essentially meaningless. Mr. Lorusso, with full view on his own sentencing in this case, has now retreated from his earlier assertions that he gave Ms. Carr $4,000 to a version given in direct. The issue is critical to the jury's assessment of his credibility, in light of his ever-evolving version of the facts to suit his sentencing needs.

The Federal Rules of Evidence specifically permit defendants in criminal matters to introduce statements such as the grand jury testimony of Ms. Carr. In their meet and confer call, defense counsel notified the government of its intent to rely on Fed. Rule of Evid. 803(c). Predictably, the government does not even mention Rule 803(c) in its motion. In fact, the government cites only two cases in its motion, neither of which addresses Rule 803(c). Presumably, the government fails to cite these cases because Rule 803(c) is only applicable to defendants and enables defendants to use statements against the government in criminal cases.

Pursuant to Rule 803(c), statements setting forth factual findings resulting from an investigation made pursuant to authority granted by law are admissible in criminal cases as an

exception to the hearsay rule.[3] The grand jury testimony of Grace Carr is a statement resulting from an investigation made pursuant to authority granted by law, and neither the source of information nor other circumstances indicate lack of trustworthiness. To the contrary, Ms. Carr's statement bears all of the indicia of trustworthiness and reliability: the FBI conducted an investigation, the government chose to call Ms. Carr to the grand jury, and Ms. Carr testified before the grand jury under oath. Her testimony was entirely consistent with the report of the investigation (FBI 302 report of interview of Grace Carr, Nov. 4, 2004). Fed. Rule of Evid. 803(c) was written to deal with exactly this kind of issue. Its application is not premised on the availability of declarant. *Compare* FRE 804.[4]

Defendants content that Fed. Rule of Evid. 803(c) allows the admission of this information as substantive evidence. The Court may choose, however, to allow its introduction for the limited purpose of showing that Mr. Lorusso has, once again, changed his version of the facts and provide a limiting instruction, if it so chooses.

## III.   CONCLUSION

Because the material inconsistency between Mr. Lorusso's testimony and Ms. Carr's testimony bears directly on Mr. Lorusso's credibility, the Court should deny the government's

---

[3] Rule 803(8)(c) of the Federal Rules of Evidence states that "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:…(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth…(C)… against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. Rule of Evid. 803(8)(c) (emphasis added).

[4] Even were its application limited to unavailable declarants, the Court should permit the Defendants to cross examine Mr. Lorusso using Ms. Carr's grand jury testimony because Ms. Carr is not available to testify. Defendants have been unable to locate Ms. Carr, and the government does not have Ms. Carr's address or phone number. *See* Letter from M. Dubester and T. Lynch to Counsel for the Defendants, Aug. 30, 2006 ("Discovery Letter #14")

motion and permit the Defendants to cross examine Mr. Lorusso about this inconsistency.

Respectfully submitted,

_____/s/_____
Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
 (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

                                        Stanley M. Brand  
                                        Ross Nabatoff  
                                        The Brand Law Group  
                                        923 Fifteenth Street, N.W.  
                                        Washington, D.C. 20005  
                                        (202) 662-9700  

                                        Counsel for Norman Jemal  

October 4, 2006