UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Action No. 05-359 (RMU) |
| | : |
| DOUGLAS JEMAL ET AL. | : |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM QUESTIONING ONE WITNESS AS TO THE TESTIMONY OF ANOTHER WITNESS**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its motion in limine to preclude the defense from questioning witnesses about the testimony of other witnesses.

Rule 803(8)(c) of the Federal Rules of Evidence—the only rule defendants cite in support of their attempt to skirt the rules on proper cross examination—has no bearing on this issue. The government, in fulfilling its Brady obligations, informed the defense of inconsistencies between the accounts of Mr. Lorusso and Ms. Carr. The government did not make in its discovery letter, and it has not since made, any "factual findings resulting from an investigation" that Ms. Carr's account is accurate—the only way such evidence could be admitted. See Fed. R. Evid. 803(8)(c). The government should not have to be concerned that in making full and complete Brady disclosures it is somehow making "factual findings" that would allow otherwise inadmissible hearsay to come into evidence—an interpretation of Rule 803(8)(c) that would run counter to the spirt, purpose, and policies behind Brady. Moreover, even if Ms. Carr's account were admissible under this theory, defendants still have no right to ask one witness (Mr. Lorusso) about the testimony of another witness (Ms. Carr); defendants have not offered a single case showing that Rule 803(8)(c) allows defendants to use the Rule in this way on cross examination.

Moreover, Ms. Carr's account does not fall with that Rule because "the source of the information or other circumstances" may indicate a lack of trustworthiness. See id. Ms. Carr had a number of reasons to downplay the amount of money she received from Mr. Lorusso, including a desire to avoid income tax concerns and a belief that minimizing the amount would be helpful to Mr. Lorusso and to the defendants.

The government has not informed Mr. Lorusso about what Ms. Carr specifically testified to in the grand jury. If the government had truly done what the defendants hammer the government for not doing, defendants would claim the government was improperly coaching its witnesses.

Finally, Ms. Carr has stated that she understood that the money for her internship came from the defendants—and that is the most likely reason defendants wish to avoid calling her as a witness.

## CONCLUSION

The government's motion should be granted.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of October, 2006, I caused to be served by electronic filing a copy of the foregoing reply to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Mark H. Dubester
Assistant United States Attorney