UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 05-359 (RMU) |
| | : | |
| DOUGLAS JEMAL ET AL. | : | |

### GOVERNMENT'S CONSOLIDATED REPLY IN SUPPORT OF ITS MOTION FOR MISCELLANEOUS RELIEF

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its motion for miscellaneous relief.

### DISCUSSION

The government seeks to make just two points in response. First and foremost, the defense bases its contentions as to the scope of the cross-examination by mischaracterizing the scope of anticipated direct.

Second, on two occasions, the defense suggests the government is "threatening" them with the possibility that a broad cross-examination is extremely likely to elicit post-2003 conduct. In this regard, the government notes that the defendants hardly find themselves in unique circumstances. If evidence is suppressed for a constitutional violation, the defendant is often precluded, as a practical matter, from introducing evidence that would be contradicted by the suppressed evidence; for suppression is a shield, it is not a sword that permits counsel to construct a defense designed to affirmatively mislead the jury.

Here, we have no constitutional issue at all. We have in essence a relevance, probativeness over prejudice determination, that for now has kept the post-2003 conduct off-limits. The defense's suggestion that they are being "threatened" by the government's concerns

that they are going to make this evidence relevant is hardly fair.  The government should be commended by alerting the defense to the "dangerous waters."

As to defendants' complaints about the government's proposed Addison Road evidence, the evidence in question is not cumulative but <u>is</u> highly relevant.  That the District of Columbia Metropolitan Police Department may or may not have been renting space for $2.75 a square foot <u>in the District of Columbia</u>—where it would not have to worry about zoning opposition from highly motivated Prince George's Count Council Members—has little bearing on whether the defendants obtained a huge windfall when they were able to rent Addison Road to Michael Lorusso at a lease rate <u>orders of magnitude</u> more than what they offered it to Saul Goldfarb's client, Mr. Loesberg.  As the Court has repeatedly held, it is the <u>defendants</u>' intent that matters; and the defendants' intent is illustrated by what they were willing to rent Addison Road to other people, who were not public officials and who had not been treated to a $500 a night hotel room at the Bellagio.  Moreover, defendants' contention that the lease offered to Mr. Goldfarb was a month-to-month lease is simply a question that goes to weight, not admissibility:  defendants will have an opportunity to cross examine Mr. Goldfarb on this point, and they would be free to attempt to distinguish Norman Jemal's offer to Mr. Goldfarb on those very grounds.  Finally, given the government's promise of completing Mr. Goldfarb's testimony in ten minutes—and its demonstrated ability to limit the direct examinations of witnesses to less than twenty minutes—this highly relevant testimony should not be deemed cumulative.

## **CONCLUSION**

The government's motion should be granted.

                                       JEFFREY A. TAYLOR
                                       UNITED STATES ATTORNEY

By: _____
       Mark H. Dubester, D.C. Bar No. 339655
       Timothy G. Lynch, D.C. Bar No. 456506
       Assistant United States Attorneys
       555 4th Street, NW
       Room 5233
       Washington, D.C. 20530
       (202) 353-4862

CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of October, 2006, I caused to be served by electronic filing a copy of the foregoing reply to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Mark H. Dubester
Assistant United States Attorney