UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) )  ) |
| v. | ) )  Crim. No. 05-0359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE*
REGARDING SCOPE OF CROSS EXAMINATION OF CHARLES JONES**

Defendants Douglas Jemal and Blake Esherick (collectively, "Defendants"), through counsel, hereby oppose the government's motion *in limine* regarding the scope of defense counsel's cross examination of Internal Revenue Service ("IRS") Special Agent Charles Jones. In support of their opposition, Defendants submit as follows:

**I.    INTRODUCTION**

The government has represented that it will call Agent Jones as a summary witness <u>only</u> and that the government will not ask Agent Jones "opinions" or "conclusions" as to either the law or the facts. *See* E-mail from M. Dubester to defense counsel, Oct. 9, 2006, 7:55 p.m., attached hereto as Exhibit A; Government's Motion for Miscellaneous Relief ("Government's Motion"). However, Defendants should not be precluded from cross examining Agent Jones about the methodology that formed the basis of his summary testimony, including how and where the underlying transactions he is summarizing were located and recorded, what else he found or did not find, and questions regarding his opinions or conclusions about why certain items were included or not included in his summary testimony.

**II.    ARGUMENT**

Cross examination of Agent Jones should not be limited for the following reasons:

First, the government failed to cite any law for the proposition that the scope of the cross-examination of Agent Jones should be limited to the purportedly narrow scope of direct examination. The government cannot cite any such law because Defendants have a constitutional right to cross-examine witnesses about their testimony on direct examination. USCS Const. Amend. 6 ("In all criminal prosecutions, the accused shall enjoy the right… to be confronted with the witnesses against him…."). Moreover, the United States Court of Appeals for the District of Columbia has held that "there should be great latitude for cross-examination on issues raised in direct testimony." *United States v. Stock*, 948 F.2d 1299, 1302 (D.C. Cir. 1991). Certainly the bases for Agent Jones's testimony are ripe for cross examination.

It is proper to permit cross examination of a Special Agent who testifies as a summary witness. *See United States v. Schuler*, 458 F.3d 1148 (10th Cir. 2006) (holding that an IRS Special Agent who testified as to summary exhibits was properly subject to cross-examination); *United States v. Genser*, 582 F.2d 292, 299 (3rd Cir. 1978) (upholding trial judge's decision to admit Special Agent's testimony when "appellants had a full opportunity to confront his opinions and reduce their impact in any manner available").

Second, the government threatens in its motion that "if Agent Jones is challenged as to any aspects of his mental processes in a manner as to suggest that he inadequately failed to consider or give appropriate weight to certain facts, the defendants will almost certainly open the door to significant evidence that is in fact <u>known</u> by Agent Jones though so far not in evidence." Government's Motion at 6. The government argues that Defendants should not be permitted to ask questions "to which a full, complete and truthful answer and response" would involve

eliciting evidence of post-2003 conduct of Mr. Jemal and Mr. Esherick.  Government's Motion at 7.  The government is mischaracterizing the nature of Defendants' cross-examination.

The government is calling Agent Jones to testify as to what he found in the course of his investigation, including Douglas Development Corporation ("DDC") checks to Barbara Gill, DDC checks to Mr. Esherick, and DDC checks for the Tahoe and Jeep.  Defendants will cross-examine Agent Jones on what <u>else</u> he found during his investigation, what he did not find, <u>where</u> he found evidence of certain transactions, and whether those documents have any significance to the investigation.  Specifically, Defendants will cross-examine Agent Jones on the fact that he reviewed the DDC general ledgers and found that many of the items about which he is testifying in summary fashion appear in loan accounts on the company's ledgers (including the DDC checks to Barbara Gill in 2002, the DDC loans to Mr. Esherick, and the 2001 and 2002 payments for the Tahoe).

Defendants will ask other similar questions, none of which will be designed to elicit testimony regarding post-2003 conduct.  The answer to these questions will not require Agent Jones to answer by testifying to any post-2003 conduct.  The Court should not permit the government to curtail Defendants' cross examination by threatening that Agent Jones will testify as to evidence the government clearly knows the Court has excluded.  The government should prepare Agent Jones – their own witness – not to testify to any such conduct and should admonish him that any such testimony could seriously jeopardize the fairness of this trial.

## III. CONCLUSION

For the foregoing reasons, the Court should deny the government' request to limit the scope of Defendants' cross examination of Special Agent Jones.[1]

Respectfully submitted,

_____/s/_____
Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
 (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

---

[1] The government disclosed to the Court its intent, through leading questions, to establish a $3,000 per month lease value for Mr. Esherick's residence at 6001 Nevada Avenue. As Mr. Esherick's counsel stated in last night's meet and confer, Defendants do not object to that line of questions to establish that limited fact.

- 4 -

- 5 -

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

October 10, 2006