UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE*  TO PREVENT
THE GOVERNMENT FROM ELICITING IRRELEVANT,
SPECULATIVE AND TIME CONSUMING TESTIMONY
FROM D.C. GOVERNMENT OFFICIALS**

The Court should prevent the government from posing irrelevant hypothetical questions to D.C. government officials about what they "would have done" had they known about Mr. Lorusso's alleged receipt of things of value from the Defendants.  Such questions have the potential to elicit highly prejudicial testimony with minimal (if any) probative value. Moreover, permitting such questions would result in extended examinations of the D.C. government witnesses in which both parties would be essentially making their closing arguments to the witnesses and asking them what they "would have done" about those hypothetical facts that the witnesses will have already testified that they had no knowledge of in real time.  The Court should prevent the government from engaging in this improper line of questioning.

The government claims that the testimony at issue is admissible to prove "materiality" with respect to the honest services charge.  In so doing, the government essentially concedes, as it must, that this line of questioning is irrelevant to the bribery and conspiracy to commit bribery charges.

The Supreme Court has held that materiality is an element of a mail fraud charge. Neder v. United States, 527 U.S. 1, 25 (1999) (holding that "materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes"). In order to be material, a misrepresentation must "ha[ve] 'a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" Id. at 16 (quoting Kungys v. United States, 485 U.S. 759, 770 (1988)). The legal question present by this element of a mail fraud charge is whether a misrepresentation is <u>capable</u> of influencing a decision-maker -- not whether it actually did.

The legal issue is analogous to the concept of materiality in a securities fraud case, where the government is required to prove that the misrepresentations to the investing public were material. In such a case, the government is not permitted to call individual "mom and pop" investors to testify that had they known about the alleged crimes they would not have invested and lost their life savings. The U.S. Supreme Court has defined materiality in that context as follows:

> An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. . . . What the standard does contemplate is a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available.

TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976); Basic Inc. v. Levinson, 485 U.S. 224, 232 (1988) ("We now expressly adopt the TCS Industries standard of materiality for the § 10(b) and Rule 10b-5 context."). As the Court made clear, "[t]he issue of materiality may be

characterized as a mixed question of law and fact, involving as it does the application of a legal standard to a particular set of facts." TSC Indus., 426 U.S. at 450.  The issue is not what an individual investor may have subjectively wanted to have known, but rather "the inferences a 'reasonable investor' would draw from a given set of facts and the significance of those inferences to him."  Id.  These "assessments are peculiarly ones for the trier of fact."  Id.

The same concept applies in the "honest services" context.  The question is whether the misrepresentations or omissions were "capable" of depriving the citizens of the District of Columbia of the honest services of Mr. Lorusso.  That is an objective question that is for the jury to decide.  The government should not be permitted to elicit highly self-serving statements from politicians about what they would have done with hypothetical facts.  Under the government's strained logic, the government would be permitted to call individual citizens of the District of Columbia to testify how Mr. Lorusso's actions -- if true and if they knew them at the time -- deprived them individually of their right to his "honest services."

Moreover, despite the government's claim that it is commonplace, courts have routinely prevented hypothetical questions based on the facts of the case as improper.  For instance, in United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991), the Second Circuit held that the district court properly excluded opinion testimony regarding whether the defendant complied with industry standards when omitting information from a Form 13D filed with the SEC, stating:

> [T]estimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice. Several hypothetical questions posed to [the witness] included the particular facts alleged in the indictment, blurring the line between testimony regarding industry practice and an opinion on the legality of defendant's conduct.

Bilzerian, 926 F.2d at 1295; see also Estate of Sowell v. United States, 198 F.3d 169, 172 (5th Cir. 1999) (district court properly excluded opinion testimony amounting to legal conclusion, stating "asking [plaintiff's] expert hypothetical questions with facts identical to those in the case at bar rather than simply asking its expert to espouse his opinion on the facts of this case" was a distinction without a difference and improper).

      In sum, the Court should prevent the government from eliciting prejudicial testimony under the guise of "materiality." If the Court permits such questioning, the Defendants will have no choice but to pose equally argumentative hypothetical questions to these witnesses, which would further waste precious trial resources. The Court can prevent this problem altogether by excluding this improper line of questioning altogether.

      Respectfully submitted,

      _____
      Reid H. Weingarten (D.C. Bar #365893)
      Brian M. Heberlig (D.C. Bar #455381)
      Steptoe & Johnson LLP
      1330 Connecticut Avenue, N.W.
      Washington, D.C.  20036-1795
      (202) 429-3000

      Michele A. Roberts (D.C. Bar #337998)
      Jeffrey M. King (D.C. Bar #461644)
      Akin Gump Strauss Hauer & Feld LLP
      1333 New Hampshire Avenue, N.W.
      Washington, D.C.  20036
      (202) 887-4306

        Christopher B. Mead
        London & Mead
        1225 19th Street, N.W., Suite 320
        Washington, D.C.  20036
        (202) 331-3334

        Counsel for Douglas Jemal


        Stanley M. Brand
        Ross Nabatoff
        The Brand Law Group
        923 Fifteenth Street, N.W.
        Washington, D.C.  20005
        (202) 662-9700

        Counsel for Norman Jemal

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C.  20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated:  October 11, 2006