## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ ) | | |
| **UNITED STATES,** ) | | |
| ) | | |
| **v.** ) | **Crim. No. 05-359-1, -2, -3 (RMU)** | |
| ) | | |
| **DOUGLAS JEMAL, ET AL.,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| _____ ) | | |

## DEFENDANTS' MOTION TO DISMISS COUNTS
## THREE AND FIVE FOR FAILURE TO ALLEGE MATERIALITY

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick

("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal

Procedure 12(b)(3)(B), to dismiss Counts Three and Five of the Indictment for failure to allege

materiality, an essential element of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343.

Defendants respectfully request oral argument on this motion.  A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  October 14, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>UNITED STATES, )<br> )<br>    v. )<br> )<br>DOUGLAS JEMAL, ET AL., )<br> )<br>        Defendants. )<br>_____ ) | Crim. No.  05-359-1, -2, -3 (RMU) |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNTS
THREE AND FIVE FOR FAILURE TO ALLEGE MATERIALITY

      The Court should dismiss Counts Three and Five of the Indictment, which charge

Defendants with committing mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346

and 2, because the Indictment fails to allege materiality of falsehood, an essential element of the

charges.  See Neder v. United States, 527 U.S. 1 (1999).

**I.**     **THE INDICTMENT**

      Count Three of the Indictment charges Defendants with committing mail fraud.

According to the Indictment:

> [Defendants] knowingly and willfully devised and intended to
> devise a scheme and artifice:  a) to defraud and deprive the DC
> Government and to obtain money by means of false and fraudulent
> pretenses and representations; and b) to defraud and deprive the
> DC Government and the citizens of the District of Columbia of
> their right to the honest and faithful services of Michael A. Lorusso
> as an employee of OPM, performed free from deceit, favoritism,
> bias, self-enrichment, self-dealing and conflict of interest.

Indictment at 16 (¶ 2).  Count Three alleges that the "purpose" of the scheme was for Defendants

to provide things of value to Michael Lorusso ("Lorusso") in return for official acts that enriched

Defendants.  Indictment at 16 (¶ 3).  Indeed, Count Three merely incorporates the paragraphs of Count One that describe the things of value that Defendants allegedly provided Lorusso and the official acts Lorusso allegedly provided in return, and identifies the mailings that Defendants allegedly caused in furtherance of the scheme.  See Indictment at 17 (¶ 4) (incorporating paragraphs Fifteen and Sixteen of Count One); id. at 17-19 (¶ 5).

Count Five of the Indictment, charging wire fraud, states that Defendants "willfully, unlawfully and knowingly devised and intended to devise a scheme and artifice to defraud Morgan Stanley, JEMAL's partner, and the Internal Revenue Service (IRS), and to obtain money under the control of Morgan Stanley, by means of false and fraudulent pretenses and representations," in violation of 18 U.S.C. §§ 1343 and 2.  Indictment at 23 (¶ 11).  Although Count Five alleges that Defendants used "false and fraudulent" documents to obtain the funds at issue, the Indictment nowhere alleges that those false statements were material.  See Indictment at 23-24 (¶ 12).

## II.     ARGUMENT

Federal Rule of Criminal Procedure 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  Fed. R. Crim. P. 12(b)(3)(B) (emphasis added).  "An argument that an indictment fails to allege an element of the crime falls" within this provision.  United States v. Davila, 461 F.3d 298, 308 (2d Cir. 2006).

The Court should dismiss Counts Three and Five of the Indictment for failure to allege that the "schemes to defraud" in those counts included any misrepresentations of material fact.  In Neder v. United States, 527 U.S. 1 (1999), the Supreme Court explicitly held that

"materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." Neder, 527 U.S. at 25. Relying upon the well-settled common law definition of "fraud," the Court concluded that the mail and wire fraud statutes required the government to prove, as an essential element, "a misrepresentation or concealment of material fact." Id. at 22. Following Neder, the government must allege and prove materiality of falsehood as an element of mail and wire fraud counts.

