UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL
AS TO COUNT EIGHT (TAX EVASION)**

Defendants Douglas Jemal and Blake Esherick ("Defendants"), through counsel, reply to the government's Opposition to Defendants' Motions for Judgment of Acquittal And Motion To Dismiss ("Opposition") as it applies to Count Eight.

Contrary to the government's assertions in its Opposition that it "has produced a wealth of evidence demonstrating a scheme to defraud the IRS in the year 2003," the government has failed to elicit evidence that Mr. Jemal and Mr. Esherick engaged in any conduct that would establish a willful attempt to evade taxation.

As Defendants argued in their Memorandum Of Law In Support Of Defendants' Motion For Judgment Of Acquittal As To Count Eight (Tax Evasion 2003) ("Motion"), "a wide range of conduct can support a finding of willful attempt to evade taxation…," however, none of that conduct is present in the instant case. See Motion at 4-5 (citing United States v. Bishop, 264 F.3d 535, 550 (5th Cir. 2001) and Spies v. United States, 317 U.S. 492, 497 (1943)). In this case, the government introduced only the fact that a Form W-2 for Mr. Esherick for 2003 exists (Trial Transcript ("Tr.") at 651:11-19) and that Mr. Esherick filed his tax return for 2003 on June

30, 2005 (Tr. at 611:11-15). This evidence does not remotely resemble the type of willful evidence described in Bishop and is insufficient to support the allegations Count Eight. A reasonable juror must have a reasonable doubt as to the existence of the essential elements of the crime alleged.

Further, because the government has elicited no testimony regarding any "willful and positive attempt" to evade tax or defeat it and has elicited no testimony of any items of evidence which would support such an inference, the government cannot maintain Count Eight as a Section 7201 charge. Defendants are not charged with failure to file a tax return (in violation of Section 7203). They are charged with willful evasion, and there simply is no evidence in the record for a jury to convict the Defendants on that charge, with its heightened level of intent.

Accordingly, the Court should enter a judgment of acquittal with regard to Count Eight.

Respectfully submitted,

_____/s/_____
Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

        Michele A. Roberts
        Jeffrey M. King
        Akin Gump Strauss Hauer & Feld LLP
        1333 New Hampshire Avenue, N.W.
        Washington, D.C. 20036
        (202) 887-4306

        Christopher B. Mead
        London & Mead
        1225 19th Street, N.W.
        Suite 320
        Washington, D.C. 20036
        (202) 331-3334

        Counsel for Douglas Jemal

October 16, 2006