UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) ) | Crim. No.  05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO CORRECT AND
SUPPLEMENT JURY INSTRUCTIONS**

Defendants Douglas Jemal and Blake Esherick ("Defendants"), through counsel, hereby move this Court to correct and supplement the Jury Instructions that the Court issued on August 24, 2006.  As detailed below, these changes are necessary to correct an inadvertent misstatement of the law, to ensure that the language in the Instructions is consistent with the evidence that was actually introduced in this case, and to avoid the possibility of jury confusion.  In addition, the Defendants request several specific instructions on their theory of the defense.  Attached to this Motion is a redlined version of the Instructions which include Defendants' proposed changes and deletions.

The Defendants do not oppose the government responding orally to this motion at the charge conference that the Court has scheduled for tomorrow after Court.

**A.      Erroneous Instructions**

**Instruction 7.10:**  Instruction 7.10, "Tax Evasion: Gross Income – Defined," currently includes the sentences:

> Under certain circumstances, gross income may include items such as loans or gifts.  I have just referred to certain types of compensation that are excluded by law from being considered "gross income."  These include such items as an

> employer's payment of certain employee health insurance premiums, or an employer's contribution to an employee's retirement account. These specific exceptions are not relevant to this case. For your purposes, gross income simply means all income from whatever source derived.

The first sentence is an incorrect statement of the law. In fact, under the federal tax law, gross income specifically *does not* include loans or gifts. (I.R.C. § 102) Moreover, the second sentence incorrectly states that the Court has "just referred" to certain compensation that is excluded from "gross income." The Instructions do not contain any such prior references. Finally, the following sentences refer to types of compensation that are not, and have never been, at issue in the case, and they may be confusing to the jury. Defendants request that this Court strike these sentences from the Instruction and replace them with the accurate statement of the law: "As a matter of law, gifts and loans of any value are excluded from gross income."

**Instruction 7.8:** The second paragraph of Instruction 7.8, "Tax Evasion: When the Offense Charged Is Complete" was drafted based on the assumption that the Government would be introducing evidence regarding amended tax returns filed by Blake Esherick. The Government did not actually introduce any evidence regarding these amended returns. As a result, this paragraph does not accurately reflect the evidence in this case and should be deleted.

**Instruction 7.11:** Instruction 7.11 is erroneous. As it is currently drafted, this Instruction impermissibly shifts the burden of proof to the Defendant. In a criminal case, there are no presumptions, and no rebuttable presumptions. *Kungys v. United States,* 485 U.S. 759, 795 (1988)("The use of burden shifting presumptions to reduce the goverments' burden of proof in criminal cases has been consistently rejected by this Court, without regard to whether the presumptions were rebuttable.") The burden of proof "remains with the government throughout the trial and . . .never shifts to the Defendant." *United States v. Serot,* 1985 U.S. Dist. Lexis 18035 (E.D. Pa. 1985). Accordingly, the final three sentences of this instruction must be deleted.

### B. Confusing Instructions

**Instruction 7.12:** The second paragraph of Instruction 7.12 is extraneous and confusing. There is no evidence or testimony in the record regarding offsetting obligations. The jury may well be confused by this unnecessary paragraph, and Defendants request that the Court delete it.

**Instruction 7.13:** Instruction 7.13 is both confusing and redundant. To avoid the possibility of confusing the jury and to abbreviate the instructions, the Defendants request that the Court revise this instruction. The revised instruction more accurately reflects the evidence presented in this case and the law regarding beneficial ownership.

**Instruction 7.14:** As it is currently drafted, Instruction 7.14, "Tax Evasion: Provision of Housing as a Form of Income," advises the jury that the provision of housing by an employer to an employee is always income unless three specific conditions are met. The Defendants contend that this below-market rent housing was provided to Blake Esherick not by DDC, but by Douglas and Norman Jemal as a gift. As detailed above, the tax code provides that gifts are not income. (I.R.C. § 102) Defendants have proposed additional language which clarifies this principle. In addition, Defendants' proposed language would make clear that a good faith belief that the provision of this housing is a gift and not income is sufficient to defeat the government's allegations.

