UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 05-0359 (RMU) |
| | : | |
| DOUGLAS JEMAL, | : | Document Nos.:   236, 237, 238, 239, |
| NORMAN D. JEMAL, and | : | 240, 241, 242, 243 |
| BLAKE C. ESHERICK, | : | |
| | : | FILED |
| Defendants. | : | OCT 16 2006 |
| | | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

**ORDER**

On October 14, 2006, the defendants filed seven motions for judgment of acquittal and one motion to dismiss. After consideration of the issues raised in the motions, the government's consolidated opposition, the defendants' replies, and oral argument, it is this 16th day of October, 2006, hereby

**ORDERED** that the defendants' motion for judgment of acquittal Counts 1 and 2 is hereby **DENIED**. The court's ruling is based on *United States v. Jennings*, 160 F.3d 1006 (4th Cir. 1998) and *United States v. Gatling*, 96 F.3d 1511 (D.C. Cir. 1996), and it is

**FURTHER ORDERED,** on the basis of the principles set out in *United States v. Woodward*, 149 F.3d 46 (1st Cir. 1998), that the mailings at issue are incident to a material element of the fraud. Accordingly, the defendants' motions for judgment of acquittal on Count 3 are hereby **DENIED**, and it is

**ORDERED**, that because, based on the facts adduced at trial, a reasonable juror must have reasonable doubt as to the existence of the essential elements of the crime, Blake Esherick's motion for judgment of acquittal on Count 4 is hereby **GRANTED**, and it is

**FURTHER ORDERED** that Norman Jemal's motion for judgment of acquittal on Count



5 is hereby **GRANTED**, and it is

**ORDERED** that the Douglas Jemal and Blake Esherick's motion for judgment of acquittal on Count 5 is hereby **DENIED IN PART** because there is a reasonable basis upon which a juror could find guilt beyond a reasonable doubt. The motion is **GRANTED IN PART** with respect to the allegations that the defendants defrauded the IRS, and it is

**FURTHER ORDERED** that, based on the alleged substantial unreported income (including, but not limited to, DDC's payments to Gill, DDC payments that were labeled as loans, Esherick's living accomodations, the payment of vehicle expenses, and the Maryland court form indicating that Esherick's income was $150,000), a reasonable juror could conclude that the defendants committed tax evasion in 2003. Accordingly, Douglas Jemal and Blake Esherick's motion for judgment of acquittal on Count 8 is hereby **DENIED**, and it is

**ORDERED** that because the indictment sufficiently alleges materiality, the defendants' motion to dismiss Counts 3 and 5 for failure to allege materiality is **DENIED.**

**SO ORDERED.**

_____
Ricardo M. Urbina
United States District Judge