LEXSTAT 1-19 MODERN FEDERAL JURY INSTRUCTIONS-CRIMINAL P 19.03

Modern Federal Jury Instructions-Criminal
Copyright 2005, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Part II SUBSTANTIVE INSTRUCTIONS

Chapter 19 Conspiracy

*1-19 Modern Federal Jury Instructions-Criminal P 19.03*

**P 19.03. Pinkerton Charge**

**Form Instruction 19-13 Guilt of Substantive Offense**

There is another method by which you may evaluate the possible guilt of the defendant for the substantive charge in the indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of the substantive crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in count _____ of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in count _____, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

**Authority**

**United States Supreme Court:** *Pinkerton v. United States, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 2d 1489 (1946)* .

**Second Circuit:** *United States v. Gallego, 191 F.3d 156 (2d Cir. 1999), cert. denied, 530 U.S. 1216 (2000); United States v. Salameh, 152 F.3d 88 (2d Cir. 1998), cert. denied, 526 U.S. 1044 (1999).*

**Sixth Circuit:** *United States v. Henning, 286 F.3d 914 (6th Cir. 2002).*

**Seventh Circuit:** *United States v. Villagrana, 5 F.3d 1048 (7th Cir. 1993)* ; *United States v. Diaz, 864 F.2d 544 (7th Cir. 1988), cert. denied, 409 U.S. 1070 (1989)* .

**Ninth Circuit:** *United States v. Long, 301 F.3d 1095 (9th Cir. 2002), cert. denied, -- U.S. --, 123 S. Ct. 1314 (2003); United States v. Alvarez-Valenzuela, 231 F.3d 1198 (9th Cir. 2000).*

**Eleventh Circuit:** *United States v. Mothersill, 87 F.3d 1214 (11th Cir.), cert. denied, 117 S. Ct. 531 (1996)* ; *United States v. Alvarez, 755 F.2d 830 (11th Cir. 1985)* .

The Supreme Court in *United States v. Pinkerton* n1 has held that a co-conspirator is liable as a principal for any and all substantive offenses committed in furtherance of the conspiracy while he is a member of it.n2 As explained by the Second Circuit,n3 *Pinkerton* is based upon the theory of vicarious liability, holding a defendant criminally responsible for the substantive offenses of his co-conspirators which were committed during, and in furtherance of, the conspiracy.n4

The so-called *Pinkerton* charge has withstood numerous constitutional attacks,n5 and a conspirator may be found guilty of a substantive offense committed pursuant to the conspiracy when such a finding is supported by the evidence.n6 Failure to submit a *Pinkerton* instruction may result in reversal of a conviction on substantive offenses under the *Pinkerton* theory. In *United States v. Spudic,* n7 the Seventh Circuit held that while the jury may convict on substantive crimes committed once a conspiracy is found, such inferences my not be drawn absent the *Pinkerton* charge if it seeks to impose criminal liability on the substantive offenses for a defendant's substantive misconduct in furtherance of conspiracy.

According to the First and Second Circuits, giving the *Pinkerton* charge is a matter best left to the trial court's discretion.n8 The *Pinkerton* theory is also viable in the District of Columbia Circuit.n9 In this regard, trial courts may consider use of the *Pinkerton* charge where there is evidence that the defendant participated in the conspiracy, but where proof of his personal involvement in the commission of any substantive offenses is less than overwhelming.n10

This rule has not, however, been followed uniformly, even in the Second Circuit.n11 Even circumstantial evidence of the defendant's behavior may be sufficient to show agreement and participation in the conspiracy, and, thus, to support a *Pinkerton* charge.n12 When guilt of conspiracy is found and the substantive offense has been committed, no further evidence of guilt of the substantive crime is necessary.n13

A number of courts have suggested that the *Pinkerton* charge should *not* be given whenever the government requests, particularly where the jury is asked to infer the existence of a conspiracy from a series of disparate criminal offenses.n14

The Second Circuit has held that the *Pinkerton* charge should not be given where there is no direct proof that a defendant personally committed the substantive offense and there is insufficient proof that he was a member of the conspiracy.n15 In each case, the defendant's convictions on both the substantive and conspiracy counts were reversed because the erroneously given *Pinkerton* charges.n16

