UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                            |   |                                      |
|----------------------------|---|--------------------------------------|
| UNITED STATES              | ) |                                      |
|                            | ) |                                      |
| v.                         | ) | Crim. No.  05-359-1, -2, -3 (RMU)    |
|                            | ) |                                      |
| DOUGLAS JEMAL, *et al.*,   | ) |                                      |
|                            | ) |                                      |
| Defendants.                | ) |                                      |

REPLY IN SUPPORT OF
DEFENDANTS' OBJECTION TO GOVERNMENT'S CLAIM OF
RIGHT JURY INSTRUCTION IN LIGHT OF EVIDENCE AT TRIAL,
OR, IN THE ALTERNATIVE, MOTION TO AMEND PROPOSED INSTRUCTION

The Government's opposition literally did not mention United States v. Rossomando, 144

F.3d 197 (2d Cir. 1998).  In Rossomando, a firefighter admitted that he knowingly provided false

information about outside income, but testified that he believed he was entitled to the benefits

sought even if he provided accurate information.  The district judge embraced the claim of right

theory that the Government advocates here—that any knowing false statement, even if done

without an intent to cause financial harm, and even without a belief that the statement is

material—can support a conviction for mail or wire fraud.  The Second Circuit reversed.

The Rossomando trial judge gave a good faith instruction, but qualified it as follows:

> In considering whether or not the defendant acted in good faith, you are instructed
> that a belief by the defendant, if such a belief existed, that ultimately everything
> would work out so that no one would lose any money does not require a finding
> by you that he acted in good faith.  No amount of honest belief on the part of the
> defendant that the scheme would not ultimately result in a financial loss to the
> New York City Fire Department or its Pension Fund will excuse fraudulent
> actions or false representations by him to obtain money, provided, of course, that
> the government proves beyond a reasonable doubt that the defendant acted with
> the specific intent to defraud.

144 F.3d at 199.

The Second Circuit reversed Rossomando's conviction, holding: "[w]e conclude that the Court's initial charge posed a genuine risk of confusing the jury into believing that it would be proper to convict Rossomando of mail fraud without finding that that he contemplated harm to the Pension Fund, see, e.g. United States v. Starr, 816 F.2d 94, 98 (2d Cir. 1987) ("Only a showing of intended harm will satisfy the element of fraudulent intent.") . . . ." 144 F.3d at 200-201.

The Government did not only ignore Rossomando. Defendants cited black letter law requiring an intent to cause financial harm to support conviction for mail or wire fraud: "the critical element in a 'scheme to defraud' is fraudulent intent." United States v. Reid, 533 F.2d 1255, 1264 n.34 (D.C. Cir. 1976)(quoting United States v. Regent Office Supply Co., 421 F.2d 1174, 1180 (2d Cir. 1970))(quotation marks omitted). To establish fraudulent intent, the government must, "at a minimum, prove that defendants contemplated some actual harm or injury to the victims." United States v. Starr, 816 F.2d 94, 98 (2d Cir. 1987); see also, Reid, 533 F.2d at 1264 n.34 (government must show "that some actual harm or injury was contemplated by the schemer.") The Government's opposition did not mention those cases either. Instead, the Government trotted out the same line of cases that Defendants previously distinguished.

The government's proposal for compromise is no compromise at all. The Government proposes to delete from Defendant's alternate proposed instruction the crucial last sentence that distinguishes a crime from innocent conduct: "However, if a defendant knowingly submits an inaccurate or misleading invoice honestly believing that the inaccuracies are not material and that he would be entitled to receive the money even if the invoice was accurate, he is not guilty of wire or mail fraud." That sentence is an accurate statement of law. It encapsulates the Second Circuit's holding in Rossomando, and the D.C. Circuit's opinion in Reid. Without that

sentence, any claim of right instruction will gut the defenses of lack of intent to cause financial harm, materiality, and good faith.

The Government does not get it. In its desire to burnish a weak bribery case, the Government has charged conduct that simply is not criminal. The Government knew when it charged the MTD transaction that there were no victims. Trial has confirmed that there is no evidence that Defendants believed that the MTD invoice was material, or thought that they were not entitled to the commission billed. The Government's claim of right jury instruction is an attempt to create a crime where none exists.

## CONCLUSION

For all the foregoing reasons, the Court should not give a claim of right instruction to the jury. In the alternative, and over Defendants' continuing objections, the Court should give the alternative claim of right instruction proposed by the Defendants.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  October 18, 2006