UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No.  05-359-1, -2, -3 (RMU) |
| | ) | |
| DOUGLAS JEMAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR
RECONSIDERATION OF JURY INSTRUCTION 7.16

Defendants Douglas Jemal and Blake Esherick ("Defendants"), through counsel, hereby

reply to the government's Opposition to Defendants' Motion For Reconsideration of Jury

Instruction 7.16.

In the rapid exchange of informal email between the government and counsel for

Defendants late last night and early this morning, there was an inadvertent language swap that

resulted in an imprecise statement of the law by both parties.  Defendants believe the government

will agree that the following instruction is the most appropriate statement of the law:

> As a general matter, the tax laws exclude from gross
> income "gifts" that are received by the taxpayer.  However, the tax
> law does not exclude from a taxpayer's gross income any amounts
> transferred by or for an employer to, or for the benefit of an
> employee, even when the employer labels the transfer a "gift."
> [DEFENDANTS' INSERTION]: *There is a narrow exception to*
> *the above principle:  a gift made by an employer to an*
> *employee for personal reasons, outside of the employment*
> *relationship, could be considered a gift that is not considered*
> *income to the employee.*
> Nonetheless, if you find that Blake Esherick and Douglas
> Jemal believed rent-free use of a house was excludable as a non-
> employer gift from Norman Jemal and/or Douglas Jemal, however
> unreasonable such belief may be, you must find the defendants did
> not have criminal intent with regard to this aspect of the alleged

> compensation. If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be found guilty of tax evasion as to that transaction, even if his belief was mistaken.

This instruction is proper, as it conforms with *Lane v. United States,* 286 F.3d 723 (4th Cir. 2002). This case from the Court of Appeals for the Fourth Circuit cannot be overlooked, because Mr. Esherick resided in Maryland during most of the time at issue. Under what is referred to as the "Golsen rule," the governing tax law is the law of the Circuit Court of Appeals in which the taxpayer resides. The "Golden rule" is a self-imposed rule of the U.S. Tax Court that it will follow the rule of law laid down by the Court of Appeals to which an appeal from the decision in the case before it will lie. See *Golsen v. Commissioner* , http://checkpoint.riag.com/getDoc?DocID=T0TCR42:36726.2&pinpnt=54 T.C. 742 (1970), *aff'd on other grounds* , http://checkpoint.riag.com/getDoc?DocID=T0AFTRS57:56900.1&pinpnt=445 F.2d 985 (10th Cir. 1970), *cert denied*, 404 U.S. 940 (1971). *Lane* does not stand for the proposition that the gift has to be "exclusively" or "entirely" outside of the employment relationship.

Respectfully submitted,

\_\_\_/s/_____
Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.

Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Dated:  October 18, 2006