WITH KNOWLEDGE THAT THE USE OF THE MAILS WILL FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR WHERE SUCH USE OF THE MAILS CAN REASONABLY BE FORESEEN, EVEN THOUGH NOT ACTUALLY INTENDED, THEN HE CAUSES THE MAILS TO BE USED. THE GOVERNMENT CONTENDS THAT IT WAS REASONABLY FORESEEABLE THAT THE MAILS WOULD BE USED IN THE ORDINARY COURSE OF BUSINESS AND THEREFORE THAT THE DEFENDANT CAUSED THE MAILINGS.

WITH RESPECT TO THE USE OF THE MAILS, THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT THE PARTICULAR MAILING CHARGED IN THE INDICTMENT. HOWEVER, THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE MAILINGS WERE MADE ON THE EXACT DATE CHARGED IN THE INDICTMENT. IT IS SUFFICIENT IF THE EVIDENCE ESTABLISHES BEYOND A REASONABLE DOUBT THAT THE MAILING WAS MADE ON A DATE SUBSTANTIALLY SIMILAR TO THE DATE CHARGED IN THE INDICTMENT.

**COUNT 4** OF THE INDICTMENT CHARGES THAT, FROM ON OR ABOUT NOVEMBER 1, 2002, THROUGH ON OR ABOUT JANUARY 31, 2005, IN THE DISTRICT OF COLUMBIA, DEFENDANTS **DOUGLAS**

**JEMAL** AND **BLAKE ESHERICK** KNOWINGLY DEVISED AND INTENDED TO DEVISE A SCHEME TO DEFRAUD MORGAN STANLEY AND DOUGLAS JEMAL'S PARTNER; AND TO OBTAIN MONEY UNDER THE CONTROL OF MORGAN STANLEY BY MEANS OF FALSE AND FRAUDULENT PRETENSES AND REPRESENTATIONS.

SECTION 1343 OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PART, THAT: "WHOEVER, HAVING DEVISED OR INTENDING TO DEVISE ANY SCHEME OR ARTIFICE TO DEFRAUD, OR FOR OBTAINING MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, TRANSMITS OR CAUSES TO BE TRANSMITTED BY MEANS OF WIRE, RADIO OR TELEVISION COMMUNICATION IN INTERSTATE OR FOREIGN COMMERCE, ANY WRITINGS, SIGNS, SIGNALS, PICTURES, OR SOUNDS FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE,. . . SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES."

IN ORDER TO SUSTAIN THIS CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

1. FIRST, THAT THERE WAS A SCHEME OR ARTIFICE TO DEFRAUD

OR TO OBTAIN MONEY OR PROPERTY BY MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES, AS ALLEGED IN THE INDICTMENT;

2. SECOND, THAT THE DEFENDANT KNOWINGLY AND WILLFULLY PARTICIPATED IN THE SCHEME OR ARTIFICE TO DEFRAUD, WITH KNOWLEDGE OF ITS FRAUDULENT NATURE AND WITH SPECIFIC INTENT TO DEFRAUD OR THAT HE KNOWINGLY AND INTENTIONALLY AIDED AND ABETTED OTHERS IN THE SCHEME; AND

3. THIRD, THAT IN EXECUTION OF THAT SCHEME, THE DEFENDANT USED OR CAUSED THE USE OF INTERSTATE WIRES AS SPECIFIED IN THE INDICTMENT.

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THERE WAS A SCHEME OR ARTIFICE TO DEFRAUD MORGAN STANLEY AND DOUGLAS JEMAL'S BUSINESS PARTNER OF MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES.

THIS FIRST ELEMENT IS ALMOST SELF-EXPLANATORY. A "SCHEME OR ARTIFICE" IS MERELY A PLAN FOR THE ACCOMPLISHMENT OF AN OBJECT. A SCHEME TO DEFRAUD IS ANY

PLAN, DEVICE, OR COURSE OF ACTION TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES REASONABLY CALCULATED TO DECEIVE PERSONS OF AVERAGE PRUDENCE. "FRAUD" IS A GENERAL TERM WHICH EMBRACES ALL THE VARIOUS MEANS BY WHICH HUMAN INGENUITY CAN DEVISE AND WHICH ARE RESORTED TO BY AN INDIVIDUAL TO GAIN AN ADVANTAGE OVER ANOTHER BY FALSE REPRESENTATIONS, SUGGESTIONS OR SUPPRESSION OF THE TRUTH, OR DELIBERATE DISREGARD FOR THE TRUTH.

