UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) | Crim. No. 05-0359-1, -3 (RMU) |
| **DOUGLAS JEMAL,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

### DEFENDANTS' MOTION TO RESCHEDULE SENTENCING HEARINGS

Defendants respectfully request that the Court reschedule the sentencing hearings in this case as follows:  (a) Defendants request a hearing to resolve all joint Sentencing Guidelines issues to be held on March 15, 2007, at 10:00 a.m. (the current date and time of Blake Esherick's sentencing), (b) Defendant Douglas Jemal requests that his sentencing remain on April 16, 2007, at 10:00 a.m., as currently scheduled, and (c) Defendant Blake Esherick requests that his sentencing be rescheduled to a time on or after April 16, 2007, to be agreed upon by the parties.

Defendants seek this relief for the following reasons:

1. At the time that the Court scheduled the sentencing hearings, Reid Weingarten, lead counsel for Mr. Jemal, had a trial scheduled for March 2007 that required Mr. Jemal's sentencing to be postponed until after Mr. Esherick's sentencing date.  That trial has since been postponed and Mr. Weingarten no longer has a conflict.

2. Mr. Jemal's counsel took primary responsibility for defending this case at trial and litigating Defendants' post-trial motions.  Mr. Jemal's counsel also anticipates taking the lead on briefing the disputed legal issues related to the sentencing, at least with respect to the wire fraud charge (Count Four).  Given the fact that the significant sentencing issues related to the wire fraud charge are identical for both Mr. Jemal and Mr. Esherick, and Mr. Jemal's counsel

will have primary responsibility for litigating those issues, Mr. Jemal requests an opportunity to be heard by the Court on those joint issues before Mr. Esherick is sentenced.

3.  Defendants request a separate hearing to resolve all joint legal issues related to sentencing because Defendants expect there will be several contested issues that could greatly impact the potential sentence in this case, which would benefit from separate consideration prior to the actual sentencing hearings.  For instance, the parties dispute the appropriate amount of "loss" in this case -- a Sentencing Guidelines issue with the potential to dramatically impact the potential sentences.  Although both alleged victims in this case (Joe Cayre and Morgan Stanley representative Ben Black) testified that they lost no money as a result of the MTD transaction, the government appears to contend that there was an "intended loss" of the full amount of the MTD invoice in the case, or approximately $430,000.  If the government's theory is accepted, a 14-level enhancement would apply under U.S.S.G. § 2B1.1(b)(1)(H).  Defendants contend that there was no actual or intended loss in this case, and that no enhancement under U.S.S.G. § 2B1.1(b)(1) is warranted.  In the draft Presentence Reports recently issued by the Probation Office, the Probation Officer has flagged this intended loss issue as a significant factor with the potential to greatly impact the sentences in this case.

4.  Defendants anticipate filing a legal brief on the "intended loss" and other Sentencing Guidelines issues, either as part of their respective Sentencing Memoranda or on a stand-alone basis.  Defendants respectfully submit that all parties will benefit from the resolution of the significant Guidelines issues before the actual sentencing hearings.  Specifically, given that the intended loss issue alone has the potential to impact the applicable Guidelines range by a full 14 levels, the parties will be better able to frame their sentence requests if they know how the Court intends to resolve these significant Guidelines issues.

5.  In the alternative, if the Court declines to grant this request for a separate joint hearing on the Sentencing Guidelines issues, for the reasons set forth above, Defendants respectfully request that the Court reverse the order of the sentencing hearings to permit Mr. Jemal to be sentenced before Mr. Esherick. Under this scenario, Mr. Jemal would be sentenced on March 15, 2007, at 10:00 a.m., and Mr. Esherick would be sentenced on April 16, 2007, at 10:00 a.m.

6.  Counsel for Mr. Esherick conferred with counsel for the government to seek the government's consent to this motion. The government indicated that it opposes this motion.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

- 4 -

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C. 20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated: January 18, 2007

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2007, a copy of the foregoing motion was served on the government by the ECF filing system, and to Probation Officer Renee Moses-Gregory by email at: Renee_Moses-Gregory@dcp.uscourts.gov.

                                                                _____
                                                                Brian M. Heberlig