**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| **v.** ) | **Crim. No.  05-0359-1 (RMU)** |
| ) | |
| **DOUGLAS JEMAL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT DOUGLAS JEMAL'S MOTION FOR CLARIFICATION**
**OF CONDITIONS OF PROBATION AND PERMISSION TO TRAVEL**

Defendant Douglas Jemal, through counsel, hereby moves this Court for

clarification of the standard conditions of probation the Court imposed on April 17, 2007.

Specifically, Mr. Jemal seeks to clarify that, as the Court ruled in the Esherick matter, the Court

did not intend to impose the condition of probation precluding Mr. Jemal from associating with

any person convicted of a felony as a condition of his five-year term of probation.  In addition,

Mr. Jemal respectfully requests permission to travel to New Jersey to visit his family from April

20 through April 22, 2007.[1]  A proposed Order is attached.

On April 17, 2007, the Court sentenced Mr. Jemal to, among other things, five

years of probation.  The Court set out in detail the special conditions of Mr. Jemal's probation.

However, counsel neglected to seek a formal ruling from the Court that it would not impose the

condition of probation precluding Mr. Jemal from associating with felons, as sought by the

---

[1] Counsel has conferred with the government regarding Mr. Jemal's request to travel this
weekend.  The government has represented to counsel that it does not oppose Mr. Jemal's
request.

government and opposed by Mr. Jemal in the sentencing papers submitted to the Court.[2]  The

Court has twice rejected the government's request; once at the end of trial, see Tr. 4882-83 (The

Court: "I don't see any interest to be served by, certainly none that the government has

articulated persuasively that would serve the public's interest by requiring that Mr. Esherick

should not associate further with Mr. [Douglas] Jemal. . . . [N]othing has been said that

persuades me that taking that step would be in the public interest or the interest of the

community."), and again at Mr. Esherick's sentencing hearing.  See Esherick Sentencing Hearing

Tr. 77-78 (March 15, 2007).

        As the Court is aware, Douglas Development Corp. ("DDC") employees Blake

Esherick and John Brownell have been convicted of or pled guilty to felony charges.  Messrs.

Esherick and Brownell are essential to the day-to-day operation of DDC and Mr. Jemal would

suffer an undue burden if he were forced to sever ties with them.  In addition, Mr. Jemal

regularly employs individuals from Hope Village who have been convicted of felony charges in

an effort to give those people a second chance at a prosperous future.  Thus, Mr. Jemal would be

forced to cease his efforts to help these individuals if the condition of probation at issue is

imposed.  Accordingly, Mr. Jemal respectfully requests that the Court formally deny the

government's request and decline to impose the standard condition of probation precluding

Mr. Jemal from associating with individuals convicted of a felony.

        Mr. Jemal also respectfully requests permission to travel outside the District of

Columbia Metropolitan area April 20 through April 22, 2007, to visit his family in the New

---

[2] The government requested that the Court impose a condition of supervised release that
"the defendant shall not associate with any person . . . convicted of a felony unless granted
permission to do so by the probation officer," with the modification that such permission be
obtained from the Court.  Gov't Mem. at 31 (citing U.S.S.G. § 5D1.3(c)(9)).

Jersey area.[3]  As the Court has noted, Mr. Jemal provides emotional and financial support to his

entire family and his weekly visits are integral to the Jemal family bond.  Therefore, Mr. Jemal

respectfully requests permission from the Court to travel to New Jersey on April 20, 2007 and

return on April 22, 2007.  Again, the government does not oppose this travel request.

<div style="margin-left: 50%;">

Respectfully submitted,

_____
Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

</div>

Dated:  April 18, 2007

---

[3] Mr. Jemal intends to seek further permission to travel to New Jersey for family visits from his probation officer ("PO") once one has been assigned to him.  Mr. Jemal was advised by Pretrial Services to contact Wendy Knight on April 19, 2007, to receive his PO assignment and to contact the assigned PO by the following day.  Mr. Jemal seeks permission from the Court to travel on April 20, 2007, in the event he is unable to contact his PO before that date.