It is well-settled that an indictment must set forth the essential elements of the offense and the factual allegations supporting those elements. See United States v. Pickett, 353 F.3d 62, 66 (D.C. Cir. 2004) ("[I]t is accepted law that an indictment 'must contain[] the elements of the offense intended to be charged.'") (quoting Russell v. United States, 369 U.S. 749, 763 (1962)); Williams v. District of Columbia, 419 F.2d 638, 648 (D.C. Cir. 1969) ("It is elementary that an indictment must set forth the elements of the offense to be charged, and if it does not a conviction based thereon cannot stand.") (quoting Walker v. United States, 342 F.2d 22, 26 (5th Cir. 1965) (quotation marks omitted)); United States v. Conlon, 481 F. Supp. 654, 669 (D.D.C. 1979) ("It is clear that to be sufficient, an indictment must set out the material elements of the offense, and the factual allegations supporting them.") (citations omitted). Moreover, "[w]hile an indictment or information which follows the language of the statute defining the offense is ordinarily sufficient, this is not the case if an essential element of the offense is not contained in the statutory language." Williams, 419 F.2d at 647.

Following Neder, the majority of circuits to consider the issue have held that a mail, wire, or bank fraud indictment that fails to allege materiality of falsehood is fatally defective. The Ninth Circuit has held that "pursuant to Neder, materiality of the scheme is an essential element of bank fraud . . . [and] [a]s such, materiality must be alleged in the

- 3 -

indictment." United States v. Omer, 395 F.3d 1087, 1089 (9th Cir. 2005). Accordingly, the

court reversed the district court's denial of defendant's motion to dismiss, finding that "the

indictment's failure to recite an essential element of the charged offense, namely the materiality

of the scheme or artifice to defraud, is a fatal flaw requiring dismissal of the indictment." Id.

Similarly, the Seventh Circuit reversed convictions for mail and wire fraud because the

indictment failed to allege materiality, stating:

> The government acknowledges that the indictment does not use the
> words 'material,' 'misrepresentation,' or 'concealment' but
> suggests that the indictment sufficiently apprized defendants of the
> nature of the charges and all essential elements, including
> materiality. The indictment merely alleges a 'scheme to defraud,'
> however, which the Neder court ruled insufficient.

United States v. Gee, 226 F.3d 885, 891-92 (7th Cir. 2000); see also United States v. Mauney,

129 Fed. Appx. 770, 774 (4th Cir. 2005) (mail and wire fraud indictment's failure to allege

materiality is plain error).

In this case, the Indictment fails to allege the essential element of materiality of

falsehood with respect to Defendants' purported schemes to defraud. Instead, Counts Three and

Five merely track the language of the statute. The wire fraud statute provides:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money by means of false or
> fraudulent pretenses, representations, or promises, transmits or
> causes to be transmitted by means of wire, radio, or television
> communication in interstate or foreign commerce, any writings,
> signs, signals, pictures, or sounds for the purpose of executing such
> scheme or artifice, shall be fined under this title or imprisoned not
> more than 20 years, or both.

18 U.S.C. § 1343 (2000) (emphasis added); see also 18 U.S.C. § 1341 (similar language in mail

fraud statute). Counts Three and Five of the Indictment merely track the statutory language,

- 4 -

alleging that Defendants devised a scheme and artifice to defraud "by means of false and fraudulent pretenses and representations." Indictment at 16 (¶ 2) (Count Three); 23 (¶ 11) (Count Five). After <u>Neder</u>, these allegations standing alone are insufficient to state a mail or wire fraud offense. Because the statute itself does not set forth the essential element of materiality, the Indictment must do more than mirror the language of the statute. <u>See</u> <u>Williams</u>, 419 F.2d at 647. In sum, the Indictment's failure to allege materiality is fatal.

## III.    CONCLUSION

For the foregoing reasons, the Court should dismiss Counts Three and Five of the Indictment.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  October 14, 2006