**Instruction 7.15:** Defendants have made minor edits to Instruction 7.15 to clarify the instruction.

**Instruction 7.16:** Instruction 7.16 is extraneous and confusing. There is no evidence or testimony in the record regarding corporate "alter egos" and this is not an issue in this case. The jury may well be confused by this unnecessary instruction, and Defendants request that the Court delete it.

C.    **Proposed Additional Instructions**

**Instruction 7.17:** The Jury Instructions with respect to gifts and loans do not make clear that the burden of proof in this case remains on the government at all times. In other words, the burden is not on the Defendants to prove that certain payments are loans or gifts. Rather, the law requires the government to prove beyond a reasonable doubt that these payments were not loans or gifts. *United States v. Pisello,* 877 F.2d 762 (9th Cir. 1989)(affirming conviction and stating that, "If the district court had required [the Defendant] to prove that the payments were loans, we would have to conclude that the court erred."); *United States v. Serot,* 1985 U.S. Dist. Lexis 18035 at *14 (E.D. Pa.1985)("the burden of proof in a criminal case remains with the government throughout the trial and . . . never shifts to defendant."). *See also, United States v. Plitman,* 194 F.3d 59, 66 (2d Cir. 1999)(noting in dicta that the lower court had "specifically instructed the jury that it was the government's burden to prove the payments were Plitman's income rather than gifts or loans.") Because Instructions 7.13-7.15 include a variety of civil factors that the jury can weigh in determining whether a payment is a loan, a gift, or a business expense, there is a very real risk that the jury will be confused and improperly put the burden on the Defendants to prove that any payments are gifts or loans. Defendants request that this Court include their proposed instruction 7.17 to ensure that the jury understands that the burden remains on the government. This instruction also serves as an instruction on the defense theory of the case. The law is clear that the Defendants are entitled to an instruction on their theory of the defense "when properly requested by counsel and when the theory is supported by any evidence." *United States v. Mathis,* 535 F.2d 1303, 1305 (D.C. Cir. 1976); *Brooke v. United States*, 385 F.2d 279, 284 (D.C. Cir. 1967).

**Instruction 7.18:** The question loans is a confusing area of the law. A concrete example that illustrates the intent that would be required to convict the Defendants will be helpful to the jury.

                        Respectfully submitted,

                        ___/s/_____
                        Paul F. Kemp (D.C. Bar # 922773)
                        Carol Elder Bruce (D.C. Bar #202200)
                        Venable LLP
                        575 7th Street, N.W.
                        Washington, D.C. 20004
                        (202) 344-4400

                        Counsel for Blake Esherick


                        Reid H. Weingarten
                        Brian M. Heberlig
                        Steptoe & Johnson LLP
                        1330 Connecticut Avenue, N.W.
                        Washington, D.C. 20036-1795
                         (202) 429-3000

                        Michele A. Roberts
                        Jeffrey M. King
                        Akin Gump Strauss Hauer & Feld LLP
                        1333 New Hampshire Avenue, N.W.
                        Washington, D.C. 20036
                        (202) 887-4306

                          Christopher B. Mead
                          London & Mead
                          1225 19th Street, N.W.
                          Suite 320
                          Washington, D.C.  20036
                          (202) 331-3334

                          Counsel for Douglas Jemal

Dated:  October 16, 2006

Case 1:05-cr-00359-RMU    Document 252    Filed 10/17/2006    Page 6 of 19

Instruction No. 7.8

<u>Tax Evasion:  When The Offense Charged Is Complete</u>

As to Counts Six and Seven, relating to calendar years 2001 and 2002, if you find beyond a reasonable doubt from the evidence in the case that a fraudulent return was filed and that this was done willfully as charged, then you may find that the offense charged was complete when the fraudulent return was filed.  I note the fact that merely because a charge is 'completed' does not necessarily mean that the offense charged had been completed.  As to Count Eight, relating to calendar year 2003, if you find beyond a reasonable doubt from the evidence in the case that no return was filed as of April 15, 2004, then you may find that the offense charged was complete when the return was due.