1-19 Modern Federal Jury Instructions-Criminal P 19.03

Ideally, the court should explain to the jury, in a fair and balanced presentation, the relationship between conspiracy and the substantive counts.n17 The recommended instruction makes it clear that if the evidence is sufficient to support a guilty verdict as to the conspiracy charge, the jury is entitled to hold the defendant liable for the commission of a substantive offense.n18

However, the trial court should be careful not to permit the jury to consider the substantive offenses first when the *Pinkerton* rule is the only theory which reasonably could sustain a conviction on the substantive counts.n19

The recommended charge follows the holding of *Pinkerton,* where the Supreme Court stressed that in order for the doctrine to be applied, the jury must find, beyond a reasonable doubt that the substantive crime was committed; that it was committed in furtherance of the conspiracy; and that, at the time the said crime was committed, the defendant was a member of the conspiracy.n20

In *United States v. Sperling,* n21 the trial court instructed the jury:

> I have reviewed with you the elements of substantive counts which the government must prove beyond a reasonable doubt before the defendants would be guilty. There is, furthermore, another method by which you should evaluate the possible guilt of each defendant and which would sustain his guilt on the substantive counts even though the government's proof was not sufficient to establish all the required elements as to him. I have already instructed you as to the crime of conspiracy for which the defendants here are charged in the first count.
>
> Now, if you find pursuant to those instructions that a particular defendant was a conspirator and hence guilty under the first count, you may find him guilty as well under a substantive count in the indictment, providing you find as to such count the following: you must find that the crime charged in the substantive count was committed and that it was committed during and in furtherance of the conspiracy charged in the first count. If you find this to be a fact, then each and every member of the conspiracy, just like a partner, is criminally responsible for the substantive crime and may be found guilty thereof. The reason for this is that a co-conspirator committing a substantive crime would in that case be an agent of the other members of the conspiracy.n22

This instruction is also exemplary in that it carefully instructs the jury that they should consider guilt on each substantive count individually from the other counts. Where the indictment contains more than one substantive count, the court should be careful not to allow the jury to find guilt on other substantive counts as a result of a finding of guilt as to the conspiracy and one substantive count.n23

In *United States v. Cantone,* n24 the *Pinkerton* instruction was couched in the following language:

> You will recall that the witness Pipitone testified that he cashed a winning Twin Double ticket given to him by the defendant Cantone on July 28, 1964.
>
> There was no testimony that the defendant Rosen was present. You may still find the defendant Rosen guilty of the crime charged on the second count relating to the cashing of this ticket if you find the following beyond a reasonable doubt:
>
> One, that the offense charged in the second count was committed by the defendant Cantone;
>
> Two, that at the time this offense was committed by the defendant Cantone, the defendant Rosen was a member of the conspiracy charged in count 1;
>
> And, three, that the offense charged in the second count was committed in furtherance of the conspiracy charged in count 1.

> This result follows from the nature of the conspiracy as I have explained it to you.
>
> The criminal intent to do the act is established by the formation of the conspiracy. If you find that the existence of the conspiracy and the membership in it of the defendant Rosen, and that the crime was in furtherance of the conspiracy, then the defendant Rosen must bear the responsibility for the commission of the crime, too.n25

The recommended charge correctly states that these elements must be proved beyond a reasonable doubt, although one court has held that the failure to do so was not error, when the government's burden to prove all the elements of the substantive crime was properly set forth elsewhere in the charge.n26

Other cases hold that the jury must determine the factual issue of whether the substantive offense was committed in furtherance of the conspiracy and as part and parcel of it.n27

Similarly, the evidence must show, beyond a reasonable doubt, that the defendant had joined the conspiracy before the point in time when the substantive crime was perpetrated.n28 The trial judge's charge in *United States v. Mills* n29 is illustrative of this point:

> Ladies and gentlemen, if you find that the defendant is guilty of conspiracy as charged in Count I, you may also find the defendant guilty of the substantive offense as charged in Count II of the indictment; that is, murder, provided that you find that the essential elements of that count as defined in these instructions have been established beyond a reasonable doubt, and provided that you also find beyond a reasonable doubt first that the offense of murder was committed pursuant to the conspiracy; and, second, that the defendant was a member of the conspiracy at the time the murder was committed.
>
> Under the conditions just defined, the defendant may be found guilty of murder even though he did not participate in the acts constituting that offense. The reason for this is that a co-conspirator committing a substantive offense pursuant to a conspiracy is held to be the agent of the other conspirators.n30