THUS, A "SCHEME TO DEFRAUD" IS MERELY A PLAN TO DEPRIVE ANOTHER OF MONEY OR PROPERTY BY TRICK, DECEIT, DECEPTION OR SWINDLE.

THE SCHEME TO DEFRAUD IS ALLEGED TO HAVE BEEN CARRIED OUT BY MAKING FALSE OR FRAUDULENT STATEMENTS, REPRESENTATIONS, CLAIMS, OR DOCUMENTS.

A STATEMENT, REPRESENTATION, CLAIM OR DOCUMENT IS FALSE IF IT IS UNTRUE WHEN MADE AND WAS THEN KNOWN TO BE UNTRUE BY THE PERSON MAKING IT OR CAUSING IT TO BE MADE. A REPRESENTATION OR STATEMENT IS FRAUDULENT IF IT WAS FALSELY MADE WITH THE INTENTION TO DECEIVE. DECEITFUL

STATEMENTS OF HALF TRUTHS OR THE CONCEALMENT OF MATERIAL FACTS, AND THE EXPRESSION OF AN OPINION NOT HONESTLY ENTERTAINED MAY ALSO CONSTITUTE FALSE OR FRAUDULENT STATEMENTS UNDER THE STATUTE.

THE DECEPTION NEED NOT BE PREMISED UPON SPOKEN OR WRITTEN WORDS ALONE. THE ARRANGEMENT OF THE WORDS, OR THE CIRCUMSTANCES IN WHICH THEY ARE USED MAY CONVEY THE FALSE AND DECEPTIVE APPEARANCE. IF THERE IS DECEPTION, THE MANNER IN WHICH IT IS ACCOMPLISHED IS IMMATERIAL.

THE FALSE OR FRAUDULENT REPRESENTATION (OR FAILURE TO DISCLOSE) MUST RELATE TO A MATERIAL FACT OR MATTER.  A MATERIAL FACT IS ONE WHICH WOULD REASONABLY BE EXPECTED TO BE OF CONCERN TO A REASONABLE AND PRUDENT PERSON IN RELYING UPON THE REPRESENTATION OR STATEMENT IN MAKING A DECISION.

THIS MEANS THAT IF YOU FIND A PARTICULAR STATEMENT OF FACT TO HAVE BEEN FALSE, YOU MUST DETERMINE WHETHER THAT STATEMENT WAS ONE THAT A REASONABLE PERSON OR MIGHT HAVE CONSIDERED IMPORTANT IN MAKING HIS OR HER DECISION. THE SAME PRINCIPLE APPLIES TO FRAUDULENT HALF TRUTHS OR

OMISSIONS OF MATERIAL FACTS.

THE REPRESENTATIONS WHICH THE GOVERNMENT CHARGES WERE MADE AS PART OF THE SCHEME TO DEFRAUD ARE SET FORTH IN THE INDICTMENT.  IT IS NOT REQUIRED THAT EVERY MISREPRESENTATION CHARGED IN THE INDICTMENT BE PROVED. IT IS SUFFICIENT IF THE PROSECUTION PROVES BEYOND A REASONABLE DOUBT THAT ONE OR MORE OF THE ALLEGED MATERIAL MISREPRESENTATIONS WERE MADE IN FURTHERANCE OF THE ALLEGED SCHEME TO DEFRAUD.

IN ADDITION TO PROVING THAT A STATEMENT WAS FALSE OR FRAUDULENT AND RELATED TO A MATERIAL FACT, IN ORDER TO ESTABLISH A SCHEME TO DEFRAUD, THE GOVERNMENT MUST PROVE THAT THE ALLEGED SCHEME CONTEMPLATED DEPRIVING ANOTHER OF MONEY OR PROPERTY.

HOWEVER, THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT HIMSELF ORIGINATED THE SCHEME TO DEFRAUD.  FURTHERMORE, IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE DEFENDANT ACTUALLY REALIZED ANY GAIN FROM THE SCHEME OR THAT THE INTENDED VICTIM ACTUALLY SUFFERED ANY LOSS.  IN THIS CASE, IT SO HAPPENS THAT

THE GOVERNMENT DOES CONTEND THAT THE PROOF ESTABLISHES THAT PERSONS WERE DEFRAUDED AND THAT THE DEFENDANT PROFITED. ALTHOUGH WHETHER OR NOT THE SCHEME ACTUALLY SUCCEEDED IS REALLY NOT THE QUESTION, YOU MAY CONSIDER WHETHER IT SUCCEEDED IN DETERMINING WHETHER THE SCHEME EXISTED.