~~The Government has introduced evidence that defendant Blake Esherick filed amended returns for calendar years 2001 and 2002 in 2005, and filed his calendar year 2003 tax return in 2005.  The government has made certain factual arguments based on the acts associated with the filing of the returns and the contents of the returns, such as, for example, that the returns constitute admissions as to certain of the facts contained therein, and reflect an attempt to ward off prosecution; the defendants have also set forth certain factual arguments based on the acts associated with filing of the returns and the contents of the returns, such as, for example that the returns reflect the defendants' good faith attempt to comply with the tax laws.  It is up to you to consider this evidence and to give it the weight you decide it is entitled to receive.~~

1

2

Instruction No. 7.10

<u>Tax Evasion: "Gross income"—Defined</u>

"Gross income" as the term is used for the purpose of the tax laws, and as the term is used on the IRS "Form 1040," means all income from whatever source derived, including, but not limited to, compensation for services. It includes income realized in any form, unless specifically excluded by law. It generally means the receipt of an economic benefit or the receipt of economic value. <ins>As a matter of law, gifts and loans of any amount are excluded from gross income.[1] Upon receipt of gifts or loans, a donee has no obligation to report the receipt of the gifts or loans on his tax returns.</ins> <del>"Under certain circumstances, gross income may include items such as loans or gifts." I have just referred to certain types of compensation that are excluded by law from being considered "gross income." These include such items as an employer's payment of certain employee health insurance premiums, or an employer's contribution to an employee's retirement account. These specific exceptions are not relevant to this case.</del>

<del>For your purposes, gross income simply means all income from whatever source derived.</del>

---

[1] I.R.C. § 102.

Instruction No. 7.11

Tax Evasion: "Compensation"—Defined

As noted, amounts received as compensation by an employee from his employer constitute gross income. Thus, wages, salaries, commissions, compensation for services on the bases of a percentage of profits, bonuses, and other forms of compensation are considered income to the recipient. Compensation for services is taxable income regardless of the form—cash or noncash—in which it received. ~~Generally, any economic benefit received under an arrangement with an employer is includable in the recipient's gross income to the extent of the value of the benefit received. Where an employee has received payment in cash or in kind from his employer in addition to his reported salary, there is a strong presumption that such payments are added compensation and taxable to the employee. "This presumption may be rebutted by contrary evidence indicating that the non-payroll payment was, for example, a loan or a gift."~~

Instruction No. 7.12

Tax Evasion:  Compensation in the Form of Payments by an

Employer for the Employee's Benefit

If the employer compensates an employee for services in a form other than cash, the fair market value of the property or benefits received by the employee must be included in the employee's income.  Payments by an employer of an employee's personal expenses, or payments by an employer that discharge an employee's personal obligations, such as payments of an employee's debts, benefit the employee directly and are likewise includable as taxable income.  This is so because an employee realizes income if his personal expenses are paid by his employer, for, in such cases, the employee has received a tangible benefit.

~~In determining the amount of cash or the value of benefits that is taken into income by the employee, the tax law takes into account that an employer and employee may have offsetting obligations that are repaid within a short period of time, generally within a year, such that interest need not be accrued.  In such cases, only the net amount of cash or the net value of benefits received from the employer would constitute wage income to the employee.~~

Instruction No. 7.13

Tax Evasion:  Payment of Employee's Automobile Expenses

Similarly, when ~~a company~~<ins>an employer</ins>, on behalf of its employee, makes ~~payment~~<ins>payments</ins> on the employee's personal automobile loans, the payments ~~constitutes~~<ins>constitute</ins> income to the employee.  ~~An employee~~<ins>But the loan payments do not constitute income to the employee if the employer is treated as the beneficial owner of the automobile.[2]  When an employer bears the benefits and burdens of ownership with respect to an employee's automobile that is used for business purposes, the employer is considered the beneficial owner of such automobile even though the employee may continue to hold the title to the automobile.</ins>

<ins>Apart from legal title, the benefits and burdens looked to for purposes of determining beneficial ownership include:  (a) how is the vehicle primarily used and which party benefits from such use; (b) which party pays for the expenses associated with owning the vehicle, such as loan principal and interest, insurance premiums, maintenance and repair costs; (c) which party benefits from any tax depreciation or expense deduction; and (d) which party claims the property as an asset or otherwise reflects the property on its books and records.</ins>