If the substantive offenses were committed prior to a defendant's participation in the conspiracy or subsequent to his valid withdrawal, he may not be convicted under the *Pinkerton* theory.n31

There is ample authority for the proposition that it is permissible to instruct the jury that a conspirator is responsible for all substantive offenses which are "reasonably foreseeable" consequences of the illicit scheme or plan.n32 Notwithstanding the foregoing, several courts of appeal have held the failure to include this element to be harmless error where the defendant failed to object to the omission at trial and it was clear that the inclusion of this language would not have altered the result.n33 The Second Circuit has held that an instruction requiring that the substantive crime was committed "pursuant to the common plan and understanding you found to exist among the conspirators" was a sufficient substitute for the recommended "reasonably foreseeable" language.n34

Some of the reported cases expressly suggest that it is plain error for a court to fail to charge that the substantive offense must have been in furtherance of the conspiracy and not merely some unforeseen ramification of the scheme.n35

The Sixth Circuit has interpreted the *Pinkerton* decision to create three separate limitations on the rule that the act of one co-conspirator is the act of all, by including the following language in their pattern instruction:

> [T]hat this crime was committed to help advance the conspiracy; [and] that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.n36

Instruction 19-13 adopts the more cautious approach and includes appropriate language concerning the foreseeability of the substantive offense.

This language is in accord with the *Pinkerton* case itself where there was no evidence that the defendant had committed the substantive offense for which he had been convicted, but it was clear that the offense had been committed in furtherance of the unlawful conspiracy of which the defendant was a member. Subsequent case law supports the recommended language that a defendant may be held criminally culpable for reasonably foreseeable acts of his co-conspirators "though he was not aware of the performance of those acts, nor even of the existence of the actors."n37  In that connection, it should be noted that there may be consecutive sentences for conspiracy and for substantive offense committed pursuant to the conspiracy, even as to a defendant who had no part in the acts constituting the substantive offense.n38

As the trial judges' charges in *Sperling,* and *Mills* reflect, a co-conspirator committing a substantive crime is deemed to be the agent of the other co-conspirators. It should be noted, however, that in *United States v. Bermudez,* n39 Judge Oakes considered, and termed "slightly misleading," a trial judge's *mid-trial* instruction to the jury respecting this aspect of conspiracy law. The trial judge had analogized conspiratorial agency to a partnership of two grocers, each of whom would be held liable for an order of 500 cases of canned corn ordered by either partner. The Second Circuit, although opining that the illustration utilized by the trial court was "inapt," concluded that, viewed as a whole (and coupled with the fact that a second set of instructions had been given to the jury), the instruction did not serve to work any prejudice on the defendant.

The instruction does not require the jury to find the defendant guilty of substantive crimes committed by co-conspirators in furtherance of the conspiracy even though all five elements exist beyond a reasonable doubt. *Pinkerton* instructions are frequently discretionary,n40  consistent with language in *Pinkerton* stating that "[t]he question was submitted to the jury on the theory that each petitioner could be found guilty of the substantive offenses."n41  The Second Circuit has reversed a conviction based on a mandatory *Pinkerton* charge.n42  However, the Seventhn43  and Ninthn44  Circuits have upheld mandatory charges, and the Fifth Circuitn45  has indicated support for their use.