A SCHEME TO DEFRAUD NEED NOT BE SHOWN BY DIRECT EVIDENCE, BUT MAY BE ESTABLISHED BY ALL OF THE CIRCUMSTANCES AND FACTS IN THE CASE.

IF YOU FIND THAT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF THAT A SCHEME TO DEFRAUD, AS CHARGED, DID EXIST, YOU NEXT SHOULD CONSIDER THE SECOND ELEMENT.

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT PARTICIPATED IN THE SCHEME TO DEFRAUD KNOWINGLY, WILLFULLY AND WITH SPECIFIC INTENT TO DEFRAUD. "KNOWINGLY" MEANS TO ACT VOLUNTARILY AND DELIBERATELY, RATHER THAN MISTAKENLY OR INADVERTENTLY. "WILLFULLY" MEANS TO ACT KNOWINGLY AND PURPOSELY, WITH AN INTENT TO DO SOMETHING THE LAW FORBIDS; THAT IS TO SAY, WITH BAD PURPOSE EITHER TO

DISOBEY OR TO DISREGARD THE LAW.

"INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND WITH THE SPECIFIC INTENT TO DECEIVE, FOR THE PURPOSE OF CAUSING SOME FINANCIAL OR PROPERTY LOSS TO ANOTHER.

THE QUESTION OF WHETHER A PERSON ACTED KNOWINGLY, WILLFULLY AND WITH INTENT TO DEFRAUD IS A QUESTION OF FACT FOR YOU TO DETERMINE, LIKE ANY OTHER FACT QUESTION. THIS QUESTION INVOLVES ONE'S STATE OF MIND.  DIRECT PROOF OF KNOWLEDGE AND FRAUDULENT INTENT IS ALMOST NEVER AVAILABLE.  IT WOULD BE A RARE CASE WHERE IT COULD BE SHOWN THAT A PERSON WROTE OR STATED THAT AS OF A GIVEN TIME IN THE PAST HE COMMITTED AN ACT WITH FRAUDULENT INTENT.  SUCH DIRECT PROOF IS NOT REQUIRED.

THE ULTIMATE FACTS OF KNOWLEDGE AND CRIMINAL INTENT, THOUGH SUBJECTIVE, MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE, BASED UPON A PERSON'S OUTWARD MANIFESTATIONS, HIS WORDS, HIS CONDUCT, HIS ACTS AND ALL THE SURROUNDING CIRCUMSTANCES DISCLOSED BY THE EVIDENCE AND THE RATIONAL OR LOGICAL INFERENCES THAT MAY BE DRAWN FROM THEM.

CIRCUMSTANTIAL EVIDENCE, IF BELIEVED, IS OF NO LESS

VALUE THAN DIRECT EVIDENCE. IN EITHER CASE, THE ESSENTIAL ELEMENTS OF THE CRIME MUST BE ESTABLISHED BEYOND A REASONABLE DOUBT.

SINCE AN ESSENTIAL ELEMENT OF THE CRIME CHARGED IS INTENT TO DEFRAUD, IT FOLLOWS THAT GOOD FAITH ON THE PART OF THE DEFENDANT IS A COMPLETE DEFENSE TO A CHARGE OF WIRE. A DEFENDANT, HOWEVER, HAS NO BURDEN TO ESTABLISH A DEFENSE OF GOOD FAITH.  THE BURDEN IS ON THE GOVERNMENT TO PROVE FRAUDULENT INTENT AND THE CONSEQUENT LACK OF GOOD FAITH BEYOND A REASONABLE DOUBT.