<ins>If you find that DDC is the beneficial owner of the Chevrolet Tahoe and Jeep Wrangler, DDC's payments on the automobile loans do not constitute income to Blake Esherick.</ins>

<ins>In either event, Blake Esherick</ins> is still entitled to deduct as a business expense the cost of his business use of his automobile.  ~~But, where the employee owns an automobile,~~

---

2 Treas. Reg. § 1.861-7(c).  <u>See also</u> Rev. Rul. 72-543, 1972-2 C.B. 87, and Rev. Rul. 68-590, 1968-2 C.B. 66.

5

~~with which he may do with as he pleases, and where the monthly payments are the employee's obligation, the corporation's payments of the employee's obligations is a payment on behalf of the employee and is includable as compensation.~~

~~Payment of a personal obligation belonging to another is treated as a deemed transfer to the person for whose benefit the payment is made. An employer payment on behalf of an employee results in a similar deemed transfer and is gross income to the employee, but the tax consequences will depend on the characterization of the deemed transfer as wage compensation or business expense reimbursement.~~

~~If the deemed transfer from the employer is treated as a business expense reimbursement under a non-accountable plan, the payment is reported on the Form W-2 and is gross income to the employee. The employee is then entitled to deduct business expenses as miscellaneous itemized deductions, provided various requirements are met. Other methods of treating vehicles and related expenses in connection with employment, such as employer reimbursement under an accountable plan, a vehicle provided by the employer as a "working condition fringe" or a "qualified transportation fringe" do not apply here. If you find that Blake Esherick and Douglas Jemal believed the company payments of on behalf of Blake Esherick were not income to Blake Esherick, however unreasonable such belief may be, you must acquit the Defendants. If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be guilty of tax evasion, even if his belief was mistaken~~.

Instruction No. 7.14

Tax Evasion:  Provision of Housing as a Form of Income

The value of living quarters that an employee receives from his employer in addition to his salary constitutes gross income to the employee, with the following exception:

Lodging provided by an employer for an employee is not considered income only if these three conditions are met:

(1) the lodging is furnished for the convenience of the employer; and

(2) it is located on the business premises of the employer; and

(3) the employee is required to accept such lodging as a condition of his employment.

The term "convenience of the employer" means that there is a direct connection between the housing furnished the employee and the business interests of the employer served thereby, and that the lodging was furnished by an employer to further significantly the company's interests and not primarily for the personal use if the employee. That an employee may have conducted some work-related business at a residence provided by the employer, such as, for example, sometimes using his home office and telephone for work purposes, or hosting certain social events, is not sufficient to elevate the residence to the status of being 'on the business premises' functionally for the purposes of this exception. Whether a property is located on the "business premises of the employer" is largely a factual one requiring a commonsense approach.   Just because an employer owns an employee's home does not mean that the home is on the employer's premises.

On the other hand, if the below-market rental or rent-free use of a home is

7

respected as a gift for federal tax purposes, the gift recipient has no obligation to report the value of the gift and has no federal income tax or gift tax liability as a result of the gift.

If you find that the government has not proved beyond a reasonable doubt that DDC itself provided rent-free use of 7804 Radnor Road in Bethesda, Maryland and 6001 Nevada Avenue in Washington, DC to Blake Esherick and such rent-free use was not a gift from Douglas and/or Norman Jemal, the rental value of this housing does not constitute income to Blake Esherick.  If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be guilty of tax evasion, even if his belief was mistaken.

Instruction No. 7.15

Tax Evasion: "Loans"—Explained

A bona fide loan or advance is not taxable income because whatever temporary economic benefit is derived from the use of the funds is offset by a corresponding obligation to repay the funds. For this rule to apply, however, the loan must be an existing, unconditional, and legally enforceable obligation for the payment of a principal sum.

Whether certain transactions constitute loans for income tax purposes is a factual question involving several considerations, but a distinguishing characteristic of a loan is the intention of both parties that the money advanced be repaid.