Instruction 19-13 presupposes that the indictment contains a separate conspiracy count in addition to one or more substantive counts. However, in *United States v. Macey,* n46  the Seventh Circuit held that a *Pinkerton* instruction may be given even where there is no conspiracy count, if the evidence is sufficient to prove that the defendant was a member of a conspiracy to commit the charged substantive offense. The Seventh Circuit pattern instructions contain a separate *Pinkerton* instruction for cases in which there is not a separate conspiracy count. A slightly revised version of this instruction was included in the charge in *Macey* and approved by the Seventh Circuit on appeal.n47  The instruction given provided:

> A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of or as a natural consequence of the conspiracy. Therefore, if you find beyond a reasonable doubt that [the defendant] was a member of a conspiracy at the time that one of his fellow conspirators committed the offense charged in [one of the mail fraud counts], in furtherance of or as a natural consequence of that conspiracy, then you should find him guilty of [that count].n48

The Third Circuit has subsequently agreed with the Seventh Circuit..n49  Despite the Third and Seventh Circuits' approval of this charge, it is not recommended for a variety of reasons. First, *Pinkerton* liability requires as a prerequisite that the defendant be guilty of the conspiracy.n50  Even if a defendant can be guilty of an uncharged crime, a question which is not at all clear, the Seventh Circuit instruction, which contains only the barest sketch of the concept of criminal conspiracy, is insufficient for the jury to make a determination of guilt. At the least, a comprehensive set of conspiracy instructions should be included in the charge to the jury. Second, the absence of a conspiracy count can be attributable either to the government's failure to seek one, or to the grand jury's refusal to include one in the indictment.

In either case, the government should not be permitted to have the benefit of *Pinkerton* without the responsibility of prosecuting the conspiracy count. Third, a case in which the indictment charges that the defendant committed a substantive offense, but the proof establishes that the defendant did not commit the offense himself, but instead was a member of a conspiracy and that the substantive offense was committed by another member of the conspiracy, creates a strong argument that there is a prejudicial variance, a point not discussed by the *Macey* court.n51

**FOOTNOTES:**

(n1) Footnote 1. *328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946)*.

(n2) Footnote 2. *Id. at 645-47. See also Gradsky v. United States, 376 F.2d 993, 996* (5th Cir.), *cert. denied, 389 U.S. 908 (1967)* .

(n3) Footnote 3. *See United States v. Corr, 543 F.2d 1042 (2d Cir. 1976)* .

(n4) Footnote 4. *Id. at 1049-50.*

(n5) Footnote 5. *See, e.g., United States v. Curcio, 712 F.2d 1532, 1542 (2d Cir. 1983)* ; *United States v. Finkelstein, 526 F.2d 517, 582 (2d Cir. 1975), cert. denied, 425 U.S. 960 (1976)* ; *United States v. Aloi, 511 F.2d 585, 600* (2d Cir.), *cert. denied, 423 U.S. 1015 (1975)* .

(n6) Footnote 6. *United States v. Finkelstein, 526 F.2d 517, 582 (2d Cir. 1975), cert. denied, 425 U.S. 960 (1976)* (the refusal to give a *Pinkerton* charge was more favorable to the defendant than the record warranted, inasmuch as the evidence would have justified a *Pinkerton* charge).

(n7) Footnote 7. *795 F.2d 1334, 1339 (7th Cir. 1986). See also United States v. Brown, 823 F.2d 591, 599 (D.C. Cir. 1987)* (a conviction may be upheld under the *Pinkerton* theory only if the court has given the jury a *Pinkerton* instruction).

(n8) Footnote 8. *See United States v. Alvarez, 626 F.2d 208, 210-11 (1st Cir. 1980)* ; *United States v. Corr, 543 F.2d 1042, 1050 (2d Cir. 1976)* .

(n9) Footnote 9. *See United States v. Treadwell, 594 F. Supp. 831 (D.D.C. 1984), aff'd 760 F.2d 327 (D.C. Cir. 1985), cert. denied, 474 U.S. 1064 (1986)* .

(n10) Footnote 10. *See, e.g., United States v. Sperling, 506 F.2d 1323, 1341, n.27, 1343, n.29 (2d Cir 1974), cert. denied, 420 U.S. 962 (1975)* .

(n11) Footnote 11. *United States v. Gleason, 616 F.2d 2, 19-20 (2d Cir. 1979) cert. denied, 444 U.S. 1082 (1980)* ; *United States v. Miley, 513 F.2d 1191* (2d Cir.), *cert. denied, 423 U.S. 842 (1975)* .

(n12) Footnote 12. *See United States v. Mills, 704 F.2d 1553, 1565-66 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984)* .

(n13) Footnote 13. *United States v. Johnson, 575 F.2d 1347 (5th Cir. 1978), cert. denied, 440 U.S. 907 (1979)* .