A "CLAIM OF RIGHT" TO THE MONEY OR PROPERTY OBTAINED OR SOUGHT TO BE OBTAINED BY FRAUD IS NOT A DEFENSE TO WIRE FRAUD.  THAT IS, A DEFENDANT MAY NOT RESORT TO FRAUD TO COLLECT A PRE-EXISTING DEBT.  THUS, EVEN IF A PERSON OR ENTITY OWES A DEFENDANT MONEY, A DEFENDANT IS NOT ALLOWED TO OBTAIN THAT MONEY IN A SEPARATE TRANSACTION BY THE COMMISSION OF ACTS THAT CONSTITUTE WIRE FRAUD; AND IF DOES SO, HE IS GUILTY OF THOSE OFFENSES REGARDLESS OF ANY CLAIM HE HAD TO THE PRE-EXISTING DEBT.  IN OTHER WORDS, IF A DEFENDANT BELIEVES THAT HE IS OWED MONEY FROM A COMPANY,

HE IS NOT ALLOWED TO SUBMIT A FRAUDULENT INVOICE TO THAT COMPANY IN AN UNCONNECTED TRANSACTION IN ORDER TO COLLECT THAT PRE-EXISTING DEBT.  HOWEVER, IF A DEFENDANT KNOWINGLY SUBMITS AN INACCURATE OR MISLEADING DOCUMENT HONESTLY BELIEVING THAT THE INACCURACIES ARE NOT MATERIAL, AND THAT HE DID NOT INTEND TO DEFRAUD AS I HAVE USED THAT TERM, HE IS NOT GUILTY OF WIRE FRAUD.  GOOD FAITH IS ALWAYS A COMPLETE DEFENSE.

THERE IS ANOTHER CONSIDERATION TO BEAR IN MIND IN DECIDING WHETHER OR NOT A DEFENDANT ACTED IN GOOD FAITH. YOU ARE INSTRUCTED THAT IF THE DEFENDANT PARTICIPATED IN THE SCHEME TO DEFRAUD, THEN A BELIEF BY THE DEFENDANT, IF SUCH BELIEF EXISTED, THAT ULTIMATELY EVERYTHING WOULD WORK OUT SO THAT NO ONE WOULD LOSE ANY MONEY DOES NOT REQUIRE A FINDING BY YOU THAT THE DEFENDANT ACTED IN GOOD FAITH. IF THE DEFENDANT PARTICIPATED IN THE SCHEME FOR THE PURPOSE OF CAUSING SOME FINANCIAL OR PROPERTY LOSS TO ANOTHER, THEN NO AMOUNT OF HONEST BELIEF ON THE PART OF THE DEFENDANT THAT THE SCHEME WOULD (E.G., ULTIMATELY MAKE A PROFIT FOR THE INVESTORS) WILL EXCUSE FRAUDULENT

ACTIONS OR FALSE REPRESENTATIONS BY HIM.

AS A PRACTICAL MATTER, THEN, IN ORDER TO SUSTAIN THE CHARGES AGAINST THE DEFENDANT, THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT THAT HE KNEW THAT HIS CONDUCT AS A PARTICIPANT IN THE SCHEME WAS CALCULATED TO DECEIVE AND, NONETHELESS, HE ASSOCIATED HIMSELF WITH THE ALLEGED FRAUDULENT SCHEME FOR THE PURPOSE OF CAUSING SOME LOSS TO ANOTHER.

TO CONCLUDE ON THIS ELEMENT, IF YOU FIND THAT THE DEFENDANT WAS NOT A KNOWING PARTICIPANT IN THE SCHEME OR THAT HE LACKED THE SPECIFIC INTENT TO DEFRAUD, YOU SHOULD ACQUIT HIM. ON THE OTHER HAND, IF YOU FIND THAT THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT NOT ONLY THE FIRST ELEMENT, NAMELY THE EXISTENCE OF THE SCHEME TO DEFRAUD, BUT ALSO THIS SECOND ELEMENT, THAT THE DEFENDANT WAS A KNOWING PARTICIPANT AND ACTED WITH SPECIFIC INTENT TO DEFRAUD, AND IF THE GOVERNMENT ALSO ESTABLISHES THE THIRD ELEMENT, AS TO WHICH I AM ABOUT TO INSTRUCT YOU, THEN YOU HAVE A SUFFICIENT BASIS UPON WHICH TO CONVICT THE DEFENDANT.