In ~~making this assessment, you may consider a number of factors as relevant in assessing whether a transaction is a true loan, such as~~ determining whether amounts received by Blake Esherick were taxable income or a non-taxable loan, you must look to the totality of the facts and circumstances, including, but not limited to, the following factors: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule for repayments was established; (4) whether collateral was given to secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan; ~~and~~ (7) whether the transaction is treated as a loan for accounting purposes; and (8) whether the parties conducted themselves as if the transaction were a loan. Although the factors are non-exclusive and no single factor is dispositive, they provide a way to distinguish a bona fide loan from a sham loan or a loan in name only.

Merely calling a transaction a loan is not sufficient to make it such. When money

9

is acquired and there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and taxable as such.

Finally, to establish a valid debt, the obligation to repay must be unconditional. Realization of income cannot be postponed by a contingent obligation to reimburse, such as a debt that become payable only when an employee leaves a company before a set date. You should consider all the evidence to determine whether the specific payments at issue were non-taxable loans, or taxable income.

An unwritten, non-interest bearing, demand loan from an employer to an employee can be an enforceable obligation under state law and respected as a bona fide loan for federal tax purposes.[3]

If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be guilty of tax evasion, even if his belief was mistaken.

---

[3] Treas. Reg. § 1.1367-2(a).

10

~~Instruction No. 7.16~~

~~Tax Evasion: "Gifts" Explained~~

~~Generally, the corporation employing an individual employee is treated as the employer for this purpose. However, where the employer corporation is wholly owned by a single individual, the tax law treats the corporation as the alter ego of and "controlled" by such sole shareholder.~~

<p style="text-align:center; color:red">7.17</p>

It is the theory of the defense that the payments to Mr. Esherick and Barbara Gill and payments on behalf of Mr. Esherick at issue in Counts Six, Seven, and Eight were loans that were recorded as such on the books of Douglas Development and never forgiven, that the use of the Bethesda and District of Columbia houses were gifts to Mr. Esherick, and that the payments for cars driven by Mr. Esherick were payments for company cars.  Therefore, the defendants contend these payments are not income to Mr. Esherick and he did not owe any tax on them.

I remind you that the burden is not on the Defendants to prove that these payments were loans or gifts.  Rather the burden is on the government to prove beyond a reasonable doubt that these payments were not loans or gifts.  If you have a reasonable doubt as to whether these payments were income, then you must find Mr. Jemal and Mr. Esherick not guilty.

Even if you do conclude that the government has proved beyond a reasonable doubt that these payments were income and not loans or gifts, your job is not over.  The government must also prove that the Defendants did not believe in good faith that these payments were loans or gifts.  If you have a reasonable doubt as to whether Mr. Jemal and Mr. Esherick believed in good faith that these payments were loans or gifts and not income to Mr. Esherick, then you must also find Mr. Jemal and Mr. Esherick not guilty.[1]

---

[1] United States v. Pisello, 877 F.2d 762 (9th Cir. 1989)  (affirming conviction and finding that "If the district court had required Pisello to prove that the payments were loans, we would have to conclude that the court erred."); United States v. Serot, 1985 U.S. Dist. Lexis 18035 at *14 (E.D. Pa. 1985) ("…the burden of proof in a criminal case remains with the government throughout trial and…never shifts to defendant.).

7.18

As I have instructed you, the government must prove that Douglas Jemal and Blake Esherick believed that any obligation of Mr. Esherick to repay non-salary payments made to, or for the benefit of, Mr. Esherick had been forgiven by the time that Mr. Esherick filed his tax returns.

The defense contends that Mr. Jemal had not forgiven Mr. Esherick's obligation to repay those non-salary payments. The defense contends that a specific example demonstrates the intent of Mr. Jemal and Mr. Esherick. The example that the defense asks you to consider is what would have happened if Mr. Esherick had gone to work for a competitor, and had received a signing bonus of $500,000. I instruct you that unless Mr. Jemal and Mr. Esherick each understood that Mr. Esherick would not have to repay the non-salary payments under those circumstances, then these payments were loans, not income.