(n14) Footnote 14. *United States v. Shi Yan Liu, 239 F.3d 138, 143 (2d Cir. 2000), cert. denied, 534 U.S. 816 (2001); See also United States v. Gallagher, 576 F.2d 1028, 1046-47 (3d Cir. 1978), cert. denied, 444 U.S. 1040 (1980)* (reversing conviction where jury erroneously instructed that a finding of two substantive crimes would support a conspiracy conviction).

(n15) Footnote 15. *See United States v. Glenn, 828 F.2d 855, 859-60 (1st Cir. 1987)* ; *United States v. Cantone, 426 F.2d 902, 905* (2d Cir.), *cert. denied, 400 U.S. 827 (1970)* (reversing convictions on both the substantive and

conspiracy counts because of erroneously given *Pinkerton* charges).

(n16) Footnote 16. *United States v. Glenn, 828 F.2d 855 (1st Cir. 1987)* .

(n17) Footnote 17. *See, e.g., United States v. Chandler, 586 F.2d 593, 606 (5th Cir. 1978), cert. denied, 440 U.S. 927 (1979)* .

(n18) Footnote 18. *See United States v. Addo, 989 F.2d 238 (7th Cir. 1993)* ; *United States v. Carter, 576 F.2d 1061 (3d Cir. 1978)* ; *Roberts v. United States, 416 F.2d 1216, 1219 (5th Cir. 1969)* .

(n19) Footnote 19. *See United States v. Benedetto, 558 F.2d 171 (3d Cir. 1977)* .

(n20) Footnote 20. *See United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1202-03 (9th Cir. 2000); United States v. Gallego, 191 F.3d 156, 171 (2d Cir. 1999), cert. denied, 530 U.S. 1216 (2000); United States v. Diaz, 864 F.2d 544, 549 (7th Cir. 1988), cert. denied, 409 U.S. 1070 (1989)* ; *United States v. Mills, 704 F.2d 1553, 1565-66 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984)* .

(n21) Footnote 21. *506 F.2d 1323 (2d Cir. 1974), cert. denied, 420 U.S. 962 (1975).*

(n22) Footnote 22. *Id. at 1341-42.*

(n23) Footnote 23. *See United States v. Gallerani, 68 F.3d 611, 620-21 (2d Cir. 1995)* . In *Gallerani,* the court charged the jury that they could find the defendants "guilty of the substantive crimes ... as charged in Counts 2 through 13, provided you find each of the following elements as to each defendant: First, that one of the crimes charged in the substantive counts was committed ... ." *Id. at 620* (emphasis in original). The Second Circuit reversed the ensuing convictions on the grounds that it permitted the jury to find a defendant guilty of a substantive crime based on the commission of a different substantive count. *Id. at 620-21.*

(n24) Footnote 24. *426 F.2d 902* (2d Cir.), *cert. denied, 400 U.S. 827 (1970).*

(n25) Footnote 25. *Id. at 904 n.4.*

(n26) Footnote 26. *United States v. Guidice, 425 F.2d 886* (2d Cir.), *cert. denied, 400 U.S. 842 (1970) . See also United States v. Villagrana, 5 F.3d 1048, 1052-53 (7th Cir. 1993)* .

(n27) Footnote 27. *Nye & Nissen v. United States, 336 U.S. 613, 618, 69 S. Ct. 766, 93 L. Ed. 919 (1949) . See also Thomas v. United States, 398 F.2d 531, 543 (5th Cir. 1967)* .

(n28) Footnote 28. *United States v. Cantone, 426 F.2d 902, 904-905* (2d Cir.), *cert. denied, 400 U.S. 827 (1970)* .

(n29) Footnote 29. *704 F.2d 1553 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984).*

(n30) Footnote 30. *Id. at 1565 n.7.*

(n31) Footnote 31. *See United States v. Harrell, 737 F.2d 971, 981 (11th Cir. 1984), cert. denied, 470 U.S. 1027 (1985)* ; *United States v. Knippenberg, 502 F.2d 1056 (7th Cir. 1974)* .