THE THIRD AND FINAL ELEMENT THAT THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT IS THE USE OF AN INTERSTATE OR INTERNATIONAL WIRE COMMUNICATION IN FURTHERANCE OF THE SCHEME TO DEFRAUD. THE WIRE COMMUNICATION MUST PASS BETWEEN TWO OR MORE STATES AS, FOR EXAMPLE, A TELEPHONE CALL BETWEEN NEW YORK AND NEW JERSEY; OR IT MUST PASS BETWEEN THE UNITED STATES AND A FOREIGN COUNTRY, SUCH AS A TELEPHONE CALL BETWEEN NEW YORK AND LONDON. A WIRE COMMUNICATION ALSO INCLUDES A WIRE TRANSFER OF FUNDS BETWEEN BANKS IN DIFFERENT STATES OR BETWEEN A BANK IN THE UNITED STATES AND A BANK IN A FOREIGN COUNTRY. THE USE OF THE WIRES NEED NOT ITSELF BE A FRAUDULENT REPRESENTATION. IT MUST, HOWEVER, FURTHER OR ASSIST IN THE CARRYING OUT OF THE SCHEME TO DEFRAUD.

IT IS NOT NECESSARY FOR THE DEFENDANT TO BE DIRECTLY OR PERSONALLY INVOLVED IN THE WIRE COMMUNICATION, AS LONG AS THE COMMUNICATION WAS REASONABLY FORESEEABLE IN THE EXECUTION OF THE ALLEGED SCHEME TO DEFRAUD IN WHICH THE DEFENDANT IS ACCUSED OF PARTICIPATING.

IN THIS REGARD, IT IS SUFFICIENT TO ESTABLISH THIS

ELEMENT OF THE CRIME IF THE EVIDENCE JUSTIFIES A FINDING THAT THE DEFENDANT CAUSED THE WIRES TO BE USED BY OTHERS. THIS DOES NOT MEAN THAT THE DEFENDANT MUST SPECIFICALLY HAVE AUTHORIZED OTHERS TO MAKE THE CALL (OR TRANSFER THE FUNDS). WHEN ONE DOES AN ACT WITH KNOWLEDGE THAT THE USE OF THE WIRES WILL FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR WHERE SUCH USE OF THE WIRES CAN REASONABLY BE FORESEEN, EVEN THOUGH NOT ACTUALLY INTENDED, THEN HE CAUSES THE WIRES TO BE USED. THE GOVERNMENT CONTENDS THAT IT WAS REASONABLY FORESEEABLE THAT THE WIRES WOULD BE USED IN THE ORDINARY COURSE OF BUSINESS (E.G., TO TRANSFER THE FUNDS BETWEEN BANKS,) AND THEREFORE THAT THE DEFENDANT CAUSED THE USE OF THE WIRES.

WITH RESPECT TO THE USE OF THE WIRES, THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT THE PARTICULAR USE CHARGED IN THE INDICTMENT. HOWEVER, THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE WIRES WERE USED ON THE EXACT DATE CHARGED IN THE INDICTMENT. IT IS SUFFICIENT IF THE EVIDENCE ESTABLISHES BEYOND A REASONABLE DOUBT THAT THE WIRES WERE USED ON A DATE SUBSTANTIALLY SIMILAR TO THE

DATES CHARGED IN THE INDICTMENT.

**COUNTS FIVE, SIX, AND SEVEN** OF THE INDICTMENT CHARGE THAT, FOR CALENDAR YEARS 2001, 2002 AND 2003, DEFENDANTS BLAKE ESHERICK AND DOUGLAS JEMAL, AS PRINCIPALS, AIDERS AND ABETTERS, AND BY CAUSING ACTS TO BE DONE, WILLFULLY ATTEMPTED TO EVADE BLAKE ESHERICK'S INCOME TAX FOR THE RESPECTIVE YEARS.

SECTION 7201 OF TITLE 26 OF THE UNITED STATE CODE PROVIDES, IN PART THAT: "ANY PERSON WHO WILLFULLY ATTEMPTS IN ANY MANNER TO EVADE OR DEFEAT ANY TAX IMPOSED BY THIS TITLE OF THE PAYMENT THEREOF SHALL . . ." BE GUILTY OF A CRIME.

TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF WILLFULLY ATTEMPTING "TO EVADE OR DEFEAT ANY TAX OR THE PAYMENT THEREOF," THE GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

1. FIRST, FOR THE SPECIFIC CALENDAR YEAR, THERE EXISTED A TAX DEFICIENCY RELATED TO INCOME TAXES DUE AND OWING FROM BLAKE ESHERICK;