(n32) Footnote 32. *See, e.g., United States v. Wester, 90 F.3d 592, 597 (D.C. Cir. 1996)* ; *United States v. Mothersill, 87 F.3d 1214, 1218-19* (11th Cir.), cert. denied, *519 U.S. 1017 (1996)* ; *United States v. Bruno, 873 F.2d 555, 560* (2d Cir.), *cert. denied, 493 U.S. 840 (1989)* ; *United States v. Diaz, 864 F.2d 544, 549 (7th Cir. 1988), cert. denied, 409 U.S. 1070 (1989)* ; *United States v. Gleason, 616 F.2d 2, 20 (2d Cir. 1979), cert. denied, 444 U.S. 1082 (1980)* ; *United States v. Carroll, 510 F.2d 507 (2d Cir. 1975), cert. denied, 426 U.S. 923 (1976)* .

(n33) Footnote 33. *United States v. Montgomery, 150 F.3d 983, 997 (9th Cir.), cert. denied, 525 U.S. 989 (1998); United States v. DeMasi, 40 F.3d 1306, 1319-20 (1st Cir. 1994), cert. denied*, 513 U.S. 1132 (1995) ; *United States v. Edwards, 366 F.2d 853, 869 (2d Cir. 1966), cert. denied*, 386 U.S. 919 (1967) . *See also United States v. Willis, 102 F.3d 1078, 1084 (10th Cir. 1996), cert. denied, 521 U.S. 1122 (1997)* (approving instruction requiring that substantive count be a "natural consequence" of the conspiracy but omitting "reasonably foreseeable" language); *United States v. Turcks, 41 F.3d 893, 897-99 (3d Cir. 1994), cert. denied*, 514 U.S. 1074 (1995) (instruction that substantive crime must be in furtherance of crime or reasonably foreseeable was harmless error). *But see United States v. Aramony, 88 F.3d 1369, 1380-81 (4th Cir. 1996), cert. denied, 520 U.S. 1239 (1997)* (questioning whether "reasonably foreseeable" language is ever necessary).

(n34) Footnote 34. *United States v. Walker, 142 F.3d 103, 111-12 (2d Cir. 1998), cert. denied, 525 U.S. 988 (1998).*

(n35) Footnote 35. *See United States v. Diaz, 864 F.2d 544, 549 (7th Cir. 1988), cert. denied, 409 U.S. 1070 (1989)* ; *United States v. Michel, 588 F.2d 986* (5th Cir.), *cert. denied, 444 U.S. 825 (1979)* ; *United States v. Moreno, 588 F.2d 490* (5th Cir.), *cert. denied, 441 U.S. 936 (1979)* .

(n36) Footnote 36. Sixth Circuit Pattern Criminal Jury Instruction 3.10.

(n37) Footnote 37. *United States v. Roselli, 432 F.2d 879, 894 (9th Cir. 1970), cert. denied, 401 U.S. 924 (1971)* . *See also Roberts v. United States, 416 F.2d 1216, 1219 (5th Cir. 1969)* ("even though the defendant did not directly participate in substantive offenses, or have knowledge of them ...."); *United States v. Moreno, 588 F.2d 490* (5th Cir.), *cert. denied, 441 U.S. 936 (1979)* . *But cf. United States v. Castaneda, 9 F.3d 761, 768 (9th Cir. 1993), cert. denied*, 511 U.S. 1041 (1994) (because of absence of any relationship between one defendant and her co-conspirators who carried weapons during drug transaction, their use of weapons in relation to drug crimes was not reasonably foreseeable to her).

(n38) Footnote 38. *See United States v. Wylie, 625 F.2d 1371 (9th Cir. 1980), cert. denied, 449 U.S. 1080 (1981)* .

(n39) Footnote 39. *526 F.2d 89 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).*

(n40) Footnote 40. *United States v. Kato, 878 F.2d 267, 270 (9th Cir. 1989)* . *See, e.g., United States v. Vasquez, 858 F.2d 1387, 1393 n.3 (9th Cir. 1988), cert. denied, 488 U.S. 1034 (1989)* ; *United States v. Blackmon, 839 F.2d 900, 909 (2d Cir. 1988)* ; *United States v. Mills, 704 F.2d 1553, 1565 n.7 (11th Cir. 1983), cert. denied, 467 U.S. 1243 (1984)* .

(n41) Footnote 41. *United States v. Blackmon, 839 F.2d 900, 909 (2d Cir. 1988)* , *quoting Pinkerton v. United States, 328 U.S. 640, 645, 66 S. Ct. 1180, 90 L. Ed. 2d 1489 (1946)* .

(n42) Footnote 42. *United States v. Blackmon, 839 F.2d 900, 909 (2d Cir. 1988)* (finding clearly prejudicial error where the jury was initially given a discretionary charge at the close of trial, and then a mandatory charge during its deliberations).

(n43) Footnote 43. *United States v. Renteria, 106 F.3d 765, 768 (7th Cir. 1997)* (approving Seventh Circuit Pattern Instruction to *18 U.S.C. § 2); United States v. Diaz, 864 F.2d 544, 549 (7th Cir. 1988), cert. denied, 409 U.S. 1070 (1989)* (jury instructed that they "should" find the defendant guilty if the elements of the charge were proven).

(n44) Footnote 44. *United States v. Kato, 878 F.2d 267, 270 (9th Cir. 1989)* .

(n45) Footnote 45. *See United States v. Basey, 816 F.2d 980, 990 n.36 (5th Cir. 1987)* ; *United States v. Acosta, 763 F.2d 671, 681* (5th Cir.), *cert. denied, 474 U.S. 863 (1985)* .

(n46) Footnote 46. *8 F.3d 462 (7th Cir. 1993).*

(n47) Footnote 47. *Id. at 468.* The only justification that the court gave for its approval of the instruction was its inclusion in the circuit pattern instructions, and the general statement that "doctrines peculiar to conspiracy" are applicable even in the absence of a conspiracy count. *Id.* However, all of the authority cited by the court involves evidentiary principles. Subsequently, in *United States v. Chairez, 33 F.3d 823 (7th Cir. 1994)*, the Seventh Circuit again suggested that *Pinkerton* liability was possible without a conspiracy charge. In *Chairez,* the defendant had been originally charged with a conspiracy count, a substantive drug count and a weapons count. The conspiracy count was dismissed when he pled guilty to the drug count, and then proceeded to a bench trial on the weapons count. The Seventh Circuit held that the ensuing conviction could not stand because the defendant never possessed the weapon in question. However, the court, citing *Macey* with approval, remanded the case for further proceedings to allow the trial court to determine if there was *Pinkerton* liability, even though the lower court had rejected that theory at trial. *Id. at 825-28.*

(n48) Footnote 48. *8 F.3d at 465. See* Seventh Circuit Pattern Criminal Jury Instruction to *18 U.S.C. §2* . It is not clear why the Seventh Circuit included the *Pinkerton* instruction with the material relating to the aiding and abetting statute and not the conspiracy statute as is the practice with the other circuits.

(n49) Footnote 49. *United States v. Lopez, 271 F.3d 472, 480-81 (3d Cir. 2001), cert. denied, 535 U.S. 962 (2002).* The court gave no justification for this conclusion other than that it had been accepted in the Seventh Circuit.

(n50) Footnote 50. *See, e.g., United States v. Castenada, 16 F.3d 1504, 1511 (9th Cir. 1994)* . Note that the *Castenada* court, in discussing a related issue, stated that a *Pinkerton* instruction may be given when "the predicate question of guilt of a *charged* conspiracy goes to the jury." *Id.* (emphasis added). *See also United States v. Wang, 222 F.3d 234, 240 (6th Cir. 2000)* (defendant raised issue that *Pinkerton* charge was inappropriate in the absence of a conspiracy count, but court reverses conviction on other grounds).

(n51) Footnote 51. In addition, it is relatively clear that resort to the *Pinkerton* instruction was not necessary in *Macey,* since a correct mail fraud instruction would have addressed the issue raised by the evidence. The element of mail fraud that was problematic was the use of the mails element; the evidence showed that the letter in question was mailed by another participant in the mail fraud scheme. *8 F.3d at 462*. However, there is no requirement that the defendant personally use the mails as long as the use of the mails was reasonably foreseeable; in fact, in most cases it is some other person, often the victim, who actually sends the letter. *See* Comment to Instruction 44-6, *below.*